UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; ALEX E. JONES; DAVID JONES; OWEN SHROYER; and ROGER STONE,<br><br>　　　　Defendants. | Case No. 20-cv-61912<br><br>NOTICE OF REMOVAL |

TO THE CLERK OF THIS COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, and Owen Shroyer (collectively, "Defendants") hereby remove to this Court the state court action described below.  Defendants give notice that this action is removed to the United States District Court for the Southern District of Florida from the Seventeenth Judicial District Court for Broward County, Florida.  The basis for removal is diversity jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

1. Plaintiff Larry Klayman ("Mr. Klayman") filed this action on April 28, 2020 in the Seventeenth Judicial District Court for Broward County, Florida, Case No. CACE-20-007120 (the "State Court Action").  A true and correct copy of the operative Complaint is attached hereto as **Exhibit 1**.

2. The Defendants in the State Court action are Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David Jones, Owen Shroyer, and Roger Stone.

3. Prior to filing this action, Mr. Klayman filed a nearly identical action in this Court on April 8, 2020 against Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David

Jones, and Owen Shroyer.  *See Klayman v. Infowars, LLC, et al.*, Case No. 9:20-cv-80614-RKA, Dkt. No. 1 (S.D. Fla. Apr. 8, 2020) ("Initial Action").

4. Notably, in the Initial Action, Roger Stone was not named as a defendant.

5. On April 14, 2020, the Court in the Initial Action, *sua sponte*, issued an Order Requiring a More Definite Statement.  (*See* Initial Action, Dkt. No. 4.)

6. Mr. Klayman voluntarily dismissed the Initial Action the same day without prejudice. (*See* Initial Action, Dkt. Nos. 5 & 6.).

7. Although the case was dismissed, the matter remains pending on Mr. Klayman's "Request for Disclosure," from the Court, to which no response has been filed.  (*See* Initial Action, Dkt. No. 7.)

8. Two weeks after voluntarily dismissing the Initial Action, Mr. Klayman filed the State Court Action in the Seventeenth Judicial District Court for Broward County, Florida.  (*See* Complaint, **Exhibit 1**.)

9. The sole difference between the complaints is that Mr. Klayman's Complaint in the re-filed action added Roger Stone as a Defendant and exchanged his Lanham Act claim for Florida Deceptive and Unfair Trade Practice Act claims against each Defendant in order to avoid this Court's jurisdiction.

## STATUTORY REQUIREMENTS

### Removal is Proper Pursuant to 28 U.S.C. § 1441

10. This Court has diversity jurisdiction over this action.

11. Mr. Klayman filed this action against Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David Jones, Owen Shroyer, and Roger Stone.

12. The citizenship of the Parties is as follows:

   a. Plaintiff Larry Klayman is a citizen of the State of Florida.

   b. Defendant Infowars, LLC is a Texas corporation with its principal place of business in Texas.

      c.      Defendant Free Speech Systems, LLC is a Texas corporation with its principal place of business in Texas.

      d.      Defendant Alex E. Jones is a citizen of the State of Texas.

      e.      Defendant David Jones is a citizen of the State of Texas.

      f.      Defendant Owen Shroyer is a citizen of the State of Texas.

      g.      Improperly-served Defendant Roger Stone is a citizen of the State of Florida.

13. Although the inclusion of Mr. Stone as a defendant might ordinarily defeat this Court's diversity jurisdiction, Mr. Klayman failed to timely serve Mr. Stone, and Mr. Stone has accordingly filed a motion to dismiss against Mr. Klayman's Complaint pursuant to Fla. R. Civ. P. 1.070(j).

14. Mr. Klayman filed the State Court Action on April 28, 2020. Pursuant to Fla. R. Civ. P. 1.070(j), Mr. Klayman had 120 days to serve Mr. Stone with process in that case. Accordingly, Mr. Klayman was required to serve Mr. Stone on or before August 26, 2020. Mr. Stone, upon information, was belatedly served on August 27, 2020.

15. "Once the sufficiency of service is brought into question, the plaintiff has the burden [to prove] proper service of process." *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d 1252, 1263 (S.D. Ala. 2012) (*quoting Cornwall v. Miami-Dade Cty. Corr. & Rehab. Dep't, No.* 10-23561, 2011 U.S. Dist. LEXIS 97963, 2011 WL 3878352, at *2 (S.D. Fla. Aug. 31, 2011) (first alteration added)). State law governs service of process that occurs before removal. *See* Fed. R. Civ. P. 4(e)(1); *Davis v. Country Cas. Ins. Co.*, No. 6:13-cv-513, 2013 U.S. Dist. LEXIS 104149, 2013 WL 3874709, at *3 (N.D. Ala. July 25, 2013) (citation omitted) (federal courts may consider the sufficiency of service by looking to state law governing service of process).

16. Because Mr. Stone was not properly served, the home-state rule does not apply and diversity is not broken.

17. The Eleventh Circuit Court of Appeals has addressed this issue in an unpublished opinion. In *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 794 (11th Cir. 2011) (per curiam), a resident defendant removed the case from state court on the basis of diversity, prior to service on any defendant. Citing 28 U.S.C. § 1441(b) the Court stated that the plaintiff failed to "properly join[ ] and

serve" defendant, prior to the defendant filing the notice of removal and, therefore, "[t]he district court was entitled to entertain [Plaintiff's] complaint without regard to the citizenship of the [resident Defendant]." *Id.*

18. Recently, a court in this Circuit, relying in *Shanyfelt,* and undertaking its own, considered statutory analysis of Section 1441(b), held that removal where the home-state defendant had not properly been served is permissible as the statute is unambiguous and there was no "unjust or absurd conclusion." *Papa Air LLC v. Cal-Mid Props. L.P.*, No. 2:19-CV-1713-RDP, 2020 U.S. Dist. LEXIS 98687, at *13 (N.D. Ala. June 5, 2020), quoting *United States v. Ballinger*, 395 F.3d 1218, 1237 (11th Cir. 2005) (en banc).

19. It noted that "[t]o avoid removal to federal court, plaintiffs maintain some control. They can immediately serve the resident defendant upon filing the case in state court." *Id.* at *14. Mr. Klayman waited until after the 120-day period expired to serve Mr. Stone. That is entirely of his own doing and he did not attempt to seek an extension under Florida law as was his option.

20. Because the citizenship of Stone cannot be regarded, neither his citizenship in this State nor his shared citizenship with Plaintiff can be considered under *Shanyfelt*.

21. The amount in controversy in this case is in excess of $75,000. In Mr. Klayman's State Action Complaint, he claims damages "in excess of $50,000,000 U.S. Dollars for each Plaintiff." *See* **Exhibit 1** at p. 35.

## PROCEDURAL REQUIREMENTS

22. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

23. Pursuant to 28 U.S.C. § 1446(a), Defendant files this notice of removal in the United States District Court for the Southern District of Florida, which is the federal district court embracing the Seventeenth Judicial District Court for Broward County, Florida where Mr. Klayman brought the State Court Action.

24. This removal is less than 30 days from the date the removing defendants were served. Removal is therefore timely. *See* 28 U.S.C. § 1446(b)(2)(3).

25. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants to this action who have been properly joined and served consent to removal. *See* Defendant David Jones's Consent to Removal, attached hereto as **Exhibit 2**. Because Defendant Stone was not properly served, his consent is not required; however, upon consultation with his counsel, Mr. Stone does not object to this removal.

26. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on Plaintiff and file with this Court a Notice to Plaintiffs of Removal to Federal Court, informing Plaintiff that this matter has been removed to federal court.

## CONCLUSION

WHEREFORE, this action should proceed in the United States District Court for the Southern District of Florida, as an action properly removed thereto.

Dated: September 18, 2020.

Respectfully submitted,

/s/Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Infowars, LLC; Free Speech Systems, LLC;
Alex E. Jones; and Owen Shroyer

Case No. 20-cv-61912

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been furnished to Larry Klayman, 7050 W. Palmetto Park Rd., Boca Raton, Florida 33433, <leklayman@gmail.com>, Robert Buschel, Buschel & Gibbons, P.A., One Financial Plaza, Suite 1300, 100 S.E. Third Avenue, Fort Lauderdale, FL 33394, <buschel@BGlaw-pa.com>, Walter Taché, Tache, Bronis, Christianson and Descalzo, P.A., 150 S.E. 2nd Avenue, Suite 600, Miami, FL 33131, <wtache@tachebronis.com>, <service@tachebronis.com>, and David S. Wachen, Wachen LLC, 11605 Montague Court, Potomac, MD 20854, <david@wachenlaw.com> by electronic mail and U.S. mail on this 18th day of September 2020.

Employee,
Randazza Legal Group, PLLC