**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61912-DPG**

LARRY KLAYMAN,

        Plaintiff,

   v.

INFOWARS, LLC, FREE SPEECH
SYSTEMS, LLC, ALEX E. JONES,
DAVID JONES, OWEN SHROYER, and
ROGER STONE,

        Defendants.
_____/

## DEFENDANT DAVID JONES'S MOTION TO DISMISS COMPLAINT
## FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM[1]

Defendant David Jones does not belong in this lawsuit centering on allegedly defamatory statements by Roger Stone with which Dr. Jones had no involvement. At a minimum, Dr. Jones should not have to defend himself in this Court, some 1,300 miles from his home, given his lack of any connection to Florida.

The Complaint fails to offer any basis for subjecting Dr. Jones, a citizen of Texas, to this Court's jurisdiction, particularly when, at the time of filing this action, Plaintiff already had an identical case against Dr. Jones and the other Defendants in the U.S. District Court for the Western District of Texas. Not only is the Texas case still pending, but Plaintiff filed an Amended

---

[1] David Jones, who is represented by different counsel then the other Defendants, files this Motion separately from the other Defendants' previously filed motions to dismiss because, unlike the other Defendants, Dr. Jones is challenging personal jurisdiction. In addition, the other Defendants moved to dismiss in Florida State Court before the case was removed to this Court and this Court's entry of its Notice Of Court Practice of September 23, 2020 (Docket Entry ("DE") 6), requiring multiple defendants to file joint motions with co-parties unless there are clear conflicts of position.

Complaint there on July 29, 2020, before even serving Dr. Jones with the Complaint here.

Dr. Jones does not live, own property, or do business in Florida. He has not been to Florida in over ten years. The Complaint is devoid of any allegations that would establish a basis for subjecting Dr. Jones to jurisdiction in Florida. The Florida long-arm statute does not provide a basis for jurisdiction. Subjecting Dr. Jones to jurisdiction in Florida would violate Due Process.

Plaintiff also fails to explain why he has even sued Dr. Jones, much less why he has sued him on the same allegations simultaneously in two courts. Plaintiff does not contend that Dr. Jones made any of the allegedly defamatory statements. He does not allege that Dr. Jones did anything to Plaintiff. Indeed, as U.S. District Judge Timothy J. Kelly observed, Plaintiff "make[s] no allegations about David Jones's conduct at all." Plaintiff does not offer any legal authority or allegations that could somehow subject Dr. Jones to liability for the allegedly tortious conduct of Roger Stone or the other Defendants.

Instead, the allegations about Dr. Jones boil down to these: (1) he is the father of Defendant Alex Jones, an adult; (2) he "holds the official title of Director of Human Relations for Defendant Free Speech Systems"; and (3) "[o]n information and belief," he is "the owner of Defendant InfoWars and Free Speech Systems," both Texas limited liability companies. In fact, Dr. Jones has never been an owner of either entity. Nevertheless, Plaintiff has not set forth any allegations that would subject mere owners of these entities to liability for torts in which they had no personal involvement, even if committed by the entities, their employees, or a talk-show guest—much less that somehow would subject Dr. Jones to liability based on paternity.

Given the lack of any basis for subjecting Texas citizen David Jones to jurisdiction in Florida, the Court should dismiss Dr. Jones for lack of personal jurisdiction. Alternatively, the Court should dismiss Dr. Jones due to Plaintiff's failure to state a claim against him.

## BACKGROUND

Defendant David Jones is a citizen of Texas, residing in Austin. (D. Jones Decl. ¶ 2 (Ex. 1).) He has lived in Texas for 69 years. (*Id.*) He is a dentist by training and the father of Defendant Alex Jones, an adult. (*Id.* ¶ 3.) Dr. Jones does not own or lease real property, does not work, does not live, and does not personally do business in Florida. (*Id.* ¶ 4.) He has not been to Florida for over ten years, when he visited for vacation. (*Id.* ¶ 6.) He does not have an office in Florida and does not operate, conduct, engage in, or carry on a business in Florida. (*Id.* ¶ 4.)

According to the Complaint, Plaintiff Larry Klayman, a citizen of Florida, is a media personality, author, columnist, radio talk-show host, public interest legal advocate, and lawyer. (Compl. ¶ 3.) He alleges claims for defamation (Causes of Action 1 to 17) and violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.202 *et seq.* ("FDUTPA") (Causes of Action 18 to 23). (*Id.* at 12-35.) The claims center on allegedly defamatory statements about Plaintiff by Roger Stone on January 18, 2019, during an appearance on *The War Room,* a program produced by Defendant InfoWars. (*Id.* ¶¶ 33, 37-46.) There is no allegation that David Jones appeared in the program or disseminated Mr. Stone's allegedly defamatory statements. (*Id.*)

In support of his FDUTPA claims, Plaintiff alleges that he is "a competitor to Defendants as conservative media personalities, broadcasters, authors and columnists on social media and elsewhere." (*Id.* ¶ 48.) Plaintiff offers no specific allegations about Dr. Jones in this regard. Plaintiff alleges Mr. Stone's statements have "caused significant competitive and commercial injury" and "diverted financial support and sales away from Plaintiffs [sic] and to Defendants instead." (*Id.* ¶¶ 51-52.)

At the time of Mr. Stone's statements, Dr. Jones was the Director of Human Relations for Free Speech Systems. (*Id.* ¶ 7.) Plaintiff alleges, "on information and belief" without specifics and

3

contrary to reality, that Dr. Jones "is the owner of" InfoWars and Free Speech Systems and "manages the business activities for these entities. (*Id.*)

In fact, Dr. Jones has never been an owner of InfoWars or Free Speech Systems. (D. Jones Decl. ¶ 7.) Defendant Alex Jones is the sole owner of InfoWars and Free Speech Systems. (*Id.*; Defs.' Resp. to Order (DE 8).) At the time of Mr. Stone's statements, Dr. Jones was the Director of Human Relations for Free Speech Systems and, as such, was involved in human resources matters for Free Speech Systems. (D. Jones Decl. ¶ 8.) Other than that, he did not and does not have any role in managing the business of Free Speech Systems or InfoWars, for which he holds no position or title. (*Id.* ¶ 9.) In particular, at the time of Mr. Stone's statements, as well as prior to and thereafter, Dr. Jones had no role in the creation, production, or dissemination of any content by Free Speech Systems or InfoWars, and was not in any way involved in the making or dissemination of the statements by Mr. Stone. (*Id.* ¶ 10.) In spring 2020, Dr. Jones retired from the Director of Human Relations position and no longer has a role with either business. (*Id.* ¶ 8.)

The Complaint alleges, in conclusory fashion without any detail, that Dr. Jones "worked in concert with the other Defendants," and "ratified the illegal acts set forth in this Complaint." (Compl. ¶ 7.) None of this is true. (D. Jones Decl. ¶ 13.)

## PROCEDURAL HISTORY

On March 7, 2019, Plaintiff, on behalf of himself and as counsel for Jerome Corsi, sued Alex Jones, David Jones, Owen Shroyer, Free Speech Systems, and InfoWars in the U.S. District Court for the District of Columbia, alleging claims for defamation, intentional infliction of emotional distress, assault, and unfair competition under the Lanham Act. (D.C./Tex. Docket Rep., DE 1 (Ex. 2)[2].) The portion of the Complaint covering Plaintiff's claims focused on the same

---

[2] Documents filed in other cases are cited to the docket entry on the applicable Docket Report.

statements by Mr. Stone on January 18, 2019 at issue in this action. (*Id.*)

On April 8, 2019, Defendants moved to dismiss the D.C. Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. (*Id.,* DE 7.) On March 10, 2020, the D.C. court found venue improper and transferred the action to the U.S. District Court for the Western District of Texas. (*Id.,* DE 21.) The D.C. court noted that Plaintiffs "make no allegations about David Jones's conduct at all." (*Id.* at 3.)

## The First Florida Action

Less than a month later, on April 8, 2020, Plaintiff sued the same Defendants from the D.C. action in this Court over the same statements (S.D. Fla. Case No. 9:20-cv-80614-RKA Docket Rep. DE 1 (Ex. 3).) This First Florida Complaint is almost identical to the D.C./W.D. Tex. Complaint and the Complaint in this action, except Dr. Corsi, who was represented by Plaintiff in the D.C./W.D. Tex. action, was not a named Plaintiff in the First Florida Complaint (although it refers throughout to "Plaintiff Corsi").[3]

On April 13, 2020, before Plaintiff had served Defendants with the First Florida Complaint, U.S. District Judge Roy K. Altman issued an Order Requiring More Definite Statement. (Ex. 4.) Judge Altman reduced the First Florida Complaint allegations to their essence ("Larry Klayman was upset when Roger Stone called him 'incompetent' on national television") and concluded that Plaintiff's identical Complaint was a "shotgun pleading…replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (*Id.* at 1 (quoting *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1322 (11th Cir. 2015)).) Judge Altman found the First Florida Complaint to be "littered with ostentatious irrelevancy." (*Id.* at 2.)

---

[3] The claims for intentional infliction of emotional distress and assault were omitted from the First Florida Complaint, and the FDUTPA claim was added.

5

Because Judge Altman said he was "not prepared (at least not yet) to say that the Complaint is 'patently frivolous,'" he ordered Plaintiff to file an Amended Complaint by April 23, 2020 that complied with "the Eleventh Circuit's holding in *Weiland,* the Federal Rules of Civil Procedure, and [h]is Order" and to "remove all references to irrelevant, conclusory, and scandalous material." (*Id.* at 5-6.) Rather than complying with Judge Altman's Order, Plaintiff the next day filed a Notice of Voluntary Dismissal.

On April 28, 2020, Plaintiff initiated this action by refiling the First Florida Complaint (minus the Lanham Act claim and plus Mr. Stone as a Defendant) in the Circuit Court for Broward County, Florida.

Amended Complaint in Texas

On July 29, 2020, Plaintiff filed an Amended Complaint in the Western District of Texas. (Ex. 5.) The principal difference was the addition of Roger Stone as a Defendant. The Amended Complaint does not add allegations about Dr. Jones and does not attempt to address the concerns raised by Judge Altman.

While Dr. Jones and the other Defendants were preparing responses to Plaintiff's Amended Complaint in Texas, on August 21, 2020, Plaintiff served Dr. Jones with the Broward County Complaint.[4] (D. Jones Decl. ¶ 19.) Prior to that, Dr. Jones had been unaware that Mr. Klayman had sued him in Broward County. (*Id.*)

On September 2, 2020, Dr. Jones moved to dismiss Plaintiff's Texas Amended Complaint for failure to state a claim. (W.D. Tex. Docket Rep., DE 57.) That motion and similar motions by other Defendants are in the briefing stage.

---

[4] On September 10, 2020, the Broward County court granted Dr. Jones's consent motion to have until October 9, 2020 to respond to the Complaint. (Order (Ex. 6).)

Removal of the Broward County Complaint

On September 18, 2020, Defendants InfoWars, Free Speech Systems, Alex Jones, and Owen Shroyer filed a notice of removal with this Court and the Broward County court, with jurisdiction based on diversity in light of Plaintiff's failure to timely serve Mr. Stone with the summons and Complaint in this action. (DE 1.) Dr. Jones consented to the removal. (*Id.*)

## ARGUMENT

### I. THE COURT SHOULD DISMISS DAVID JONES FOR LACK OF JURISDICTION

"A federal court sitting in diversity undertakes a two-step inquiry to determine whether personal jurisdiction exists." *Waite v. All Acquisition Corp.,* 901 F.3d 1307, 1312 (11th Cir. 2018). First, the court considers whether jurisdiction is permitted under the forum state's long-arm statute. *Id.* Second, the court considers whether exercising jurisdiction is consistent with Due Process under the Fourteenth Amendment. *Id.*

Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999) (*per curiam*). Vague and conclusory allegations are insufficient. *Snow v. DirecTV,* 450 F.3d 1314, 1318 (11th Cir. 2006). If a defendant challenges jurisdiction with affidavit evidence with a specific factual denial based on personal knowledge, the burden shifts back to Plaintiff to produce evidence supporting jurisdiction. *Id*. Plaintiff bears the ultimate burden of establishing jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir. 2006) (noting plaintiff's *prima facie* case requires evidence to withstand motion for directed verdict).

Here, not only has Plaintiff failed to allege any facts to support jurisdiction over Dr. Jones, but the incontrovertible facts do not support jurisdiction over Dr. Jones in Florida.

#### A. The Allegations and Facts Do Not Support Long-Arm Jurisdiction

Florida's long-arm statute provides two ways in which a defendant may be subject to

jurisdiction: general jurisdiction based on substantial activity in Florida, and specific jurisdiction in suits arising out of a defendant's contacts with Florida. *Waite,* 901 F.3d at 1312.

### 1.    David Jones Has Not Engaged in Substantial Activity in Florida

The statute provides: "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). "Substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. *Snow,* 450 F.3d at 1319. The exercise of jurisdiction also "must comport with due process." *Waite,* 901 F.3d at 1312.

The Complaint is bereft of any allegation about activity by Dr. Jones in Florida. The "Jurisdiction and Venue" section does not even mention Dr. Jones or the long-arm statute. (Compl. ¶¶ 1-2.) Conspicuously absent from the Complaint is Dr. Jones's citizenship, which Plaintiff knows to be Texas, as Plaintiff previously alleged in the Texas case. (W.D. Tex. Am. Compl. ¶ 8 (Ex. 5).) Moreover, Dr. Jones has not engaged in *any* activity in Florida over the past ten years. (D. Jones Decl. ¶ 5.) He has not been to Florida, has not personally done business in Florida, and does not own or lease property in Florida. (*Id.* ¶¶ 4-6.) Thus, Fla. Stat. § 48.193(2) does not provide a basis for jurisdiction as Dr. Jones is engaged in *no* activity with Florida.

### 2.    No Enumerated Act in the Long-Arm Statute Supports Jurisdiction

The long-arm statute also allows for jurisdiction "for any cause of action arising from" enumerated acts by the defendant. Fla. Stat. § 48.193(1)(a). In this case, the only enumerated acts that could conceivably apply based on Plaintiff's defamation and FDUTPA claims are: "1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state"; "2. Committing a tortious act within this state"; or "6. Causing injury to persons or property within this state arising out of an act or omission by the

defendant outside this state, if, at or about the time of the injury, either: a. The defendant was engaged in solicitation or service activities within this state; or b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." *Id.*

The Complaint does not allege that Dr. Jones engaged in any activity specified in § 48.193(1)(a)(1) or (2). Plaintiff does not allege that Dr. Jones made defamatory statements about Plaintiff. Moreover, in defamation cases involving non-resident defendants, a plaintiff must make a *prima facie* showing that the statements "were not merely accessible to but also '*accessed by a third party in Florida.*'" *Catalyst Pharms. v. Fullerton,* 748 Fed. Appx. 944, 947 (11th Cir. 2018) (*per curiam*) (quoting *Internet Sols. Corp. v Marshall,* 39 So. 3d 1201, 1215 (Fla. 2010)) (emphasis in original). Plaintiff does not allege that the statements were accessed by a third party in Florida.[5]

Regarding subsection (6), to the extent Plaintiff, as a Florida resident, implies that he suffered injury in Florida from an act or omission committed elsewhere, the Complaint does not allege that Dr. Jones did anything to cause that injury by any specified act or omission. Plaintiff also does not allege that Dr. Jones "engaged in solicitation or service activities" in Florida or that he "processed, serviced, or manufactured" products, materials, or things that were "used or consumed" in Florida in the "ordinary course of commerce, trade, or use." In fact, the Complaint contains no allegations about *any* activity by Dr. Jones in Florida.

Moreover, Dr. Jones has not operated, conducted, engaged in, or carried on a business in

---

[5] All Plaintiff has alleged is that "Defendants, acting in concert, propagated and published these outrageous lies in this circuit and elsewhere in Florida." (Compl. ¶ 21.) While such conclusory assertions, devoid of specifics, are insufficient to support a defamation claim, *infra* pp. 15-17, they also fail to meet the jurisdictional standard for asserting a defamation claim against non-resident Defendants. *Snow,* 450 F.3d at 1318 (holding "vague and conclusory allegations" of conspiracy insufficient to establish *prima facie* case of jurisdiction).

Florida, much less one that has any relation to Plaintiff's claims. (D. Jones Decl. ¶ 4.) He does not have an office in Florida. (*Id.*) Not only has Dr. Jones not committed a tort against Plaintiff in Florida (or anywhere else), but he has not been in Florida in over ten years. (*Id.* ¶¶ 6, 14, 15, 16.)

Aside from the lack of any allegation concerning acts or omissions by Dr. Jones, Dr. Jones did not engage in any act or omission to cause injury to Plaintiff. (*Id.* ¶¶ 10, 14, 15, 16.) Dr. Jones has not personally engaged in solicitation or service activities within Florida or "processed, serviced, or manufactured" products, materials, or things that were "used or consumed" in Florida in the "ordinary course of commerce, trade, or use."[6] (*Id.* ¶ 5.)

Finally, to the extent Plaintiff has alleged that Dr. Jones "worked in concert with the other Defendants and Roger Stone and furthered and ratified the illegal acts set forth in this Complaint" (Compl. ¶ 7), such vague and conclusory allegations of conspiracy are insufficient to establish jurisdiction. *Snow,* 450 F.3d at 1318; *Posner,* 178 F.3d at 1217-18.

Accordingly, Dr. Jones is not subject to jurisdiction under Florida's long-arm statute.

### B.  Plaintiff Has Failed to Demonstrate "Minimum Contacts" with Florida

Although the jurisdictional analysis ends with the lack of any conceivable basis—alleged or otherwise—for jurisdiction under Florida's long-arm statute, Dr. Jones's lack of minimum contacts with Florida provides an additional basis for dismissal. *Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379, 1381-1382 (S.D. Fla. 2004) (noting court must find "defendant has established sufficient minimum contacts with the state, such that the exercise of jurisdiction

---

[6] To the extent Plaintiff might contend that any of the other Defendants have engaged in this type of activity, that does not get imputed to Dr. Jones, who is, at best, a former employee of Free Speech Systems. "Each defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine,* 465 U.S. 770, 781 n.13 (1984) (noting "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him"); *Doe v. Thompson,* 620 So. 2d 1004, 1006 (Fla. 1993) (holding corporate officer not subject to personal jurisdiction based solely on corporation's contacts with forum).

will satisfy the Fourteenth Amendment's due process requirement") (internal quotations omitted).

To satisfy constitutional due process, the Court must apply a three-part test to determine: "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted). The defendant's conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Plaintiff has the burden of establishing the first two prongs, and only then does a defendant have to make a "'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'" *Mosseri,* 736 F.3d at 1355 (quoting *Diamond Crystal Brands v. Food Movers Int'l,* 593 F.3d 1249, 1267 (11th Cir. 2010)).

With regard to the first prong, "a tort 'arise[s] out of or relate[s] to' the defendant's activity in a state only if the activity is a 'but-for' cause of the tort." *Waite,* 901 F.3d at 1314. Without such a connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1781 (2017)). Moreover, "mere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore,* 571 U.S. 277, 290 (2014).

Not only has Plaintiff failed to allege that the alleged torts arise out of Dr. Jones's activity in Florida, but Plaintiff has failed to allege that Dr. Jones purposefully availed himself of the privilege of conducting activities in Florida. The Complaint contains no allegations of actual

11

contacts by Dr. Jones with Florida. This is because there are no such contacts. Dr. Jones does not live in Florida, have an office in Florida, or own or lease property in Florida. (D. Jones Decl. ¶ 4.) He has not been to Florida in over ten years. (*Id.* ¶ 6.) He has not personally directed activity at Florida residents, such as Plaintiff, that would have given him "fair warning" that he might get sued in Florida. (*Id.* ¶ 16.) Before Plaintiff threatened and then sued Dr. Jones, Dr. Jones does not recall having had any interaction with Plaintiff. (*Id.* ¶ 15.) Thus, there would have been no reason for Dr. Jones to have anticipated that he might be sued by Plaintiff (or anyone else) in Florida. (*Id.* ¶ 16.) This was particularly so after Plaintiff sued Dr. Jones in the District of Columbia on the same facts and claims and that case was transferred to the Western District of Texas, where it is pending and actively being pursued by Plaintiff. (W.D. Tex. Docket Rep. (Ex. 2).)

Given the lack of even minimum contacts between Dr. Jones and Florida, subjecting Dr. Jones to this Court's jurisdiction would offend traditional notions of fair play and substantial justice. The factors the Court considers are: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Mosseri,* 736 F.3d at 1358 (quoting *Licciardello v. Lovelady,* 544 F.3d 1280, 1288 (11th Cir. 2008)). These factors weigh heavily against this Court's exercise of jurisdiction over Dr. Jones. First and foremost, having to defend this lawsuit over 1,300 miles from Dr. Jones's home in a state with which he has had no contact would be unduly burdensome and unreasonable, especially in this time of Covid-19. This Court's interest in adjudicating this dispute is minimal at best. All the remaining Defendants reside in Texas where Plaintiff is pursuing an identical action that he filed in 2019. None of these Texas Defendants has challenged jurisdiction there. This case is duplicative of that previously filed action. Whether it is more convenient for Plaintiff to pursue this case in Florida is debatable,

12

particularly given that Plaintiff chose to initiate these claims elsewhere. Finally, there is little to be gained for the judicial system by beginning to adjudicate the same dispute in this Court that is already being adjudicated in the Western District of Texas. Plaintiff was already pursuing the Texas case when he filed this case. He is continuing to actively pursue the Texas case.

The Court should dismiss Dr. Jones from this action for lack of jurisdiction. To the extent Plaintiff wishes to pursue his baseless claims against Dr. Jones, he may continue to do so in Texas.

## II.   THE COURT SHOULD DISMISS DAVID JONES FOR FAILURE TO STATE A CLAIM

Federal Rule 12(b)(6) allows a Court to dismiss an action for failure to state a claim upon which relief can be granted. To avoid dismissal, a complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A court, however, is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555.

"Indeed, 'only a complaint that states a plausible claim for relief survives a motion to dismiss,'" and the analysis is limited principally to the face of the Complaint. *Daniel v. Castro,* No. 15-21828, 2015 WL 5727990, at *2 (S.D. Fla. Sept. 30, 2015) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)) (Gayles, J.). To meet the facial plausibility requirement, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey v. Energy Transfer Partners,* 610 F.3d 239, 245-46 (5th Cir. 2010). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

Applying these pleading standards, the Complaint fails to state a claim for relief against

Dr. Jones. First, there are no specific allegations of acts or omissions by Dr. Jones in support of the claims asserted against him. Second, although Plaintiff attempts to ascribe liability to Dr. Jones due to his alleged ownership of Free Speech Systems and InfoWars, Plaintiff has failed to assert any legal theory or offer any allegations that would extend any liability of these entities to an alleged owner. Third, although Plaintiff alleges that Dr. Jones is liable for having "ratified" the actions of others, the Complaint offers nothing more than conclusory assertions about this.

### A. Plaintiffs' Defamation Claim Fails to Identify *Any* Defamatory Statements by David Jones, or A Basis for Holding Him Liable for the Statements of Others

"Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews for Jesus v. Rapp,* 997 So. 2d 1098, 1106 (Fla. 2008).

Leaving aside that none of the statements appears to be actionable because they are all opinion, rhetorical hyperbole, or not defamatory, Plaintiff's defamation claim against Dr. Jones fails for at least four reasons.

#### 1. Plaintiff Does Not Allege that David Jones Defamed Him

The Complaint does not identify *any* allegedly defamatory statements published by Dr. Jones and therefore does not satisfy even the first element of a defamation claim. The only statements in the Complaint were by Mr. Stone on January 18, 2019. (Compl. ¶¶ 37-46.)

Thus, Plaintiff's defamation claim fails as a matter of law as to Dr. Jones because it does not identify a single allegedly defamatory statement made or published by him personally.

#### 2. Plaintiff Fails to Allege a Basis for Holding the Owners of Free Speech Systems, LLC and InfoWars, LLC Liable

To the extent Plaintiff (inaccurately) alleges that Dr. Jones is legally responsible for the statements as an alleged owner of limited liability companies Free Speech Systems or InfoWars,

14

that theory fails as a matter of law. An owner of a Texas limited liability company is not liable for the torts of the entity and cannot be sued in an action against the entity. Tex. Bus. Orgs. Code §§ 101.113, 101.114 (providing "member is not liable for a debt, obligation, or liability of a limited liability company"); *Chico Auto Parts & Serv. v. Crockett,* 512 S.W.3d 560, 570 (Tex. App.—El Paso 2017, pet. denied) (recognizing "fundamental principle of corporate law" that owner normally shielded from personal liability for the entity); Fla. Stat. § 605.0304(1) ("A member…is not personally liable…for a debt, obligation, or other liability of the company solely by reason of being or acting as a member…."). Plaintiff has not alleged any basis for attempting to pierce the corporate veil of these entities to expose their owners to personal liability. *Crockett,* 512 S.W.3d at 572 (rejecting claim against LLC member where plaintiff failed to allege in pleading that it was proceeding against owner on alter-ego theory).

### 3.     Plaintiff Fails to Allege Sufficient Facts of a Conspiracy to Defame

Plaintiff claims that Dr. Jones is liable for Mr. Stone's statements based on conclusory assertions that he was "[a]cting in concert" with the other Defendants. (Compl. ¶¶ 17, 21, 22, 50, 89.) However, under Florida law, "[g]eneral allegations of conspiracy are inadequate." *World Class Yachts v. Murphy,* 731 So. 2d 798, 799 (Fla. 4th DCA 1999). "A civil-conspiracy claim must 'set forth clear, positive, and specific allegations of civil conspiracy.'" *Corbett v. TSA,* 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012) (quoting *Eagletech Communs. v. Bryn Mawr Inv. Gp.,* 79 So. 3d 855 (Fla. 4th DCA 2012)) (finding "nonspecific" allegations insufficient to state conspiracy claim). "Conclusory allegations" of conspiracy are "inadequate"; "the allegations must be clear, positive, and specific." *Cordell Consult. v. Abbott,* 2012 WL 13148744, at *7 (S.D. Fla. July 11, 2012) (quoting *St. Paul Fire & Marine Ins. Co. v. Icard, Merril, Cullis, & Tinn,* 196 So. 2d 219, 222 (Fla. 2d DCA 1967)).

In *Walker v. Beaumont Ind. School Dist.,* the 5th Circuit affirmed the dismissal on the

pleadings of conclusory allegations of a conspiracy to ruin the plaintiff's reputation and business through defamation, among other actions. 938 F.3d 724, 731 (5th Cir. 2019). The court held that the plaintiff's allegations of concerted action were "wholly conclusory and unsupported by facts," warranting dismissal. *Id.* at 738. According to the court: "Such scant assertions are insufficient to allow the court to infer more than the mere possibility of misconduct." *Id.* at 745; *Hourani v. Mirtchev,* 796 F.3d 1, 16 (D.C. Cir. 2015) (finding complaint failed to allege claim for conspiracy to defame where plaintiffs failed to allege factual basis to support conclusory assertion); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir. 1981) (holding plaintiff "is required to allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim," noting "mere conjecture that there has been a conspiracy is not enough"); *Flowers v. Executive Off. of Pres.,* 142 F. Supp. 2d 38, 47 (D.D.C. 2001) (dismissing conspiracy claim where plaintiff (represented by Larry Klayman) "fail[ed] to allege any facts to support such a claim"); *Lynch v. Cannatella,* 810 F.2d 1363, 1370 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient.").

Despite repeatedly alleging that Dr. Jones and the other Defendants were "acting in concert" in publishing defamatory statements about Plaintiff, the Complaint is devoid of any specific allegation to support the wholly conclusory assertions.

In addition, to the extent Plaintiff contends that Dr. Jones conspired with Free Speech Systems and his fellow employees Alex Jones and Owen Shroyer, such a claim would also be barred by the intra-corporate conspiracy doctrine. That doctrine holds that a corporation cannot conspire with its employees, who, when acting in the scope of their employment, cannot conspire among themselves. *Valdes v. GAB Robins N.A.,* 924 So. 2d 862, 865 (Fla. 3d DCA 2006); *Executive Sandwich Shoppe v. Carr Realty Corp.,* 749 A.2d 724, 739 (D.C. 2000); *Hillard v. Ferguson,* 30 F.3d 649, 653 (5th Cir. 1994) (noting "corporation cannot conspire with itself any

16

more than a private individual can"); *Plummer v. Safeway,* 934 F. Supp. 2d 191, 198 n.4 (D.D.C. 2013) (finding plaintiff did not allege any defendants acted outside scope of employment).

### 4. Plaintiffs Fail to Offer Support for Their Conclusory Assertion that David Jones Ratified the Defamatory Statements

Plaintiff's attempt to extend liability to Dr. Jones (and other Defendants) for having "ratified" the Mr. Stone's statements fails as well. (Compl. ¶ 7.) The court in *King v. Jarrett,* No. 1:15-CV-491-LY, 2016 WL 11581949, at *6 (W.D. Tex. June 17, 2016), found that the plaintiff had failed to state a claim against a corporation for defamation by its employee when the complaint offered "only the conclusory allegation that '[the corporation] ratified and endorsed the defamation of [plaintiff] by [the employees.]'" The court found that "[t]he complaint does not set forth any 'factual content' in support of this assertion, let alone the type of factual content that would allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal,* 556 U.S. at 677).

Plaintiff has offered nothing but conclusory allegations that Dr. Jones "ratified" Mr. Stone's statements. Moreover, the link here is even more attenuated than in *King* where the plaintiff sought to hold the employer corporation legally responsible for defamatory statements by employees. Here, Dr. Jones is alleged to be the owner of Free Speech Systems and InfoWars and Director of Human Relations for Free Speech Systems—making him even one step further removed from responsibility.

Accordingly, Plaintiff has failed to state a claim for defamation against Dr. Jones.

### B. Plaintiff Fails to State a FDUTPA Claim Against David Jones

Plaintiff also asserts a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.202 *et seq.,* as a result of allegedly "false and/or misleading statements that misrepresent the nature, characteristics, and quality of Plaintiff Klayman's goods or services."

17

(Compl. ¶ 139.) To succeed on a FDUTPA damages claim, a plaintiff must prove that a deceptive act or unfair practice caused damage. *Virgilio v. Ryland Group,* 680 F.3d 1329, 1338 n. 25 (11th Cir. 2012). Under FDUTPA, an unfair practice is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt.,* 842 So. 2d 773, 777 (Fla. 2003) (internal quotations omitted).

Plaintiff has not alleged that Dr. Jones committed any act or practice. To the extent Plaintiff bases his claim on Mr. Stone's statements, Dr. Jones is not responsible for them, as discussed above. *See, supra,* pp. 14-17.

## CONCLUSION

Plaintiff has failed to allege a basis for subjecting David Jones, a Texas citizen with no ties to Florida, to the jurisdiction of this Court. The Florida long-arm statute does not provide a basis for jurisdiction. Requiring Dr. Jones to defend himself here in this action would violate Due Process and would be fundamentally unfair, particularly when he is already defending Plaintiff's previously filed lawsuit in Texas premised on the same allegations. The Court should therefore dismiss Dr. Jones from this action for lack of jurisdiction.

Alternatively, the Court should dismiss Dr. Jones due to Plaintiff's failure to state a claim.

Dated: October 9, 2020

Respectfully submitted,

*/Walter J. Taché*

David S. Wachen
Admitted *Pro Hac Vice*
david@wachenlaw.com
WACHEN LLC
11605 Montague Court
Potomac, MD 20854
(240) 292-9121
(f) (301) 259-3846

Walter J. Taché, Esq.
Florida Bar No. 028850
wtache@tachebronis.com
service@tachebronis.com
TACHE, BRONIS, CHRISTIANSON & DESCALZO, P.A.
150 S.E. 2 Avenue, Suite 600
Miami, Florida 33131
(305) 537-9565
(f) (305) 537-9567

**COUNSEL FOR DEFENDANT DAVID JONES**

**Certificate of Service**

On October 9, 2020, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

*s/ Walter J. Taché*
Walter J. Taché
