Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80614-CIV-ALTMAN

**LARRY KLAYMAN**,

    *Plaintiff*,

v.

**INFOWARS, LLC,** *et al.*,

    *Defendants*.

_____/

## ORDER REQUIRING MORE DEFINITE STATEMENT

Larry Klayman was upset when Roger Stone called him "incompetent" on national television. *See* Complaint [ECF No. 1] ¶ 44. So, he filed this Complaint—which, when attachments are included—is 46 pages long. *See id.* at 1–46.

In the Complaint, Klayman asserts five causes of actions against five Defendants. Somewhat surprisingly—given the allegations—none of the Defendants is named Roger Stone. Instead, Klayman has sued: Infowars, LLC; Free Speech Systems, LLC; Alex Jones; David Jones; and Owen Shroyer. *See id.* at 1. Against these Defendants, Klayman levies (1) three counts relating to Mr. Stone's allegedly defamatory statements; (2) one count of Unfair Competition under the Lanham Act; and (3) one count of Unfair and Deceptive Trade Practices under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See generally id.* at 1–21.

The Complaint, however, is a shotgun pleading. It is, in the words of the Eleventh Circuit, "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015); *see also* FED. R. CIV. P. 8(a) ("A pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief."

(emphasis added)).

To give some notable examples, Klayman avers that "Defendant Alex Jones is a well-known extreme and totally discredited 'conspiracy theorist' and media personality." *Id.* ¶ 6. He goes on to inform the Court that the "Sandy Hook families had to endure years of abuse and torture from Defendants before finally filing suit against numerous parties." *Id.* ¶ 17. "Furthermore," he continues, "Defendant Alex Jones in concert with the other Defendants propagated and promoted the 'Pizzagate' conspiracy on his show." *Id.* ¶ 19. These statements are wholly irrelevant to the Complaint's causes of action and serve none of its stated purposes: The Sandy Hook tragedy, for instance, plays no part in the Plaintiff's claims, and Defendant Jones' status as a conspiracy theorist—true or not—is similarly immaterial.

Of course, if these deficiencies plagued only one or two sentences in an otherwise-compliant complaint, the Court might look the other way. But the *whole* Complaint is littered with ostentatious irrelevancy. Take, for example, paragraph 27, which reads as follows:

> 27. Stone likes to portray himself as Mafia, and indeed on information and belief has Mafia connections, frequently making reference to Mafia figures who he admires, as well as other unsavory types who have been alleged to have engaged in unethical and/or illegal behavior. For example, he frequently makes reference to his heroes being Hyman Roth in the 'Godfather," who was the movie version of Meyer Lansky, and Roy Cohn, not to mention, Richard Nixon, for his role in Watergate. In this regard, after Stone was indicted he held a press conference on the courthouse steps of the federal courthouse in Ft. Lauderdale, where he was booked, with his arms defiantly in the air in the "victory' pose used by Nixon after he resigned in disgrace as a result of the Watergate scandal. At the time, Stone had been employed by a Nixon group called CREEP, or the Committee to Reelect the President. Defendant Stone even has a large tattoo of Richard Nixon affixed to his back. Thus, given his admiration for persons such as these, particularly Mafia figures, his actions as pled herein can be taken as threats, as well as being defamatory. And, Plaintiff Corsi is 72 years old and thus very vulnerable emotionally and physically to these threats. Stone's intentional infliction of emotional distress and coercion and threats are intended to try even cause Plaintiff Corsi to have heart attacks and strokes, in order that Plaintiff will be unable to testify at Stone's criminal trial. Tellingly, Stone threatened kill a material witness and his service dog, Credico, Person 2 in the Mueller Indictment, "Mafia style."

> Stone also fashions himself and indeed has the reputation, at a minimum, as being the preeminent "dirty trickster." See "Get Me Roger Stone" on Netflix.

Compl. ¶ 27 (grammatical errors in original).

In just one paragraph, Klayman manages to reference the Mafia, Hyman Roth, Meyer Lansky, Roy Cohn, Richard Nixon, the Watergate Scandal, a "group called CREEP," a "large tattoo of Richard Nixon," an emotional support animal, an internet streaming service, a documentary, and the Mueller Indictment—not to mention several serious allegations of witness tampering and intimidation. *Id.* ¶ 27. This paragraph plainly violates FED. R. CIV. P. 10(b), which requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to *a single set of circumstances*." (emphasis added).

But the problem lies, not so much in the sheer number or variety of allegations—though these are, in themselves, problematic. The problem is, rather, that the Defendants cannot properly answer this paragraph with a simple "Admitted," "Denied," or "I don't know"—as FED. R. CIV. P. 8(b) requires them to do. After all, some of these "facts" are true, others may not be, some are factual averments, others are legal conclusions, and many more may be the kinds of things the Defendants know nothing about—all within a single paragraph.

Again, it would be one thing if paragraph 27 were unique in this respect. But the entire Complaint is similarly deficient. So, for instance, whole pages of the Complaint are dedicated to Roger Stone's pending criminal prosecution. *See generally* Compl. at 6–8. In fact, the Plaintiff attaches to the Complaint a copy of the indictment against Mr. Stone—this, despite the fact that Mr. Stone is not a party to this case. *See id.* at 21. Either way, the pending criminal prosecution against Mr. Stone is wholly irrelevant to the Plaintiff's defamation claims.

The Plaintiff's decision to include a count of Unfair Competition under the Lanham Act

3

warrants separate discussion. *See* Compl. at 16–18. To have standing[1] to bring a claim under the Lanham Act, the Plaintiff's injuries must fall within the "zone of interests" the statute was intended to protect. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014) ("The zone-of-interests test is therefore an appropriate tool for determining who may invoke the cause of action in § 1125(a)."). Identifying those interests "requires no guesswork, since the Act includes an 'unusual, and extraordinarily helpful,' detailed statement of the statute's purposes." *Id.* at 131 (citation omitted). Those "purposes" are set out in 15 U.S.C. § 1127, which provides:

> The intent of this chapter is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations.

The Plaintiff's alleged injury appears to lie *well* outside the zone of these interests. He alleges no use of a "mark," mentions no "unfair competition," claims no "counterfeiting," and does not reference any international commerce. Instead, he brings a Lanham Act claim as an attorney whose reputation was (allegedly) harmed when a television personality (apparently) expressed a negative opinion of him. *See* Compl. ¶ 77 ("Defendants have made false and/or misleading statements that have deceived and/or had the tendency to deceive a substantial segment of the receiving audience."). Because this injury does not plausibly fall within the purview of the Lanham Act's "zone of interests," its inclusion in the Complaint is purely "conclusory."

---

[1] It is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

4

At its core, the Plaintiff's claim is straightforward: he was injured, he says, when a television personality defamed him on a national television program. Rather than plead *these* simple facts, however, the Plaintiff has delved deeply into the Defendants' personal histories in a way that untethers most of his factual allegations from the Complaint's causes of action. This type of shotgun pleading is inappropriate in federal court. *See, e.g.*, *Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

Nevertheless, the Eleventh Circuit has warned that a "district court abuses its discretion when it dismisses an action *sua sponte* without providing the plaintiff with notice of its intent to dismiss or an opportunity to respond, unless amendment would be futile or the complaint is patently frivolous." *Brinson v. Welsh*, 709 F. App'x 582, 584 (11th Cir. 2017) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015) (cleaned up)). And this Court is not prepared (at least not yet) to say that the Complaint is "patently frivolous"—and so, it will not be dismissed.

Fortunately, though, the Eleventh Circuit has approved of a less-drastic remedy in these circumstances: When faced with a shotgun pleading, the Circuit has said, district courts should *sua sponte* require the plaintiff to amend his complaint *before* the defendant wastes resources responding to a pleading that patently violates the Federal Rules of Civil Procedure. *See, e.g.*, *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) ("When presented with a shotgun complaint, the district court should order repleading *sua sponte*."); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) ("In light of defense counsel's failure to request a repleader, the court, acting sua sponte, should have [required a more definite statement]."

5

(cleaned up)); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996) ("On examining those pleadings, the court, acting *sua sponte,* should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement."); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014) ("[W]hy should parties wait until discovery to identify, with precision, the subject of the litigation? That is exactly backward. Civil pleadings are supposed to mark the boundaries for discovery; discovery is not supposed to substitute for definite pleading."); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("[Shotgun] pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."); *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("[S]hotgun pleadings wreak havoc on the judicial system.").

This Court will follow that admonition here and require the Plaintiff to amend his Complaint *before* any response is filed.

Accordingly, the Court hereby

**ORDERS** as follows:

1. The Plaintiff shall, by **April 23, 2020,** file an Amended Complaint that complies with the Eleventh Circuit's holding in *Weiland*, the Federal Rules of Civil Procedure, and this Order. In particular, the Plaintiff shall remove all references to irrelevant, conclusory, and scandalous material.

2. The Plaintiff shall then serve a copy of the Amended Complaint, together with this Order, on each of the Defendants.

6

3. If the Plaintiff chooses to include his Lanham Act claim in his Amended Complaint, he must **SHOW CAUSE**, by **April 27, 2020**, that he has standing to pursue that claim.

4. Failure to comply with this Order will result in dismissal without prejudice and without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of April 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record