UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN, | Case No. 20-cv-61912 |
| Plaintiff, | |
| vs. | OPPOSITION TO MOTION FOR LEAVE TO SERVE ROGER STONE |
| INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; ALEX E. JONES; DAVID JONES; OWEN SHROYER; and ROGER STONE, | |
| Defendants. | |

Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, and Owen Shroyer oppose Plaintiff's Motion for Leave to Serve Roger Stone (ECF # 18) (the "Motion").

Plaintiff makes his Motion pursuant to Rule 1.070(j) of the Florida Rules of Civil Procedure. Given that this case has been removed to this Court for diversity, federal procedural law, not state procedural law, applies. As first recognized by Justice Reed in *Erie R.R. v. Tompkinis*, while the "line between procedural and substantive law is hazy," federal courts apply federal procedural law and do not have the ability to interpret state procedural law. 304 U.S. 64, 92 (1938 (Reed, J., concurring). *See also Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965) (holding that, in diversity actions, the Federal Rules of Civil Procedure apply for procedural matters, including service of process). This Court cannot interpret Rule 1.070(j) of the Florida Rules of Civil Procedure and must deny Plaintiff's Motion.

Moreover, Plaintiff's Motion should be denied even if this Court was permitted to interpret Florida procedural law. For starters, Klayman tries to couch this as a motion to serve Stone "one day late." This was not "one day" of delay. This was *four months* of delay. Moreover, this Court does not appear to have the discretion to grant the motion. Pursuant to Rule 1.070(j) of the Florida Rules of Civil Procedure, if a defendant is not served within 120 days after the filing of the initial pleading, the Court should drop that defendant as a party unless "the plaintiff shows good cause or excusable

neglect for the failure." Once the 120 days hit, Stone was no longer a proper defendant. Simply put, Stone did not make the trip to this court when the matter was removed – he was already gone.

Had Klayman shown excusable neglect in the Florida court, things might have been different. But, once removed, that was the end of it for *this* case for Mr. Klayman. The plaintiff made no effort to show "good cause" or "excusable neglect" in the state court, and a party may not show these factors if the failure to serve was caused by "simple inadvertence or mistake of counsel or ignorance of the rules." *Hernandez v. Page*, 580 So. 2d 793, 794-95 (Fla. 3d DCA 1991). Moreover, as Federal rules now govern, mere "good cause" is insufficient; Plaintiff must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, the Supreme Court held that the determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. 380, 395 (1993). These circumstances "include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The *Pioneer* factors apply in considering excusable neglect under Rule 6. *See Fisher v. Office of State Attorney 13th Judicial Circuit Fla.*, 162 Fed. App'x 937, 940 (11th Cir. 2006).

Plaintiff did not act in good faith. Here, Plaintiff attempts to show good cause and/or excusable neglect by stating, without further explanation or support, that he had difficulty locating Defendant Stone and that Mr. Stone was attempting to evade service. (*See* Motion at 1.) However, the Affidavit of Service that Plaintiff submitted with his Motion flatly contradicts the false representations of good cause, let alone excusable neglect, in Plaintiff's Motion. According to the Affidavit, Plaintiff provided the Complaint and related documents to the process server on August 25, 2020, one day prior to the expiration of the service period. (*See* ECF # 18-1.) The process server managed to serve Defendant Stone on August 27, 2020, one day after the expiration of the service period. There is no evidence of Mr. Stone purportedly evading service as claimed. In fact, during the inexcusable delay, the Plaintiff managed litigate against Stone in other actions. The fact appears to be that Stone was

left strategically *unserved* because Klayman, for himself and/or for Dr. Corsi, had multiple other actions pending based on the same facts and claims. *See, e.g., Klayman v. Stone,* Case No. CACE-19-002672 (17th Jud. Cir., Fla. filed Feb. 5, 2019); *Corsi v. Stone,* Case No. CACE-20-004473 (17th Jud. Cir., Fla. Filed Mar. 11, 2020). He has also been in active litigation against Stone in other matters arising from the same or related set of underlying facts. *See, e.g., Klayman v. Stone,* Case No. CACE-19-011394 (17th Jud. Cir., Fla., filed May 28, 2019); *Corsi v. Stone, et al.*, Case No. 50-2019-CA-013711 (15th Jud. Cir., Fla., filed Oct. 23, 2019); *Klayman v. Stone, et al.*, Case No. 50-2019-CA-015104 (15th Jud. Cir., Fla., filed Nov. 25, 2019); *Corsi v. Stone,* Case No. 1:19-cv-00324-TJK (D. D.C., filed Feb. 7, 2019); and *Corsi & Klayman v. Stone, et al.,* Case No. 1:19-cv-01573 (D. D.C., removed May 29, 2019). In fact, in the parallel action in the U.S. District Court for the Western District of Texas, he added Stone as a defendant on July 29, 2020, waited until August 19, 2020 to request issuance of a summons (which he obtained that day), and still apparently waited nearly a week to provide documents to his process server. The game appears to be that Klayman filed multiple duplicative actions in a forum shopping scheme. He then decided to serve here because he did not like what happened in those other cases. "Although good cause may be shown by showing the bad faith of a defendant who attempts to evade service" the only party evincing bad faith is Klayman, which, under *Pioneer,* cannot rise to excusable neglect. *Lau v. Klinger*, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999).

The reason for the delay is Plaintiff's own lack of diligence, all within his reasonable control. Given that Plaintiff Klayman did not even attempt to serve Defendant Stone until the expiration of the service period, his failure to serve was caused either by his own mistake, inadvertence or his ignorance of the rules, or a failed forum shopping strategy. He most certainly is being dishonest when he claims that he had trouble finding Stone. He has not provided any basis for the Court to excuse his failure to serve Defendant Stone within 120 days – even if the Court had the discretion to do so.

Finally, Plaintiff Klayman provides no explanation for why he waited almost two months to bring this Motion, which should additionally result in its denial. After the expiration of the 120-day service period, there was complete diversity between the Plaintiff and the properly served and joined defendants, and Defendants removed this case from state to federal court on September 18, 2020,

nearly one month ago. In the meantime, Plaintiff did nothing as this case moved forward without Defendant Stone. Thus, although the length of the delay was a single day past the 120 days he had in the first place, the prejudice to Defendants is large, as the purpose of the motion is to break diversity and obtain a remand to which Plaintiff is not otherwise entitled. As the Court is aware, Plaintiff filed the same shotgun pleading previously, and rather than comply with Judge Altman's order, he voluntarily dismissed the case and re-filed it in state court, naming Mr. Stone only as a tactic to avoid having to explain to this Court why he did not abide its admonition.[1]

Klayman's motion may be viewed as is tantamount to a motion to join a non-diverse party. "District courts have broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity." *Hickerson v. Enter. Leasing Co. of Ga.*, LLC, 818 F. App'x 880, 885 (11th Cir. 2020), citing 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The *Hickerson* court utilized the balancing test of *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), which indicates a court should consider the following factors: (1) "the extent to which the purpose of the [joinder] is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for [joinder]," (3) "whether plaintiff will be significantly injured if [joinder] is not allowed," and (4) "any other factors bearing on the equities." The purpose of joining Stone, and having repleaded the Lanham Act claim as a FDUTPA claim is to defeat federal jurisdiction—there is no need to add Stone here with so many other cases against him. That Klayman was dilatory is plain from the nature of his motion. Klayman will not be injured litigating in this court—he has pending claims against Stone for the very same allegations and he is a practicing attorney familiar with the procedures of this Court. And the equities do not favor permitting joinder of Stone in bad faith.

---

[1] Mr. Stone has a pending motion to dismiss. (Dkt. No. 5-2). That motion is based on the failure to timely serve. Plaintiff's motion for extension of time is an end-run to avoid answering that motion. Plaintiff claimed a "heavy litigation period" (Dkt. No. 13), but he could well have addressed the service issue previously, rather than multiply the proceedings. In fact, the prior motion for extension failed to inform the Court that the extension was sought for oppositions that were already past-due. Per L.R. 7-2, Plaintiff's oppositions to the pending motions to dismiss were due on October 2, 2020, fourteen days after removal. The extension motion was filed on October 9, 2020, without any showing of excusable neglect. Plaintiff's continued gamesmanship with the rules cannot be countenanced.

For each of the reasons identified herein, this Court should deny Plaintiff's motion for want of excusable neglect or good cause for the belated service of Mr. Stone.

Dated: October 16, 2020.   Respectfully submitted,

/s/Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Infowars, LLC; Free Speech Systems, LLC;
Alex E. Jones; and Owen Shroyer

Case No. 20-cv-61912

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to Larry Klayman, 7050 W. Palmetto Park Rd., Boca Raton, Florida 33433, <leklayman@gmail.com>, Robert Buschel, Buschel & Gibbons, P.A., One Financial Plaza, Suite 1300, 100 S.E. Third Avenue, Fort Lauderdale, FL 33394, <buschel@BGlaw-pa.com>, Walter Taché, Tache, Bronis, Christianson And Descalzo, P.A., 150 S.E. 2nd Avenue, Suite 600, Miami, FL 33131, <wtache@tachebronis.com>, <service@tachebronis.com>, and David S. Wachen, Wachen LLC, 11605 Montague Court, Potomac, MD 20854, <david@wachenlaw.com> by electronic mail and U.S. mail on this 16th day of October 2020.

/s/ Cassidy S. Curran
Employee,
Randazza Legal Group, PLLC

RANDAZZA | LEGAL GROUP