# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,

        Plaintiff,

    vs.

INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; ALEX E. JONES; DAVID JONES; OWEN SHROYER; and ROGER STONE,

        Defendants.

Case No. 20-cv-61912

**OPPOSITION TO MOTION TO REMAND**

Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, and Owen Shroyer oppose Plaintiff's Motion for Remand (ECF # 17) (the "Motion"). As Roger Stone is not a properly joined and served defendant, complete diversity exists.

Plaintiff Larry Klayman filed this action on April 28, 2020 in the Seventeenth Judicial District Court for Broward County, Florida, Case No. CACE-20-007120 (the "State Court Action"). The defendants in the State Court action are Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David Jones, Owen Shroyer, and Roger Stone. Prior to filing this action, Klayman filed a nearly identical action in this Court on April 8, 2020 against Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, David Jones, and Owen Shroyer. See *Klayman v. Infowars, LLC, et al.*, Case No. 9:20-cv-80614-RKA, Dkt. No. 1 (S.D. Fla. Apr. 8, 2020) ("Initial Action"). Notably, in the Initial Action, Roger Stone was not named as a defendant. On April 14, 2020, the Court in the Initial Action, sua sponte, issued an Order Requiring a More Definite Statement. (See Initial Action, Dkt. No. 4.) Klayman voluntarily dismissed the Initial Action the same day without prejudice. (See Initial Action, Dkt. Nos. 5 & 6.). Although the case was dismissed, the matter remains pending on Mr. Klayman's "Request for Disclosure," from the Court, to which no response has been filed. (See Initial Action, Dkt. No. 7.)

Two weeks after voluntarily dismissing the Initial Action, Klayman filed the State Court Action. The difference between the complaints is that Mr. Klayman's Complaint in the re-filed action added Roger Stone as a Defendant and exchanged his Lanham Act claim for Florida Deceptive and Unfair Trade Practice Act claims against each Defendant in order to attempt to avoid this Court's jurisdiction. However, Klayman did not serve Stone until *after* the deadline for service expired. As set forth on page 3 of Stone's pending motion to dismiss (Dkt. No. 5-2):[1]

> Klayman filed the complaint on April 28, 2020. He served the complaint on August 27, 2020. Florida Rule of Civil Procedure 1.070(j) states that a summons must be served on a complaint within 120 days of the filing of the suit. It is a matter of jurisdiction. This Court lost jurisdiction on August 26, 2020 – one day late. Because Klayman failed to timely serve the complaint within 120 days, this Court is without jurisdiction and Klayman should not be able to refile in this Court.

Without Stone as a defendant, there is complete diversity of citizenship between the parties. Although Klayman seeks now to get a mulligan (Dkt. No. 18) and have the late service deemed timely, for the reasons set forth in Stone's motion (Dkt. No. 5-2) and Defendant's opposition to Klayman's motion, incorporated herein by reference, that late service should not be allowed. The mere fact that Stone's name remains on the caption does not make him any more a defendant breaking diversity than a defendant fraudulently joined. In fact, as in the fraudulent joinder scenario, in the absence of proper service, "there is no possibility the plaintiff can establish a cause of action against" Stone. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997); compare *Insinga v. La Bella*, 845 F.2d 249, 254 (11th Cir. 1988)("For all intents and purposes, a trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident defendant was never properly before the court[.]")

The removal was otherwise proper. Defendants discussed the propriety of the removal in their Notice of Removal (Dkt. No. 1). Conspicuously absent from Klayman's motion is any discussion of the relevant caselaw. In *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 794 (11th Cir. 2011) (per curiam), a resident defendant removed the case from state court on the basis of diversity, prior to service on any defendant. Citing 28 U.S.C. § 1441(b) the 11th Circuit Court of Appeals stated that

---

[1] Stone did not submit to jurisdiction by filing that motion. *See APAC, Inc. v. Muller*, 889 So. 2d 894, 896 (Fla. Dist. Ct. App. 2004).

RANDAZZA | LEGAL GROUP

the plaintiff failed to "properly join[ ] and serve" defendant, prior to the defendant filing the notice of removal and, therefore, "[t]he district court was entitled to entertain [Plaintiff's] complaint without regard to the citizenship of the [resident Defendant]." *Id.*

More recently, a court in this Circuit, relying in *Shanyfelt*, and undertaking its own, considered statutory analysis of Section 1441(b), held that removal where the home-state defendant had not properly been served is permissible as the statute is unambiguous and there was no "unjust or absurd conclusion." *Papa Air LLC v. Cal-Mid Props. L.P.*, No. 2:19-CV-1713-RDP, 2020 U.S. Dist. LEXIS 98687, at *13 (N.D. Ala. June 5, 2020), *quoting United States v. Ballinger*, 395 F.3d 1218, 1237 (11th Cir. 2005) (*en banc*). It noted that "[t]o avoid removal to federal court, plaintiffs maintain some control. They can immediately serve the resident defendant upon filing the case in state court." *Id.* at *14. Mr. Klayman waited until after the 120-day period expired to serve Mr. Stone. That is entirely of his own doing and he did not attempt to seek an extension under Florida law as was his option.

Similarly, "[a] party may abandon claims against a non-diverse defendant by never serving them with the lawsuit, thereby making a case removable." *Faulk v. Husqvarna Consumer Outdoor Prods. N.A., Inc.*, 849 F. Supp. 2d 1327, 1330 (M.D. Ala. 2012) *citing Insigna v. LaBella*, 845 F.2d 249, 251 n.1 (11th Cir. 1988). Thus, "[w]here the plaintiff's collective litigation actions, viewed objectively, clearly demonstrate a lack of good faith intention to pursue a claim to judgment against a non-diverse defendant, the court should dismiss the non-diverse defendant and retain jurisdiction over the case." *Id.* at 1331. Klayman effectively abandoned his claims against Stone in this action by not serving him until after the deadline expired, without seeking any timely extension. And, viewed objectively, with the multiple other actions against Stone, including one in the parallel case in the Western District of Texas where Stone was joined just one month prior to the service attempt in this case, Klayman lacks any good-faith attempt to pursue Stone in this action. Thus, to the extent he remains a party, Stone should be dismissed and jurisdiction retained.

For each of the reasons identified herein, this Court should deny Plaintiff's motion to remand.

Dated: October 16, 2020.

Respectfully submitted,

/s/Marc J. Randazza
Marc J. Randazza (FL Bar No. 625566)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Infowars, LLC; Free Speech Systems, LLC;
Alex E. Jones; and Owen Shroyer

Case No. 20-cv-61912

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been furnished to Larry Klayman, 7050 W. Palmetto Park Rd., Boca Raton, Florida 33433, <leklayman@gmail.com>, Robert Buschel, Buschel & Gibbons, P.A., One Financial Plaza, Suite 1300, 100 S.E. Third Avenue, Fort Lauderdale, FL 33394, <buschel@BGlaw-pa.com>, Walter Taché, Tache, Bronis, Christianson And Descalzo, P.A., 150 S.E. 2nd Avenue, Suite 600, Miami, FL 33131, <wtache@tachebronis.com>, <service@tachebronis.com>, and David S. Wachen, Wachen LLC, 11605 Montague Court, Potomac, MD 20854, <david@wachenlaw.com> by electronic mail and U.S. mail on this 16th day of October 2020.

/s/ Cassidy S. Curran
Employee,
Randazza Legal Group, PLLC

RANDAZZA · | LEGAL GROUP