**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61912-DPG**

LARRY KLAYMAN,

        Plaintiff,

    v.

INFOWARS, LLC, *et al.*,

        Defendants.

_____/

**DEFENDANT DAVID JONES'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant David Jones joins Defendants Infowars, LLC, Free Speech Systems, LLC, Alex

E. Jones, and Owen Shroyer in opposing Plaintiff's Motion for Remand for the reasons stated in

the other Defendants' Opposition (ECF# 20).

Dr. Jones submits this brief memorandum to underscore that the situation here is identical

to that in *Shanyfelt v. Wachovia Mort.,* 439 Fed. Appx. 793 (11th Cir. 2011). In *Shanyfelt,* plaintiff

was a Georgia citizen who sued non-Georgia defendants and a Georgia defendant in Georgia state

court. Because plaintiff failed to timely serve the Georgia defendant, the non-Georgia defendants

removed the case to federal court based on diversity jurisdiction. Although plaintiff argued that

diversity was lacking because he had also named the Georgia defendant in his complaint, the

Eleventh Circuit held that the district court had diversity jurisdiction in light of plaintiff's failure

to properly serve the Georgia defendant. *Id.* at 793-94 (holding "district court was entitled to

entertain [plaintiff's] complaint without regard to the citizenship of [Georgia defendant]").

Likewise here, Plaintiff, a Florida citizen, sued five Texas Defendants and Florida

Defendant Roger Stone in Florida state court. When Plaintiff failed to serve Mr. Stone within 120

days of filing the Complaint, as required by Florida Rule 1.070(j), the Texas Defendants timely removed the action to this Court, in accordance with 28 U.S.C. § 1441(b)(2) in light of Plaintiff's failure, as in *Shanyfelt,* to properly join and serve Mr. Stone.

As in *Shanyfelt,* because Plaintiff failed to properly serve Mr. Stone, complete diversity exists between Plaintiff (Florida) and the remaining Defendants (Texas) to enable this Court to hear this case. 439 Fed. Appx. at 793 ("The district court had subject-matter jurisdiction to entertain [plaintiff's] complaint based on diversity of citizenship.")

Moreover, there is no legitimate reason for Mr. Stone to even be a Defendant in this case as he is already being sued by Plaintiff on the same allegations involving the same allegedly defamatory statements in a previously filed, pending action in the Circuit Court for Broward County (Case No. CACE19002672).

Because diversity jurisdiction exists between Plaintiff and the remaining Defendants, Defendant David Jones respectfully requests that the Court deny Plaintiff's Motion to Remand.

Dated:  October 23, 2020                         Respectfully submitted,

                                                 */Walter J. Taché*
David S. Wachen                                  Walter J. Taché, Esq.
Admitted *Pro Hac Vice*                          Florida Bar No. 028850
david@wachenlaw.com                              wtache@tachebronis.com
WACHEN LLC                                       service@tachebronis.com
11605 Montague Court                             TACHE, BRONIS, CHRISTIANSON & DESCALZO, P.A.
Potomac, MD  20854                               150 S.E. 2 Avenue, Suite 600
(240) 292-9121                                   Miami, Florida 33131
(f) (301) 259-3846                               (305) 537-9565
                                                 (f) (305) 537-9567

**COUNSEL FOR DEFENDANT DAVID JONES**

**<u>Certificate of Service</u>**

On October 23, 2020, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

*s/ Walter J. Taché*
Walter J. Taché

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61912-DPG**

LARRY KLAYMAN,

                Plaintiff,

      v.

INFOWARS, *et al.*,

                Defendants.

_____/

**ORDER**

On this the _____ day of _____, 2020, upon consideration of Plaintiff's Motion to Remand, and Defendants' responses to the Motion:

IT IS ORDERED that Plaintiff's Motion is **DENIED**.

SIGNED this the _____ day of _____, 2020.

_____
HONORABLE DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE