IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,

      Plaintiff,

v.                                        Case 0:20-cv-61912

INFOWARS, LLC et. al.,

      Defendants.

_____/

## DEFENDANT ROGER STONE'S RESPONSE TO MOTION TO REMAND

Plaintiff Klayman filed a motion to remand. ECF No. [17]. Klayman served this lawsuit, one day past what the Florida Rules of Civil Procedure permits. *See* ECF No. [5-2]. Before deciding that issue, the Court must consider the citizenship of Klayman when determining whether it has diversity jurisdiction. Typically, parties and courts accept the representation by plaintiffs' and lawyers' concerning citizenship for purposes of analyzing whether diversity jurisdiction exists. In this case, this Court cannot.

The InfoWars defendants argue that there is diversity of citizenship because Roger Stone has not been timely served with this lawsuit filed by Klayman against Stone. While neither this Court nor the circuit court in Broward County where the suit was filed has personal jurisdiction over Stone for Plaintiffs' failure to timely serve process, this Court nonetheless must consider that it has diversity jurisdiction over plaintiff because Klayman is not a citizen of Florida. Since InfoWars defendants are citizens of Texas, Stone is a citizen of Florida, and Klayman is not a citizen of Florida, there would be complete diversity. *See* 28 U.S.C. §1332 (a)(1).

### I. Plaintiff is Not a Citizen of Florida

With consistency, Klayman has proclaimed he is a citizen of Florida. ECF No. [17 pg. 1]. This assertion of citizenship is typically accepted. However, this Court must order Klayman to prove he is a citizen of Florida, before the Court would otherwise remand this case based upon Klayman's representation of Florida citizenship.

Klayman is married. His wife lives in California. He has an infant child who lives with the child's mother, Klayman's wife – in California. (Exhibit – 1, *Klayman v. Porter*, representation in court, July 18, 2019, T. pg. 21). At two court hearings this year, Klayman represented he was in California, albeit stranded there. (Exhibit – 2). In June 2009, Klayman represented to a district court he moved to California and planned on taking the California Bar Exam. (Exhibit – 3, Case 2:09-cv-02108-AHM-RC (C.D. Cal 2009)). He has no known permanent residence in Florida. Klayman has listed, in prior court filings, to an address in Boca Raton; however, that address is a private mailbox suite of the UPS Store #354 located on West Palmetto Park Road.[1] He was evicted from the Miami address he has listed as a residence. (Exhibit –4, Order eviction). The other address he has placed on court filings, such as the Bundy litigation, *infra,* on Coral Way in Miami, is also a private mailbox.[2]

Interestingly, he is still considered a registered voter in Florida and a mail-in ballot is automatically sent to the address from where he was evicted eleven-years ago. (*Compare* Exhibit – 4, court order eviction *with* Exhibit – 5, registration). In light of the automatic mail-in voting request to a false address, counsel for Stone, hired a third party to investigate Klayman's voter registration. A comprehensive report through TLO (TransUnion) was conducted on October 26,

---

[1] https://locations.theupsstore.com/fl/boca-raton/7050-w-palmetto-park-rd
(last visited Oct. 27, 2020).
[2] Private mailbox -- 2520 Coral Way, Miami 33145 is SW 22nd Street https://locations.theupsstore.com/fl/miami/2520-sw-22nd-st
(last visited Oct. 29, 2020).

2020 and revealed that Klayman is registered to vote since as early as July, 2016 in Los Angeles, California – and there are indications that predate 2016.

Klayman's public cell phone number has a "310" California area code. (Exhibit – 6). He lists an office address in Washington, D.C. *Id.* However, on *Linkedin*, he lists his association with Freedom Watch (the organization he founded and which sponsors some of his litigation), is in Beverly Hills, California. (Exhibit – 7). When involved in the 2018 litigation with the D.C. Bar for ethics violations, the D.C. Bar's counsel specifically sent mail to South Beverly Drive in Beverly Hills, California per Klayman's request. (Exhibit – 8, App. 7 & 8). Counsel noted that Klayman should update his D.C. Bar registration from a District of Columbia address to the California address Klayman preferred. *Id.* The D.C. Bar still has Klayman's address listed as the District of Columbia. (Exhibit – 9). The Florida Bar also has Klayman's address listed as the District of Columbia. (Exhibit -- 10). This indicates he is an out of state resident lawyer.

In a case Klayman filed in the Superior Court of the District of Columbia, which was removed to the District of the District of Columbia based upon diversity, Klayman vehemently protested that there was not diversity between he and Roger Stone; however, he voluntary dismissed the lawsuit; thus, avoiding review. (Exhibit – 11, notice of voluntary dismissal).

Freedom Watch, the organization, Klayman founded and serves as counsel, does not have an office in Florida. (Exhibit – 12, Florida registration as foreign corporation). Klayman represented to the State of California that he was the sole corporate officer with an address in Stafford, Texas. (Exhibit – 13). On his various pleadings, he discloses addresses in California. (Exhibit – 8, 9th Circuit Bundy case; Exhibit – 14, Klayman *pro hac vice* application signed in CA). Granted, one can sign an affidavit in a state other than an individual's domicile, but

Klayman's wife and child live in California, and he registered to vote there. These facts require this Court to query – and order verification of Klayman's response.

Klayman, nonetheless, had persisted with the claim that he is a citizen of Florida to our Circuit Court. (Exhibit – 15, response to jurisdiction, *Klayman v. Judicial Watch, Inc.,* Case No. 14-13855-BB (11th Cir. Oct. 27, 2014). In 2014, the Eleventh Circuit accepted Klayman's representation. (Exhibit – 16, Order, (11th Cir. Jan. 29, 2015)).

As the Court is aware, there are wonderful economic advantages to being a citizen of Florida, such as no individual state income tax. §220.02, Fla. Stat. (2020). *See also Taylor v. Am. Heritage Church Fin., Inc.*, 2010 WL 2889694, at *2 (M.D. Fla. July 19, 2010) (citizenship analyzed). The homestead law also offers tax benefits and provides a shield against creditors. *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1020 (Fla. 2001), *opinion after certified question answered,* 255 F.3d 1321 (11th Cir. 2001) (citing Art.X, §4(a)(1), Fla. Const.). While an individual may choose to not own property in Florida and thereby take advantage of the homestead tax benefit and protection from creditors, where else one owns property is an indicator of where one resides.

Klayman owned property in California in 2017. (Exhibit – 17 (grant deed, El Dorado County Recorder)). He transferred the deed to the property to his wife. *Id.* Then Klayman's wife transferred ownership from herself to a Wyoming LLC, *Salva Veritate*. (Exhibit – 17). The mailing address for *Salva Veritate* is in El Dorado Hills, California. (Exhibit – 18). The "physical address" of *Salva Veritate* is listed as C T Corporation System, 1908 Thomes Ave Cheyenne, Wyoming 82001, a national corporate services company.[3]

---

[3] https://www.wolterskluwer.com/en/solutions/ct-corporation/resources/service-descriptions (last visited Oct. 27, 2020). *See also* https://www.wolterskluwer.com/en/solutions/ct-corporation/wyoming-registered-agent (last visited Oct. 27, 2020).

On the other hand, California has a state income tax. (Exhibit – 19, pg. 3). Its tax code is enforced.[4] If a person were to derive income while in California, that person might be required to pay California's income tax. (*See* Exhibit – 19, pg. 6). Furthermore, the California Bar is strict about practicing law in its state when one is a California resident and appears in legal matters in California. *See Paciulan v. George*, 229 F.3d 1226, 1227 n. 1 (9th Cir. 2000) (citing former Rule 983, "No person is eligible to appear as counsel *pro hac vice* under this rule if the person is: (1) A resident of the State of California; . . . ", now known as Cal. Rules of Court TICE 9.40, (2020)).

The facts have been developed and revealed since Klayman's unexamined claim to the Eleventh Circuit in 2014. The typical documentary evidence of driver's license, voter registration, concealed weapons permit, and stated intent must be examined. The typical indices of state citizenship are created by the person. Meaning, the putative Florida citizen obtains a driver's license, voter registration, and buys property. Klayman is in complete control of those actions. But the one factor not under Klayman's complete control is where his spouse and family live. They live in California. Intact families traditionally live together. Klayman is registered to vote in California. He does not own property in his name in Florida. His voter registration in Florida lists a false address since he was evicted from it. Voting in Florida if one does not reside in Florida is against the law. §§ 97.021(3) (must register address of legal residence); 97.041(1)(a)(3), (4) (voter must be legal resident of Florida and specified county); 97.1031(1)(a), (b) (must file change of address when it changes); 104.011 (false oath of voter registration information illegal). *See also Hernandez v. State,* 749 So. 2d 1284, 1284 (Fla. 3d DCA 2000) (conviction affirmed for aiding residency fraud in voting). Perhaps, Klayman merely did not

---

[4] https://www.ftb.ca.gov/about-ftb/meetings/board-meetings/2019/taxpayer-bill-of-rights/improve-compliance.html (last visited, Oct. 27, 2020).

advise the Secretary of State of Florida that he is no longer a qualified Florida voter – but that is not the issue in this case. The issue is whether he is a citizen of Florida.

## II.     The Parties in this Lawsuit have complete diversity of citizenship

The party seeking diversity jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence. *Blakemore v. Missouri Pac. R.R. Co.,* 789 F.2d 616, 618 (8th Cir.1986). Diversity is determined when the suit is instituted, not when the cause of action arose. *Smith v. Sperling,* 354 U.S. 91, 93 n. 1, 77 S. Ct. 1112, 1113–14 n. 1, 1 L.Ed.2d 1205 (1957). For diversity jurisdiction to exist there must be complete diversity. *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 573 (2004).  Each defendant must be a citizen of a state different from that of each plaintiff. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S. Ct. 2396, 2402 (1978); *Palmer v. Hospital Auth. of Randolph Cty.,* 22 F.3d 1559, 1564 (11th Cir.1994).

For an individual, citizenship for diversity purposes is equivalent to domicile. *McCormick v. Aderholt*, 293 F .3d 1254, 1257 (11th Cir. 2002). "Citizenship," or "domicile," is determined by two elements: (1) physical presence within a state; and (2) the mental intent to make a home there indefinitely. *Mississippi Band of Choctaw Indians,* 490 U.S. 30, 48, 109 S. Ct. at 1608; *Texas v. Florida,* 306 U.S. 398, 424, 59 S. Ct. 563, 576, (1939); *Scoggins v. Pollock,* 727 F.2d 1025, 1026 (11th Cir.1984). Intention to remain in a location permanently is not necessary. *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir. 1998). It is enough to have a "floating intention" to stay indefinitely and also have the general desire to return to one's former domicile at some undetermined point of time. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983). However, it is not sufficient to have an intention to return upon the happening of a reasonably foreseeable event. *Gates v. Comm'r of Internal Revenue,* 199 F.2d 291, 294 (10th Cir.1952). An

individual's statements of intent also are considered in determining domicile. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986). However, when subjective expressions of intent conflict with established facts, courts should accord them little weight. *Id.* (citing *Hendry v. Masonite Corp.,* 455 F.2d 955, 956 (5th Cir.1972)). To determine a person's domicile the courts consider a number of factors including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 749-750.

Based upon the above showing, this Court cannot merely rely upon Klayman's representations or allegation of citizenship in his complaint. He has represented to a court in California he was moving there and taking the bar exam. To the D.C. Bar, he requested pleadings be sent to California. He has registered to vote in Florida but to an address where he has been evicted eleven-years ago. He is registered to vote in California. He has a wife and child that live in California. He is in charge of Freedom Watch, a D.C. corporation and the foundation that Klayman controls, has a mailing address in California and an address listed in Texas. His public cell phone number has a California area code. He transferred property in California that he owned, to his wife, who transferred it to a Wyoming limited liability company of which she is the registered agent.

Mr. Klayman presented to the Eleventh Circuit evidence that he has a Florida Driver's License. (Exhibit – 15, pg. 19). The address is redacted. Our investigation reveals that Klayman's current driver's license lists the Palmetto Park, Boca Raton, private mailbox address, not a residential address. The Florida Department of Motor Vehicles requires a Florida

residential address to be legal. § 322.08(2)(a), Fla. Stat. (2020) (requires applicant for a driver's license to prove residential address in a specified county).

Defendants do not have to prove that Plaintiff is a California resident; just that he is not a Florida resident. Plaintiff is a resident of California or D.C., perhaps Texas; but he is not a resident of Florida. There are motives as to why Klayman would not want to be considered a California resident. But there is a real question about his citizenship that affects the determination of diversity jurisdiction on this Court. The presumption that Klayman is a Florida citizen has been overcome. There is complete diversity of citizenship; thus, the Court has diversity jurisdiction of this case.

## CONCLUSION

This Court should deny the motion for remand.

Respectfully submitted,

Robert C. Buschel, Esq.
BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida 33394
Tele: (954) 530-5301
Buschel@BGlaw-pa.com

By: __/s/ Robert C. Buschel_____
ROBERT C. BUSCHEL
Florida Bar No. 0063436

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2020 I electronically filed the foregoing with the clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

                                                                BUSCHEL GIBBONS, P.A.

                                                                 By:_/s/ Robert Buschel_____
                                                                 ROBERT C. BUSCHEL

# Attorneys

|  |  |  |
|---|---|---|
|  |  | **Larry Klayman** *(Plaintiff)* |
| **Larry Klayman** Klayman Law Group P.A. 2020 Pennsylvania Ave. NW #800 Washington, DC 20006 561-558-536 202-318-8839 (fax) leklayman@gmail.com  *Assigned: 03/07/2019*  *ATTORNEY TO BE NOTICED* | representing |  |
|  |  | **Larry Klayman** *(Plaintiff)* |
| **Marc J. Randazza** Randazza Legal Group, PLLC 2764 Lake Sahara Drive, Suite 109 Las Vegas, NV 89117 702-420-2001 702-297-6584 (fax) mjr@randazza.com  *Assigned: 07/24/2019*  *PRO HAC VICE*  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC** *(Defendant)* |
| cell is 702-757-1001 |  | **Infowars, LLC** *(Defendant)* |
|  |  | **Alex E. Jones** *(Defendant)* |
|  |  | **David Jones** *(Defendant)* |
|  |  | **Owen Shroyer** *(Defendant)* |
| **Bradley Jordan Reeves** Reeves Law, PLLC 702 Rio Grande St., Suite 306 Austin, TX 78701 512-827-2246 512-318-2484 (fax) | representing | **Free Speech Systems, LLC** *(Defendant)* |

| | | |
|---|---|---|
| brad@brtx.law<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | | |
| | | **Infowars, LLC**<br>*(Defendant)* |
| | | **Alex E. Jones**<br>*(Defendant)* |
| | | **Owen Shroyer**<br>*(Defendant)* |
| **Gregory P. Sapire**<br>Soltero Sapire Murrell PLLC<br>7320 North MoPac Expy.<br>Suite 309<br>Austin, TX 78731-2311<br>512-431-9518<br>512-359-7996 (fax)<br>greg@ssmlawyers.com<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **David Scott Wachen**<br>Wachen LLC<br>11605 Montague Court<br>Potomac, MD 20854<br>(240) 292-9121<br>301-259-3846 (fax)<br>david@wachenlaw.com<br>  *Assigned: 04/24/2019*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **Jay Marshall Wolman**<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(702) 420-2001<br>(305) 437-7662 (fax)<br>jmw@randazza.com<br>  *Assigned: 04/04/2019*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)* |

|  | **Alex E. Jones**<br>*(Defendant)* |
|---|---|
|  | **David Jones**<br>*(Defendant)* |
|  | **Owen Shroyer**<br>*(Defendant)* |