

**Florida Department of Agriculture** and Consumer Services
Division of Consumer Services

*DEPT OF AGRICULTURE*
*& CONSUMER SERVICES*
APR 2 0 2017
*BUREAU OF FINANCE*
*AND ACCOUNTING*

## CHARITABLE ORGANIZATIONS / SPONSORS REGISTRATION APPLICATION

Solicitation of Contributions Act
Chapter 496, Florida Statutes
Rule 5J-7.004, Florida Administrative Code

**ADAM H. PUTNAM**
**COMMISSIONER**

1-800-HELP-FLA (435-7352) • 850-410-3800 Calling Outside Florida
www.800helpfla.com • 850-410-3804 Fax

*Make Check or Money Order Payable to FDACS and remit with application to:*

FDACS
Solicitation of Contributions
P.O. Box 6700
Tallahassee, FL 32314-6700

All documents and attachments submitted with this application are subject to public review pursuant to Chapter 119, F.S. PLEASE TYPE OR PRINT. Additional pages may be attached if additional space is needed using the same format. Please ensure that all attachments reflect the organization's name or registration number and the number of the corresponding question. All fees are non-refundable.

| Business Information |
|---|

■ New Application    ☐ Renewal    CH _____    DTN _____
*(as listed on the preprinted renewal application)*

**1. Legal Name of Organization:**
Freedom Watch, Inc.

**\* Fictitious (DBA) Name:**
None
*\*If you are a Florida organization, all fictitious names must be registered with the Florida Department of State, Division of Corporations. If business is a corporation then 'Name' is the legal name of the business as listed with the Division of Corporations.*

**Other Names Soliciting As:**
None

**2. Street Address** *(include APT or SUITE # in all address lines; addresses must match those filed with the Division of Corporations; do not use a mail drop):*
2020 Pennsylvania Ave, NW , Suite 345

| City: Washington | State: DC | Zip Code: 20006 - |
|---|---|---|

**Mailing Address** *(if different from above):*
4850 Wright Rd., Ste. 168

| City: Stafford | State: TX | Zip Code: 77477 - |
|---|---|---|

**3. Telephone Number:**
( 352 ) 274 - 9359

**Fax Number:**
( ) -

**Email Address for Organization:**
Maureen@motislaw.com

**Website:**
www.freedomwatchusa.org

**4. Registration Application Type:** *[ss. 496.404(1), 496.404(18), 496.404(25), F.S.]*
■ Charitable    ☐ Charitable/Parent
☐ Sponsor    ☐ Sponsor/Parent

**5. Form of organization:** *[ss. 496.405(2) (f), F.S.]*
■ Corporation  ☐ LLC  ☐ Partnership  ☐ Sole Proprietorship
☐ Other *(please describe)*:

Org Code: 42 10 06 25 000
EO: A2
Object Code: 001133    $10.00 - $400.00

**Date incorporated or legally established:**
1 / 9 / 1995
Month / Day / Year

**State:**
DC

DTN/FAID: 2937162
17-04436833-0001
350.00 04/20/2017
Doc#991109

**6. Federal Employer ID Number** *[s. 119.092, F.S.]:*
52 - 1948015

*(stamped sideways:)* 2017 APR 24 AM 2: 56 DIVISION OF CONSUMER SERVICES

**7. List all officers, directors, trustees, and principal salaried executive personnel:** Exemptions from public records apply to certain personal information about current or former - law enforcement officers, judges, prosecutors, public defenders, firefighters, code enforcement officers, guardians ad litem and their families. For a complete list of exemptions, see s. 119.071(4), F.S. If you qualify for one of these exemptions, please do not list your residence address and phone number. *[s. 496.405(2)(g)2, F.S., s. 496.405(d)(5), (6), F.S.] (attach additional sheets as necessary using the same format)*

| | |
|---|---|
| **Name:** Larry Klayman | **Name:** Ted Baehr |
| **Title:** President/Director | **Title:** Director |
| **Street Address:** 2020 Pennsylvania Ave, NW  Suite 345 | **Street Address:** 2020 Pennsylvania Ave, NW  Suite 345 |
| **City:** Washington | **City:** |
| **State:** DC  **Zip Code:** 20006 - | **State:** Washington  **Zip Code:** DC - 20006 |
| **Telephone Number:** ( 352 ) 274 - 9359  **Compensated?** ■ Yes □ No | **Telephone Number:** ( 352 ) 274 - 9359  **Compensated?** □ Yes ■ No |
| **Criminal History:** □ Yes ■ No  Exempt from public records *[s. 119.071(4), F.S.]* □ Yes ■ No | **Criminal History:** □ Yes ■ No  Exempt from public records *[s. 119.071(4), F.S.]* □ Yes ■ No |
| **Name:** Louise Benson | **Name:** |
| **Title:** Director | **Title:** |
| **Street Address:** 2020 Pennsylvania Ave, NW  Suite 345 | **Street Address:** |
| **City:** Washington | **City:** |
| **State:** DC  **Zip Code:** 20006 - | **State:**  **Zip Code:** - |
| **Telephone Number:** ( 352 ) 274 - 9359  **Compensated?** □ Yes ■ No | **Telephone Number:** ( ) - **Compensated?** □ Yes □ No |
| **Criminal History:** □ Yes ■ No  Exempt from public records *[s. 119.071(4), F.S.]* □ Yes ■ No | **Criminal History:** □ Yes □ No  Exempt from public records *[s. 119.071(4), F.S.]* □ Yes □ No |
| **Name:** | **Name:** |
| **Title:** | **Title:** |
| **Street Address:** | **Street Address:** |
| **City:** | **City:** |
| **State:**  **Zip Code:** - | **State:**  **Zip Code:** - |
| **Telephone Number:** ( ) - **Compensated?** □ Yes □ No | **Telephone Number:** ( ) - **Compensated?** □ Yes □ No |
| **Criminal History:** □ Yes □ No  Exempt from public records *[s. 119.071(4), F.S.]* □ Yes □ No | **Criminal History:** □ Yes □ No  Exempt from public records *[s. 119.071(4), F.S.]* □ Yes □ No |

**8a.** **List all branch offices, chapters or affiliates located in the state of Florida.** If you are a parent organization that submits a consolidated financial statement, you may skip Question 8a. and list your branches and affiliates on the Supplemental Consolidated Financial Statement on page 11. *(attach additional sheets as necessary using the same format)* *[s. 496.405(2)(g)1, F.S.]*

| Name: | Name: |
|---|---|
| None | |
| **Street Address:** | **Street Address:** |
| **City:** | **City:** |
| **State:**      **Zip Code:**    - | **State:**      **Zip Code:**    - |
| **Telephone Number:** ( _____ ) _____ - _____ | **Telephone Number:** ( _____ ) _____ - _____ |
| **Email:** | **Email:** |

**8b.** If the charitable organization or sponsor does not maintain an office in Florida, provide the name, street address, and telephone number of the person having custody of the financial records. *[s. 496.405(2)(g)1, F.S.]*

**Name:**
Larry Klayman

**Title:**
President/Director

**Address:**
2020 Pennsylvania Ave, NW , Suite 345

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Washington | DC | 20006   - |

**Telephone Number:**
( 352 ) 274 - 9359

**Email:**
leklayman@yahoo.com or daj142182@gmail.com

**9.** List name of the individuals or officers who are in charge of any solicitation activities: *[s. 496.405(2)(c), F.S.]*

| **Name:** | **Street Address:** | **Telephone Number:** |
|---|---|---|
| Larry Klayman | 2020 Pennsylvania Ave, NW , Suite 345, Washington DC  20006 | 352-274-9359 |
| **Name:** | **Street Address:** | **Telephone Number:** |

**Criminal History:** ☐ Yes ☒ No

**10.** List the name, address, and telephone number(s) of person(s) responsible for the custody and final distribution of contributions: *[s. 496.405(2)(g)5, F.S.]*

| **Name:** | **Street Address:** | **Telephone Number:** |
|---|---|---|
| Larry Klayman | 2020 Pennsylvania Ave, NW , Suite 345 ,Washington DC  20006 | 352-274-9359 |
| **Name:** | **Street Address:** | **Telephone Number:** |

**Criminal History:** ☐ Yes ☒ No

**11.** Month/Day fiscal year ends: *[s. 496.405(2)(g)3, F.S.]*   12 / 31
                                                   *Month*     *Day*

**12.** Has your organization been granted tax exempt status by the Internal Revenue Service? *[s. 496.405(2)(f), F.S.]*

☑ **Yes**    501(c) 3_____    If yes, *you must attach a copy of the tax exemption determination letter from the IRS.*
                    *(insert number)*

☐ **No**

☐ **Pending** *(tax exemption determination letter must be submitted with renewal or 30 days after receipt)*

☐ **Revoked**

**13.** What is the purpose for which the organization is organized? *(Briefly and concisely explain the purpose for which your organization was created. It is best to summarize this information in your own words. Use only the space provided.) [s. 496.405(2)(b), F.S.]*

Freedom Watch is the only political advocacy group that speaks through actions, rather than just words. We are dedicated to not only

preserving freedom, but redefining its meaning, from protecting our rights to privacy, free speech, civil liberties, and freedom from foreign oil

and crooked business, labor and government officials, to protecting our national sovereignty against the incompetent, terrorist state-controlled

United Nations, and reestablishing the rule of law in what has become a very corrupt American legal system, where justice is only as good as

your lawyer and judge—most of whom are compromised ethically and otherwise.

**14.** What is the purpose for which the contributions will be used? *(Briefly and concisely explain the purpose for which contributions will be used. Use only the space provided. Do not reference 990 or include an attachment.) [s. 496.405(2)(b), F.S.]*

Contributions will be used to educate the public and to pursue legal actions in the United States and abroad.

_____

_____

_____

**15.** List major program activities: *(Briefly and concisely list the main activities in which your organization participates in order to accomplish the purpose stated in the previous question. Use only the space provided.) [s. 496.405(2)(g)4, F.S.]*

to educate the public and to pursue legal actions in the United States and abroad.

_____

_____

**16.** Does the charitable organization or sponsor employ a professional solicitor? *[s. 496.405(2)(e), F.S.]*

☐ **Yes**    ☑ **No**    If yes, attach a copy of the current contract, and provide the following information for each.
                    *(attach additional sheets as necessary using the same format)*

**Name:**

_____

**Address:**

_____

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| | | - |

**Telephone Number:**                        **Florida Registration Number:**
( _____ ) _____ - __ _____            SS- _____

**Dates of contract:**

**Beginning Date:** ____/____/____          **End Date** ____/____/____
                 Month  Day  Year                        Month  Day  Year

**17.** Does the charitable organization or sponsor employ a professional fundraising consultant? *[s. 496.405(2)(o), F.S.]*

☐ **Yes**    ☑ **No**    If yes, attach a copy of the current contract, and provide the following information for each.
                    *(attach additional sheets as necessary using the same format)*

**Name:**

_____

**Address:**

_____

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| | | - |

**Telephone Number:**
( _____ ) _____ - _____

**Florida Registration Number:**
FC- _____

**Dates of contract:**
Beginning Date: _____ / _____ / _____
                *Month*  *Day*  *Year*

End Date: _____ / _____ / _____
        *Month*  *Day*  *Year*

**18.** Does the charitable organization or sponsor utilize a commercial co-venturer? *[s. 496.405(2)(e), F.S.]*

☐ Yes ☒ No   **If yes, attach a copy of the current contract, and provide the following information for each.**
                *(attach additional sheets as necessary using the same format)*

**Name:**
_____

**Address:**
_____

**City:** _____ **State:** _____ **Zip Code:** _____ - _____

**Telephone Number:**
( _____ ) _____ - _____

**Dates of contract:**
Beginning Date: _____ / _____ / _____
                *Month*  *Day*  *Year*

End Date: _____ / _____ / _____
        *Month*  *Day*  *Year*

**NOTE:** Any change to the responses provided to Questions 19-24 must be reported to the department within 10 days after the change occurs. *(s. 496.405(1)(b), F.S.)* The Solicitation of Contributions Material Change Form, FDACS-10118, Rev. 01/15, as incorporated in Rule 5J-7.004(5), F.S., This form can be found online at www.800helpfla.com.

**19.** Is this charitable organization/sponsor authorized by any other state to solicit contributions? *[s. 496.405(2)(d)1, F.S.]*
☒ Yes ☐ No   Missouri

**20.** Has the charitable organization/sponsor entered into an assurance of voluntary compliance (AVC) or agreement similar to that set forth in s. 496.420, Florida Statutes in any jurisdiction? (This is not common.) *[s. 496.405(2)(d)4, F.S.]*
☐ Yes ☒ No   If yes, attach a copy of the agreement.

**21.** Has the charitable organization or sponsor or any of its officers, directors, trustees, or employees, regardless of adjudication, been convicted of, or found guilty of, or pled guilty or nolo contendere to, or been incarcerated within the last 10 years as a result of having previously been convicted of, or found guilty of, or pled guilty or nolo contendere to, *any felony* within the last 10 years? *[s. 496.405(2)(d)5, F.S.]*

☐ Yes ☒ No   **If yes, please provide the following information for each individual:** *(attach additional sheets as necessary using the same format)*

**Name:**
_____

**Nature of offense:** _____ **Date:** _____ / _____ / _____
                                                *Month*  *Day*  *Year*

**Court having jurisdiction:** _____

**Disposition of offense:** _____ **Date:** _____ / _____ / _____
                                                *Month*  *Day*  *Year*

**Does this individual engage in solicitation activities?** ☐ Yes ☐ No

**22.** Has the charitable organization/sponsor or *any of its officers, directors, trustees, or employees,* regardless of adjudication, been convicted of, or found guilty of, or pled guilty or nolo contendere to, or been incarcerated within the last 10 years as a result of having previously been convicted of, or found guilty of, or pled guilty or nolo contendere to, *any crime involving fraud, theft, larceny, embezzlement, fraudulent conversion, misappropriation of property, or any crime enumerated in this chapter or resulting from acts committed while involved in the solicitation of contributions within the last 10 years? [s. 496.405(2)(d)6, F.S.]*

☐ Yes ☒ No  If yes, please provide the following information for each individual: *(attach additional sheets as necessary using the same format)*

Name:

| Nature of offense: | Date: |
|---|---|
| | ___ / ___ / ___ |
| | Month  Day  Year |
| Court having jurisdiction: | |

| Disposition of offense: | Date: |
|---|---|
| | ___ / ___ / ___ |
| | Month  Day  Year |

Does this individual engage in solicitation activities?   ☐ Yes  ☒ No

**23.** Has the charitable organization/sponsor or any of its officers, directors, trustees, or principal salaried executive personnel been *enjoined in any jurisdiction from soliciting contributions* or been found to have engaged in unlawful practices in the solicitation of contributions or administration of charitable assets? *[s. 496.405(2)(d)2,(2)(d)7, F.S.]*

☐ Yes ☒ No   If yes, please provide the following information for each individual *(attach additional sheets as necessary using the same format).*

Name:

| Court issuing the injunction: | Date of injunction: |
|---|---|
| | ___ / ___ / ___ |
| | Month  Day  Year |

**24.** Has the charitable organization/sponsor had its registration or authority denied, suspended, or revoked by any governmental agency? *[s. 496.405(2)(d)3, F.S.]*

☐ Yes ☒ No   If yes, please explain the reasons for the denial, suspension or revocation:

**25.** ☒ I have attached the conflict of interest annual certification to this registration application. *[s. 496.4055, F.S.]*

**26.** Indicate the type of financial statement you are filing for the immediately preceding fiscal year ending
12 / 31 / 2015 :   *[s. 496.405(2)(a), F.S.]*

☐ Budget (newly formed organizations only)

☐ Department's financial statement form - **See pages 8-10**

☒ 990 and all attachments - **See item #26 of instructions for completing the Financial Statement**

☐ 990-EZ and Schedule O - **See item #26 of instructions for completing the Financial Statement**

☐ 180 Day Extension requested for financial statement only.  (Failure to file a financial statement within the 180 days will result in an automatic suspension of your registration.) *[s. 496.405(1)(d)2, F.S.]*

**27.** Charitable organizations or sponsors that receive at least $500,000 in annual contributions must have their financial statement reviewed or audited by an independent certified public accountant.  If annual contributions are more than $1 million, then the financial statement must be audited by an independent certified public accountant. *[s. 496.407(1)(d), F.S.]*

Attached is a copy of signed CPA review or audit        ☐  Yes    ☒  No

## ONLY SPONSORS NEED TO ANSWER THE FOLLOWING QUESTIONS:

"Sponsor" means a group or person who is or holds herself or himself out to be soliciting contributions by the use of a name that implies that the group or person is in any way affiliated with or organized for the benefit of emergency service employees or law enforcement officers and the group or person is not a charitable organization. The term includes a chapter, branch, or affiliate that has its principal place of business outside the state if such chapter, branch, or affiliate solicits or holds itself out to be soliciting contributions in this state.

**28.** Answer the following: *[s. 496.426, F.S.]*

**a.** Does the organization consist of members who are individuals of whom at least 10% or 100 members, whichever is less, are actively employed as law enforcement officers or emergency service employees by an agency of the United States, this state, a municipality, or a political subdivision of this state, and who personally sign written membership agreements with the organization and pay an __annual__ membership of not less than $10 a member?

☐ Yes    ☐ No

**b.** Total number of sponsor's members: _____

**c.** Total number of members actively employed as law enforcement or emergency service employees: _____

**d.** Percentage of total net contributions, which are dispersed in the state on behalf of its members in furtherance of its stated purposes or programs (defined as the total amount of all contributions raised minus the total cost of expenses incurred in raising contributions solicited): _____ %

### CONTACT PERSON

**29.** Contact person for the charitable organization or sponsor:

**Name:**                                      **Title:**

Mr. Larry Klayman                              President

**Telephone Number:**                          **Email Address:**
( 352   ) 274   -   9359                        leklayman@yahoo.com or daj142182@gmail.com

### CERTIFICATION

I, Mr. Larry Klayman _____ , am the   President _____
         *Name*                                  *Title*
completing the application for   Freedom Watch, Inc. _____
                                  *Name of Organization or Company*

**And further state as follows:**   *(Please check all that apply)*

☑   I have read the registration application and know the contents thereof; and

☑   The registration application is made for the purpose of complying with the provisions of Chapter 496, Florida Statutes, Solicitation of Contributions Act

I certify that I am authorized to complete this registration application and that the information provided is true and accurate.

X _____          Larry  Klayman          10/26/16
         *Signature*                   *Printed Name*            *Date*

( 561 ) 558 - 5316                lcKlagman @ gmail. com
     *Telephone Number*                 *Email Address*

## FINANCIAL STATEMENT

**FOR FISCAL YEAR ENDING** 12 / 31 / 2015
*(Please use department material change form if your organization's fiscal year ending changes.)*

Freedom Watch, Inc.                    CH _____   **DTN** _____

**NAME OF CHARITABLE ORGANIZATION**              **FOR RENEWALS**

**Is this a consolidated financial statement for chapters, branches, or affiliates?**   ☐ Yes   ☒ No

**NOTE:** In lieu of using this financial statement you may send the **IRS Form 990** and all attached schedules or the **IRS Form 990EZ** and Schedule O.

** **IRS 990N E-Postcard and IRS 990-PF are not acceptable Financial Statements.**

**REVENUE**                              See Attached IRS Form 990PF

| | | |
|---|---|---|
| 1. **Federated campaigns:** *(must provide a list of sources and amounts)* | | 1. _____ |
| 2. **Government grants:** *(must provide a list of sources and amounts)* | | 2. _____ |
| 3. **Program service revenue:** | | 3. _____ |
| 4. **Membership dues:** | | 4. _____ |
| 5. **Income from interest, dividends, etc.** | | 5. _____ |
| 6. **Income from investments & tax-exempt bond proceeds:** | | 6. _____ |
| 7. **Sale of assets other than inventory:** | | |
| a. Gross sales | 7a. _____ | |
| b. Less sales expenses | 7b. _____ | |
| c. Net gain or (loss) from sale of assets | | 7c. _____ |
| 8. **In-kind contributions (non-cash contributions):** | | 8. _____ |
| 9. **Royalties:** | | 9. _____ |
| 10. **Related organizations:** *(Must provide a list of sources and amounts)* | | 10. _____ |
| 11. **Net rental income:** | | 11. _____ |
| 12. **Sales of inventory:** | | |
| a. Gross sales | 12a. _____ | |
| b. Less: costs of goods sold | 12b. _____ | |
| c. Net income or (loss) from inventory sales | | 12c. _____ |
| 13. **Income from fundraising events:** | | |
| a. Gross | 13a. _____ | |
| b. Less: direct expenses | 13b. _____ | |
| c. Net income or (loss) from fundraising events | | 13c. _____ |
| 14. **Income from gaming activities:** | | |
| a. Gross | 14a. _____ | |
| b. Less: direct expenses | 14b. _____ | |
| c. Net income or (loss) from gaming activities | | 14c. _____ |
| 15. **All other contributions, gifts, grants & similar amounts:** | | 15. _____ |
| 16. **TOTAL REVENUE** *(Add lines 1,2, 3, 4, 5, 6, 7c, 8, 9, 10, 11, 12c, 13c, 14c & 15)* | | 16. _____ |

## Statement of Functional Expenses for _____ CH _____
(Organization Name)    (Renewals Only)

| ITEMS | (A)  Program Services | (B)  Management & General | ( C )  Fundraising | TOTAL for A,B, C |
|---|---|---|---|---|
| Grants &  allocations Cash_____ Non Cash_____ Attach schedule | | | | |
| Assistance to individuals | | | | |
| Benefits to or for members | | | | |
| Compensation to officers, etc. | | | | |
| Other salaries, wages, etc. | | | | |
| Fees for service non employee | | | | |
| Other benefits, pensions, etc. | | | | |
| Payroll taxes | | | | |
| Professional fundraising fees | | | | |
| Investment management fees | | | | |
| Accounting fees | | | | |
| Management | | | | |
| Legal fees | | | | |
| Lobbying | | | | |
| Office supplies | | | | |
| Telephone | | | | |
| Postage & shipping | | | | |
| Equipment rental | | | | |
| Occupancy | | | | |
| Printing | | | | |
| Travel | | | | |
| Conferences & meetings | | | | |
| Interest | | | | |
| Insurance | | | | |
| Advertising & promotions | | | | |
| Information technology | | | | |
| Royalties | | | | |
| Payments to affiliates | | | | |
| Depreciation, depletion & amortization | | | | |
| Other (List Item) | | | | |
| Other (List Item) | | | | |
| Other (List Item) | | | | |
| TOTAL EXPENSES | (A) | (B) | (C ) | TOTAL |

**EXPENSES:**

17. Program services expenses, including payments to affiliates
(Total of column A)                                                       17. _____

18. Management & general (Total of column B)                              18. _____

19. Fundraising (Total of column C)                                       19. _____

20. TOTAL EXPENSES (add lines 17, 18 & 19)                                20. _____

**NET ASSETS:**

21. Excess (or deficit) for the year (line 16 less line 20)               21. _____

22. Net assets of fund balance at beginning of year                       22. _____

23. Net assets or fund balance at end of year (add lines 21 & 22)         23. _____

**BALANCE SHEET:**

| | (A) Beginning of Year | (B) End of Year |
|---|---|---|
| Cash, savings and investments | | |
| Land and building | | |
| Other assets (describe on separate sheet) | | |
| Total assets | | |
| Total liabilities (describe on separate sheet) | | |
| Total assets or fund balance | (From Line 22) | (From Line 23) |

## SUPPLEMENTAL CONSOLIDATED FINANCIAL STATEMENT

Parent Organization Name _____  CH # _____
                                                                              *(Renewals Only)*

This form is required and may be reproduced to accommodate all affiliate locations.  Additional pages may be attached if additional space is needed using the same format.

**1. ] Name:**

_____

**Street Address:**

_____

**City:**                                            **State:**        **Zip Code:**

_____          _____    _____ - _____

**Telephone Number:**                          **Email:**
(  _____  )  _____ - _____          _____

Total contributions received in the name of Chapter, Branch or Affiliate          $ _____
Total Administrative costs accessed by Parent to Chapter, Branch or Affiliate      $ _____
Total payments to Chapter, Branch or Affiliate                                     $ _____

**2. Name:**

_____

**Street Address:**

_____

**City:**                                            **State:**        **Zip Code:**

_____          _____    _____ - _____

**Telephone Number:**                          **Email:**
(  _____  )  _____ - _____          _____

Total contributions received in the name of Chapter, Branch or Affiliate          $ _____
Total Administrative costs accessed by Parent to Chapter, Branch or Affiliate      $ _____
Total payments to Chapter, Branch or Affiliate                                     $ _____

**3. ] Name:**

_____

**Street Address:**

_____

**City:**                                            **State:**        **Zip Code:**

_____          _____    _____ - _____

**Telephone Number:**                          **Email:**
(  _____  )  _____ - _____          _____

Total contributions received in the name of Chapter, Branch or Affiliate          $ _____
Total Administrative costs accessed by Parent to Chapter, Branch or Affiliate      $ _____
Total payments to Chapter, Branch or Affiliate                                     $ _____

**CH** _____          **DTN** _____

## CONFLICT OF INTEREST CERTIFICATION

This will certify that **Freedom Watch, Inc.** _____ has adopted

**NAME OF ORGANIZATION**

a policy regarding conflict of interest transactions.  The policy has been read and is understood by all of the directors, officers and trustees of the organization. (s.496.405. F.S.)

|  NAME  |  SIGNATURE  |
|--------|-------------|
| 1. Larry Klayman | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |
| 11. | |
| 12. | |
| 13. | |
| 14. | |
| 15. | |
| 16. | |

(continue on additional pages if necessary)

9000072

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY** that all applicable provisions of the District of Columbia Nonprofit Corporation Act have been complied with and accordingly, this *CERTIFICATE OF AMENDMENT* is hereby issued to:

## THE INTERNATIONAL CENTER FOR ECONOMIC JUSTICE, INC.

### Name Changed To

## FREEDOM WATCH, INC.

**IN WITNESS WHEREOF I** have hereunto set my hand and caused the seal of this office to be affixed as of the 7th day of January, 2005.

David Clark
DIRECTOR

John T. Drann
Administrator
Business and Professional Licensing Administration

Patricia E. Grays
Superintendent of Corporations
Corporations Division

Anthony A. Williams
Mayor

950078

## NON-PROFIT CORPORATION GUIDELINE
## ARTICLES OF AMENDMENT

TO:
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUSINESS AND PROFESSIONAL LICENSING ADMINISTRATION
CORPORATIONS DIVISION
941 NORTH CAPITOL STREET, N.E.
WASHINGTON, D.C. 20002

Pursuant to the provisions of the District of Columbia non-profit Corporation Act, the undersigned adopts the following Articles of Amendment to its Articles of Incorporation:

**FIRST:** The name of the corporation is: International Center for Economic Justice.

**SECOND:** The following amendment of the Articles of Incorporation was adopted by the corporation in the manner prescribed by the District of Columbia Non-profit Corporation Act:

**NAME CHANGE:** Be it resolved that the corporate name of International Center for Economic Justice is changed to Freedom Watch, Inc.

**THIRD:** The amendment was adopted in the following manner: The amendment was adopted at a meeting of members held on November 15, 2004 at which a quorum was present, and the amendment received at least two-thirds of the votes which members present or represented by proxy at such meeting were entitled to cast.

Date: November 14, 2004

Corporate Name: Freedom Watch, Inc.

By _____
President

ATTEST _____
Secretary

FILE
1-6-05

**950076**

### GOVERNMENT OF THE DISTRICT OF COLUMBIA
#### DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
##### BUSINESS REGULATION ADMINISTRATION



## *CERTIFICATE*

*THIS IS TO CERTIFY* that all applicable provisions of the DISTRICT OF COLUMBIA NONPROFIT CORPORATION ACT have been complied with and accordingly, this *CERTIFICATE of INCORPORATION* is hereby issued to

## *THE INTERNATIONAL CENTER FOR ECONOMIC JUSTICE, INC.*

as of *JANUARY 9TH, 1995*.

Hampton Cross
Director

Katherine A. Williams
Acting Administrator
Business Regulation Administration

Patricia E. Grays
Acting Superintendent of Corporations
Corporations Division

Marion Barry, Jr.
Mayor

## ARTICLES OF INCORPORATION

### OF

### THE INTERNATIONAL CENTER FOR ECONOMIC JUSTICE, INC.

TO:   Department of Consumer and Regulatory Affairs
Business Regulation Administration
Corporations Division
Washington, D.C.

**FILED**

JAN – 9 1995

ᴰY: _____

We, the undersigned, all of whom are natural persons of the age of eighteen years or older,

acting as incorporators of a corporation, adopt the following Articles of Incorporation for such

corporation pursuant to the District of Columbia Non-Profit Corporation Act:

### I  Name

The name of the corporation is: *The International Center for Economic Justice, Inc.*

### II  Duration

The duration of the corporation shall be perpetual.

### III  Purposes

The Corporation is organized exclusively for the following purposes:

1.     To promote the cause of free trade by working to eliminate artificial and other trade

barriers and economic discrimination throughout the world.

2.     To operate as a center for the study of trade liberalization, prevention of

protectionism, and other related trade issues.

3. To monitor trade related events, trade policy decisions, and court decisions affecting trade and trade related issues in the United States and throughout the World.

4. To accept, hold, invest, reinvest and administer any gifts, legacies, bequests, devises, funds and property of any sort or nature, and to use, expend, or donate the income or principal thereof for, and to devote the same to, the foregoing purposes of the Corporation.

5. To do any and all lawful acts and things which may be necessary, useful, suitable or proper for the furtherance or accomplishment of the purposes of the Corporation.

6. No part of the net earnings of the Corporation shall inure to the benefit of any individual. The Corporation shall, however, be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of its purposes.

7. The Corporation shall not carry on activities that are not permitted to be carried on by a corporation exempt from Federal income tax under 501(c)(3) of the Internal Revenue Code (or the corresponding provision of any future United States Internal Revenue Law), or any activities that are not permitted to be carried on by a non-stock membership corporation under the provisions of the Federal Election Campaign Act of 1971, as amended (or the corresponding provisions of any future United States Election Campaign Law).

## IV. Members

There shall be such classes of non-voting members of the Corporation as are set forth in the bylaws of the Corporation.

2

## V  Board Of Directors

The manner of election of the Board of Directors of the Corporation shall be as provided in the bylaws of the Corporation.

## VI  Regulation Of Internal Affairs

A.    The affairs of the Corporation shall be managed by the Board of Directors.  The Board of Directors may elect or appoint persons to act in an advisory or honorary capacity in any manner provided for in the bylaws.

B.    The initial bylaws shall be adopted by the Board of Directors, which may alter, amend or repeal the bylaws or adopt new bylaws.

C.    In the event of the dissolution or final liquidation of the Corporation:

1.    None of the property of the Corporation nor any proceeds thereof shall be distributed to or divided among any of the directors of the Corporation or inure to the benefit of any individual.

2.    Upon the dissolution of this corporation/organization, assets shall be distributed for one or more exempt purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code, or corresponding section of any future Federal tax code, or shall be distributed to the Federal Government, or to a state or local government, for a public purpose.

D.    The private property of the directors or officers of the Corporation shall not be subject to payment of corporate debts to any extent whatsoever.

## VII.  Registered Office And Registered Agent

A.    The address, including street and number, of the initial registered office of the Corporation is:  501 School Street, S.W., Suite 775, Washington, D.C.  20024

B.    The initial registered agent of the Corporation at such address is Larry Klayman, who is a resident of the District of Columbia and a director of the Corporation.

## VIII.  Directors

A.    The number of directors constituting the initial Board of Directors is three.   The number of directors may be increased or decreased from time to time by amendment to the bylaws, but in no event shall be less than three.

B.    The names and addresses, including street and number, of the persons who are to serve as the initial directors until the first annual meeting or until their successors be elected and qualify are:

| NAME | ADDRESS |
| --- | --- |
| Larry Klayman | 501 School Street, S.W., Suite 775 Washington, D.C. 20024 |
| Stephanie Luck | 501 School Street, S.W., Suite 775 Washington, D.C. 20024 |
| Tiago Pinto | 501 School Street, S.W., Suite 775 Washington, D.C. 20024 |

## IX. Incorporators

The names and addresses, including street and number, of each incorporator is as follows:

NAME | ADDRESS

Larry Klayman | 501 School Street, S.W., Suite 775
Washington, D.C 20024

Stephanie Luck | 501 School Street, S.W., Suite 775
Washington, D.C. 20024

Tiago Pinto | 501 School Street, S.W., Suite 775
Washington, D.C. 20024

IN WITNESS WHEREOF, we subscribe and acknowledge these Articles of Incorporation this 22th day of December 1994.

Larry Klayman

Stephanie Luck

Tiago Pinto

5

# BYLAWS

## OF

## FREEDOM WATCH, INC.

### (a District of Columbia nonprofit corporation)

### ARTICLE I.

### PURPOSE

Section 1.01. PURPOSE. Freedom Watch Inc. (the "Corporation") is incorporated under the Nonprofit Corporate Act of the District of Columbia (the "NCA") for exclusively charitable, educational, religious, literary, and/or scientific purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or the corresponding provision of any successor United States Internal Revenue Law) (the "Code"). In furtherance of the Corporation's purposes, the Corporation will engage in charitable activities, including but not limited to, making distributions for charitable purposes.

Section 1.02. LIMITATIONS UPON POWERS AND ACTIVITIES. Notwithstanding any other provisions of these Bylaws to the contrary, the Corporation shall not, except to an insubstantial degree, carry on or engage in any activities or exercise any powers that are not in furtherance of the purposes of the Corporation. The property, assets, profits and net income of the Corporation are dedicated irrevocably to the purposes set forth in Section 1.01 above. No part of the net earnings of the Corporation shall inure to the benefit of or be distributable to its Members (as defined herein). Directors (as defined herein), officers or other private persons. except the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Section 1.01 above.

### ARTICLE II.

### OFFICES AND FISCAL YEAR

Section 2.01. REGISTERED OFFICE AND MAILING ADDRESS.   The initial registered office of the Corporation shall be 2020 Pennsylvania Avenue, NW. Suite 345, Washington DC 20006. The mailing address of the Corporation shall be the same.

Section 2.02. OTHER OFFICES. The principal place of business of the Corporation shall be located at 2020 Pennsylvania Avenue. NW, Suite 345, Washington DC 20006. The Corporation may also have offices at such other places. within or outside of Pennsylvania, as the Board of Directors of the Corporation (the "Board of Directors") may from time to time appoint or the business of the Corporation may require.

ACTIVE 31263508v2

Section 2.03. FISCAL YEAR. The fiscal year of the Corporation shall end on the last day of December.

## ARTICLE III.

## NOTICE - WAIVERS - MEETINGS GENERALLY

Section 3.01. MANNER OF GIVING NOTICE.

(a) General Rule. Whenever notice is required to be given to any person under the provisions of the NCA, the Corporation's Articles of Incorporation (the "Articles") or these Bylaws (these "Bylaws"), it may be given to such person, either personally, by telephone or by sending a copy thereof by first class mail, postage prepaid, by facsimile with transmittal confirmation, or by electronic mail ("e-mail") with transmittal confirmation, to his or her address (including his or her e-mail address) or telephone or facsimile number appearing on the books of the Corporation or, in the case of a member of the Corporation (each, a "Member" and collectively, the "Members") or a member of the Board of Directors (each, a "Director" and collectively, the "Directors"), supplied by him or her to the Corporation for the purpose of notice. If the notice is sent by first class mail, it shall be deemed to have been given to the person entitled thereto when deposited in the United States mail. If the notice is sent by e-mail or facsimile transmission, it shall be deemed to have been given to the person entitled thereto upon transmittal confirmation.

(b) Adjourned Meetings. When a meeting is adjourned, it shall not be necessary to give any notice of the adjourned meeting or of the business to be transacted at an adjourned meeting, other than by announcement at the meeting at which such adjournment is taken.

Section 3.02. NOTICE OF MEETINGS OF MEMBERS.

(a) Notice of Annual Meeting. Notice of the annual meeting of the Members shall be given not less than thirty (30) days before the date of the meeting to each Member entitled to vote at such meeting.

(b) Notice of Special Meetings.

(1) Except as otherwise provided in Section 3.02(b)(2) hereof, notice of a special meeting of the Members shall be given not less than five (5) days before the date of the meeting to each Member entitled to vote.

(2) Notice of a special meeting of the Members shall be given not less than ten (10) days before the date of the meeting to each Member if the Members are to discuss and/or approve at such meeting any of the following:

(i) any amendment to, or the repeal of, any provision of the Articles;

(ii)    the adoption of any plan for the merger or consolidation of the Corporation;

(iii)   the adoption of any plan for the division or conversion of the Corporation;

(iv)    the sale of all or substantially all of the assets of the Corporation; or

(v)     the adoption of any plan for the dissolution or liquidation of the Corporation.

(c)     Content.  Notice of a meeting of the Members shall specify the place, date and time of the meeting, the general nature of the business to be transacted at such meeting, and any other information required by any other provision of the NCA, the Articles or these Bylaws.

Section 3.03. NOTICE OF MEETINGS OF BOARD OF DIRECTORS.

(a)     Notice.

(1)     Notice of a regular meeting of the Board of Directors need not be given, except by the adoption of a resolution by the Board of Directors establishing the places, dates, and times of regular meetings.

(2)     Notice of a special meeting of the Board of Directors, unless waived, shall be given to each Director not less than one (1) day prior to the day on which such meeting is to be held if such notice is in person, by e-mail or facsimile, and not less than four (4) days prior to the day on which the meeting is to be held if such notice is by first class mail.

(b)     Content.  Every required notice of a meeting of the Board of Directors shall state the place, date and time of the meeting.  Unless otherwise provided by the NCA or these Bylaws, neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in a notice of such meeting.

Section 3.04. WAIVER OF NOTICE.

(a)     Written Waiver.  Whenever any written notice is required to be given under the provisions of the NCA, the Articles or these Bylaws, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.  Neither the business to be transacted at, nor the purpose of, a meeting need be specified in the waiver of notice of such meeting.

(b)     Waiver by Attendance.  Attendance of a person at any meeting shall constitute a waiver of notice of such meeting, except where a person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting was not lawfully called or convened.

Section 3.05. MODIFICATION OF PROPOSAL CONTAINED IN NOTICE. Whenever the language of a proposed resolution is included in a written notice of a meeting, the meeting considering the resolution may, without further notice, adopt it with such clarifying or other amendments as does not enlarge its original purpose.

Section 3.06. EXCEPTION TO REQUIREMENT OF NOTICE. Whenever any notice or communication is required to be given to any person under the provisions of the NCA, the Articles or these Bylaws, or by the terms of any agreement or other instrument or as a condition precedent to taking any corporate action, and communication with such person is then unlawful, the giving of such notice or communication to such person shall not be required.

Section 3.07. USE OF CONFERENCE TELEPHONE AND SIMILAR EQUIPMENT. One or more persons may participate in a meeting of the Members or a meeting of the Board of Directors, or any committee thereof, by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other, including, without limitation, by audio and/or audio/visual communications equipment. Participation in a meeting pursuant to Section 3.07 hereof shall constitute presence in person at such meeting.

ARTICLE IV.

MEMBERSHIP

Section 4.01. MEMBERSHIP. The Corporation shall have such classes of membership as the Board of Directors shall establish from time to time. There shall initially be one (1) class of membership.

Section 4.02. QUALIFICATION AND RETENTION OF MEMBERSHIP.

(a)    Qualification.   Except as otherwise provided herein, any member of Freedom Watch, Inc. who is in good standing and who resides in North America, and any Honorary Member (as defined below), shall be a Member once the Board approves the Member's membership in accordance with Section 4.03 hereof. [Note: Is there a formal application process?]

(b)    Retention.   In order to continue to be a Member, a Member must comply with all Membership obligations on a timely basis, including but not limited to, paying such dues as may be established by the Board of Directors.

(c)    Honorary Member.   The Board of Directors may, at its discretion, designate any person or business as an "Honorary Member" based upon the contribution such person or business has made to the Corporation and/or to the mission of the Corporation.

Section 4.03. MEMBERSHIP DUES, FEES AND MEMBERSHIP RULES. The Board of Directors shall have the authority to set membership dues, nomination fees and sanctioning fees for the Members and to promulgate rules relating to eligibility for membership. Approval

for membership may be denied for any reason deemed sufficient by the Board of Directors even though the applicant may meet the stated criteria for membership.

Section 4.04. RECORD OF MEMBERS. The Secretary of the Corporation (the "Secretary") shall maintain a current list of the Members, with the address of each, which list shall be kept on file at the registered office of the Corporation.

Section 4.05. MEMBERSHIP MEETINGS.

(a) Annual Meetings. The annual meeting of the Members shall be held on or before December 31 of each year on such day and at such time and place as the Board of Directors shall designate.

(b) Special Meetings. Unless otherwise prescribed by the NCA or by the Articles, special meetings of the Members may be held for any purpose or purposes and at any time on the call of the Chair of the Board of Directors (the "Chair") or the President of the Corporation (the "President"), at the request in writing of a majority of the Board of Directors, or at the request in writing of at least thirty percent (30%) of the Members entitled to vote at such meeting. Such request shall state the purpose or purposes of the proposed meeting. If the Secretary shall fail or refuse to give notice of such meeting, then the notice may be given by the officer making the call or the Directors or Members making the request.

(c) Place of Meetings. All meetings of the Members, whether annual or special, shall be held at the offices of the Corporation, or at such other place as may be fixed from time to time by the Board of Directors and included in the notice of such meeting.

(d) Members' List. At least ten (10) days before every meeting of Members, a complete list of the Members entitled to vote at said meeting, arranged in alphabetical order, shall be prepared by the Secretary. Such list shall be open to the examination of any Member, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten (10) days prior to the meeting at the place where the meeting is to be held.

Section 4.06. QUORUM OF AND ACTION BY MEMBERS.

(a) General Rule. A majority of the Members shall be necessary to constitute a quorum for the transaction of business and, except as otherwise provided in these Bylaws, the acts of a majority of the Members present in real time (in person by telephone or video) at a duly called meeting of the Members where a quorum is present shall be the acts of the Members.

(b) Action by Written Consent. Any action which may be taken at a meeting of the Members may be taken without a meeting if a consent or consents in writing setting forth the action so taken shall be signed on behalf of each Member. The written consent(s) shall be filed with the Secretary.

(c) Fundamental Transactions. All "Fundamental Transactions" as defined in Section 5.10(b) hereof, must be approved in accordance with Section 5.10(b) hereof.

(d)    Absence of Quorum.  In the absence of a quorum, a majority of the Members present may adjourn the meeting from time to time until a quorum shall be present. Notice of any adjourned meeting need not be given, except that notice shall be given to all Members if the adjournment is for more than thirty (30) days.

Section 4.07. VOTING RIGHTS.

(a)    Voting.  Each Member shall be entitled to one (1) vote upon each matter submitted to a vote at a meeting of the Members.  In addition to any voting rights provided in these Bylaws, Members shall be entitled to vote upon any matter with respect to which the NCA requires a vote of the Members.  Unless otherwise required by these Bylaws, the manner of voting on any matter, including changes in the Articles or Bylaws, may be by voice vote, show of hands or by ballot, as determined by the Members present at the applicable meeting, or by proxy or mail-in or e-mail ballot if a ballot is sent with notice of the issue to be voted upon. Except as otherwise provided in the NCA, in the Articles or elsewhere in these Bylaws, with respect to any vote that shall be required for a specified action, the vote of a majority of the Members who are present in person, who are represented by proxy, and who have voted by mail-in or e-mail ballot (if applicable with respect to such action), shall decide any question brought before such meeting, provided that a quorum is present at such meeting.

(b)    Voting By Proxy.  Any absent Member eligible to vote at any meeting of the Members may be represented as present and may vote at such meeting by a proxy authorized in writing by the Member or by his or her duly authorized attorney-in-fact.  Such written authorization must specify the matter with respect to which the proxy is granted and the person entitled to vote, must be signed and dated by the member granting the proxy, and must be filed with the Secretary.  A proxy shall be revocable at will but the revocation shall not be effective until notice of the revocation has been given to the Secretary.  A proxy shall not be revoked by the death or incapacity of the maker unless, before the vote is counted or the authority is exercised, written notice of such death or incapacity is given to the Secretary.

Section 4.08. TRANSFER OF MEMBERSHIP.  Membership in the Corporation is not transferable or assignable, except upon assignment, sale or transfer of all or substantially all of those assets of a Member's business related to the business of the Corporation.

Section 4.09. RESIGNATION AND ADDITION OF MEMBERS.

(a)    Resignation of Members.  A Member may resign at any time by giving written notice to the non-resigning Members and the Chair, so long as any resigning Member who is a Director and/or officer also resigns as a Director and/or officer.  The resignation shall take effect on the later of (i) the date the notice is received by the Chair or (ii) at any other time specified in the notice.  Unless otherwise specified in the notice, the resignation need not be. accepted to be effective.  Any resignation shall be without prejudice to any rights of the Corporation under any contract to which the Member is a party.

(b)    Additional Members.  The Corporation may admit additional members as long as such additional members are approved in accordance with Section 5.10(b) hereof.

Section 4.10. EXPULSION FROM MEMBERSHIP.

(a)     A Member shall be automatically removed, without action by the Board of Directors, upon ceasing to meet the qualifications for Membership set by the Directors pursuant to Section 4.02 hereof.

(b)     Any Member may be expelled as a Member of the Corporation, without the assignment of any cause, upon a majority vote of the Members or Directors present at a duly convened meeting of the Members or Directors, respectively, provided that written notice of the intention to expel and reasons therefor have been provided in the notice of the meeting.

(c)     The Board of Directors may suspend or expel any Member who shall be in default in the payment of dues, such membership to be reinstated upon the payment of all dues and fees owed to the Corporation.

(d)     Unless expelled due to a default in the payment of dues, no Member shall be expelled without having the opportunity to be heard at such meeting, but no formal hearing procedure need be followed.

Section 4.11. ADDITIONAL MEMBERSHIP CLASSES.

(a)     Board of Directors. The Board of Directors shall have the power to create such classes of "membership," such as associate memberships, as the Board of Directors sees fit, subject to the approval of the Members. But, in no event shall associate members have the rights of "members," as that term is defined and used in the NCA. Rules and Regulations governing associate members shall be enacted by the Board of Directors. The creation of additional classes of membership must be approved in accordance with Section 5.10(b) hereof.

(b)     Members. The Members may authorize the establishment of additional classes of membership if the Members decide that such additional classes of membership will aid and assist the Corporation in furthering its purposes. The creation of additional classes of membership must be approved in accordance with Section 5.10(b) hereof.   If additional class/classes of membership is/are authorized, the members at such new class/classes of membership shall not have the same rights and responsibilities as the Members but will be considered "members," as that term is defined and used in the NCA.

ARTICLE V.

---

BOARD OF DIRECTORS

Section 5.01. POWERS; STANDARD OF CARE.

(a)     General Rule. Unless otherwise provided by the NCA or these Bylaws, all powers vested by law in the Corporation shall be exercised by or under the authority of, and the business and affairs of the Corporation shall be managed under the direction of the Board of Directors.

(b) **Standard of Care: Justifiable Reliance.** A Director shall stand in a fiduciary relation to the Corporation and shall perform his or her duties as a Director, including duties as a member of any committee of the Board of Directors upon which the Director may serve, in good faith, in a manner the Director reasonably believes to be in the best interests of the Corporation and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances. In performing his or her duties, a Director shall be entitled to rely in good faith on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by any of the following:

(1) One or more officers or employees of the Corporation whom the Director reasonably believes to be reliable and competent in the matters presented.

(2) Counsel, public accountants or other persons as to matters which the Director reasonably believes to be within the professional or expert competence of such person.

(3) A committee of the Board of Directors upon which the Director does not serve, duly designated in accordance with law, as to matters within its designated authority, which committee the Director reasonably believes to merit confidence.

A Director shall not be considered to be acting in good faith if the Director has knowledge concerning the matter in question that would cause his or her reliance to be unwarranted.

(c) **Consideration of Factors.** In discharging the duties of their respective positions, the Board of Directors, committees of the Board of Directors and individual Directors may, in considering the best interests of the Corporation, consider the effects of any action upon communities in which offices or other establishments of the Corporation are located, and all other pertinent factors. The consideration of those factors shall not constitute a violation of Section 5.01(b) hereof.

(d) **Presumption.** Absent breach of fiduciary duty, lack of good faith or self-dealing, any action taken as a Director or any failure to take any action shall be presumed to be in the best interests of the Corporation.

(e) **Notation of Dissent.** A Director who is present at a meeting of the Board of Directors, or of a committee of the Board of Directors, at which action on any corporate matter is taken, shall be presumed to have assented to the action taken unless his or her dissent is entered in the minutes of the meeting or unless the Director files a written dissent to the action with the Secretary of the meeting before the adjournment thereof or transmits the dissent in writing to the Secretary immediately after the adjournment of the meeting. The right to dissent shall not apply to a Director who voted in favor of the action. Nothing in Section 5.01(e) hereof shall bar a Director from asserting that minutes of the meeting incorrectly omitted his or her dissent if, promptly upon receipt of a copy of such minutes, the Director notifies the Secretary in writing of the asserted omission or inaccuracy.

Section 5.02. QUALIFICATION AND ELECTION OF DIRECTORS.

(a)     Qualifications.  Each Director shall be a natural person eighteen (18) years of age or older.

(b)     Election of Directors.  Except as otherwise provided in the Articles or these Bylaws, Directors shall be elected upon the affirmative vote of a majority or more of the Members present at a duly called meeting of the Members where a quorum is present.  In elections for Directors, voting need not be by ballot, except upon demand made by a person entitled to vote at the election and before the voting begins.  The candidates receiving the highest number of votes cast shall be elected.

(c)     Initial Directors.  The initial Directors shall be those persons named as Directors by the Incorporator of the Corporation.

Section 5.03. NUMBER AND TERM OF OFFICE.

(a)     Number.  The Board of Directors shall consist of not less than three (3) Directors.

(b)     Term of Office.

(1)     Except as otherwise provided herein, the term of office for each Director shall be two (2) years.  The term of office shall begin at the applicable meeting of the Members at which such Director was elected. Each Director shall hold office until the expiration of the term for which he or she was selected and until a successor shall be selected and shall qualify or until his or her earlier death, resignation or removal.

(2)     A decrease in the number of Directors shall not have the effect of shortening the term of any incumbent Director.

(3)     There shall be no limitation on the number of terms of office for the Directors.

(c)     Resignation.  Any Director may resign at any time by giving written notice to the Board of Directors.  The resignation shall take effect on the later of (i) the date the notice is received or (ii) at any other time specified in the notice.  Unless otherwise specified in the notice, the resignation need not be accepted to be effective.  Any resignation shall be without prejudice to any rights of the Corporation under any contract to which the Director is a party.

Section 5.04. VACANCIES.  If a vacancy occurs in the office of a Director for any reason, including an increase in the number of Directors, the Board of Directors shall select a Director for the vacant position upon the affirmative vote of a majority or more of the Directors present at a duly called meeting of the Board of Directors where a quorum is present, and such Director shall hold office for the unexpired term for which the vacancy occurred, if applicable.

Section 5.05. REMOVAL OF DIRECTORS.  A Director may be removed from office at any time, with or without cause, in accordance with Section 5.10(b) hereof, provided that written

notice of the intention to consider the removal of such Director has been included in the notice of the meeting at which such removal will be considered.

Section 5.06. PLACE OF MEETINGS. Meetings of the Board of Directors may be held at such place, within or outside of Pennsylvania, as the Board of Directors may from time to time designate, or as may be designated in the notice of the meeting. If the Board of Directors has not so designated the location of the meeting, the meeting shall be held at the principal office of the Corporation.

Section 5.07. ORGANIZATION OF MEETINGS. The Chair shall preside at all meetings of the Board of Directors. If no individual is currently serving as the Chair, then the members of the Board of Directors shall appoint a person to serve as the Chair. If there is a Chair but he or she is unable to attend a Board of Directors meeting, then the members of the Board of Directors shall appoint a person to preside at that Board of Directors meeting. The Secretary, or, in the absence of the Secretary, any person appointed by the Chair or the person presiding at that particular meeting, shall act as the Secretary of that meeting.

Section 5.08. REGULAR MEETINGS. Regular meetings of the Board of Directors shall be held at such places, dates and times as shall be designated from time to time by resolution of the Board of Directors. One such regular meeting shall be designated, in advance, as the annual meeting of the Board of Directors.

Section 5.09. SPECIAL MEETINGS. Special meetings of the Board of Directors may be held at any time on the call of the Chair or the President or at the request in writing of at least Two (2) Directors. Any such meeting may be held at such place as the Board of Directors may fix from time to time or as may be specified or fixed in such notice or waiver thereof. Any meeting of the Board of Directors shall be a legal meeting without any notice thereof having been given, if all the Directors shall be present thereat, and no notice of a meeting shall be required to be given to any Director who shall attend such meeting. If the Secretary shall fail or refuse to give such notice, then the notice may be given by the officer making the call or any one of the Directors making the request.

Section 5.10. QUORUM OF AND ACTION BY DIRECTORS.

(a) General Rule. A majority of the Directors in office shall be necessary to constitute a quorum for the transaction of business and, except as otherwise provided herein, the acts of a majority of the Directors present at a duly called meeting of the Board of Directors where a quorum is present shall be the acts of the Board of Directors.

(b) Fundamental Transactions. Any "Fundamental Transaction" (as defined herein) shall require (i) the affirmative vote of two-thirds (2/3) or more of the Directors then in office and the affirmative vote of a majority or more of the Members present at a duly called meeting of the Members where a quorum is present, or (ii) the affirmative vote of two-thirds (2/3) or more of the Members present at a duly called meeting of the Members where a quorum is present.

A "Fundamental Transaction" shall include the following:

(1)     any amendment to, or the repeal of, any provision of the Articles or Bylaws;

(2)     the increase or decrease in the authorized number of members of the Board of Directors;

(3)     the removal of a member of the Board of Directors;

(4)     the adoption of any plan for the merger, consolidation or reorganization of the Corporation;

(5)     the adoption of any plan for the division or conversion of the Corporation;

(6)     the sale of all or substantially all of the assets of the Corporation;

(7)     the formation of a subsidiary of the Corporation;

(8)     the adoption of any plan for the dissolution or liquidation of the Corporation;

(9)     the creation of an additional membership class of the Corporation;

(10)    the admission of any additional members of the Corporation;

(11)    the approval, modification or termination of the Signatory and Disbursement Policy of the Corporation (the "<u>Signatory and Disbursement Policy</u>");

(12)    the establishment of, increase in or decrease in, compensation for any management personnel of the Corporation; and

(13)    a special assessment of dues upon the Members.

(c)     <u>Voting Rights</u>.  Each Director shall be entitled to one (1) vote.

(d)     <u>Action by Written Consent</u>.  Any action which may be taken at a meeting of the Directors may be taken without a meeting if a consent or consents in writing setting forth the action so taken shall be signed by all of the Directors then in office and shall be filed with the Secretary.

(e)     <u>Absence of Quorum</u>.  In the absence of a quorum, a majority of the Directors present may adjourn the meeting from time to time until a quorum shall be present. Notice of any adjourned meeting need not be given, except that notice shall be given to all Directors if the adjournment is for more than thirty (30) days.

Section 5.11. COMPENSATION.  Compensation paid to any Director for services performed in his or her capacity as a member of the Board of Directors must be reasonable and approved by the Board of Directors.  Directors may be reimbursed by the Corporation for reasonable expenses incurred by such Director in connection with such Director's attendance at

regular or special meetings of the Board of Directors or committees thereof as approved by the Board of Directors. Further, Directors shall be reimbursed for such other expenses approved by the Board of Directors.

Section 5.12. INVITED GUESTS. The Board of Directors shall be permitted to invite individuals to observe any regular or special meetings of the Board of Directors or committees thereof; provided, however, that such individuals must leave any such meeting if and when directed by the Board of Directors or the members of the applicable committee thereof.

Section 5.13. ANNUAL DUES. The Board of Directors shall approve the annual dues to be paid by the Members.

Section 5.14. SPECIAL ASSESSMENTS OF DUES. The Board of Directors shall not make a special assessment of dues upon the Members, unless unusual or emergency circumstances require such special assessment, and such assessment is approved in accordance with Section 5.10(b) hereof.

Section 5.15. ROBERTS' RULES OF ORDER. The rules contained in the current edition of *Roberts' Rules of Order, Newly Revised* shall govern Board of Directors meetings in all cases to which they are applicable, unless such rules are inconsistent with these Bylaws and any special rules of order the Board of Directors may adopt.

## ARTICLE VI.

## COMMITTEES.

Section 6.01. COMMITTEES.

(a)     Establishment. The Board of Directors may establish one (1) or more committees to consist of one (1) or more Directors and/or such other individuals who may be interested in serving on such committee(s).

(b)     Powers. Each committee shall have such authority as delegated by resolution of the Board of Directors. Notwithstanding any other provision herein to the contrary, no committee shall have any power or authority:

(1)     to act on matters committed by resolution of the Board of Directors to another committee of the Board of Directors; or

(2)     to approve Fundamental Transactions.

(c)     Committee Quorum. Except as otherwise provided in the resolution of the Board of Directors establishing any committee, a majority of the members of such committee shall be necessary to constitute a quorum for the transaction of business, and the acts of a majority of the committee members present at a meeting at which a quorum is present shall be the acts of such committee.

(d)     Alternate Committee Members.  The Board of Directors may designate one or more individuals as alternate members of any committee who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member or alternate member of a committee, the regular or alternate member or members thereof present at any meeting and not disqualified from voting, whether or not constituting a quorum, may unanimously appoint another individual to act at the meeting in the place of the absent or disqualified member or alternate member.

(e)     Term.  Each committee of the Board of Directors shall serve at the pleasure of the Board of Directors.

(f)     Meetings.  Regular and special meetings of a committee shall be held at such time and place, and in such manner as the members of such committee shall determine.

(g)     Notice of Committee Meetings.  Notice of a regular meeting of any committee under the Board of Directors need not be given, except by the adoption of a resolution by such committee establishing the places, dates, and times of regular meetings.  Notice of a special meeting of any committee under the Board of Directors shall be given to each member of such committee by telephone or in writing at least twenty-four (24) hours before the time at which the meeting is to be held.  Every required notice of a meeting shall state the place, date and time of the meeting.  Unless otherwise provided by the NCA, neither the business to be transacted at, nor the purpose of, any special meeting need be specified in a notice of such meeting.

(h)     Resignation.  Any committee member may resign at any time by giving written notice to the chair of that particular committee.  The resignation shall take effect on the later of (i) the date the notice is received or (ii) at any other time specified in the notice.  Unless otherwise specified in the notice, the resignation need not be accepted to be effective.  Any resignation shall be without prejudice to any rights of the Corporation under any contract to which the committee member is a party.

(i)     Vacancies.  If a vacancy occurs in the office of a committee member for any reason, including an increase in the number of committee members of a particular committee, such vacancy shall be filled pursuant to the rules of that particular committee, and the committee member shall hold office for the unexpired term for which the vacancy occurred, if applicable.

(j)     Removal of Committee Members.  A committee member may be removed from office at any time, with or without cause, upon (i) the affirmative vote of two-thirds (2/3) or more of the other committee members then in office and voting, or (ii) the affirmative vote of a majority or more of the Directors present at a duly called meeting of the Board of Directors where a quorum is present, provided that written notice of the intention to consider the removal of such committee member has been included in the notice of the meeting at which such removal will be considered.

(k)     Voting Rights.  Each committee member shall be entitled to one (1) vote.

(l)     Roberts' Rules of Order. The rules contained in the current edition of *Roberts' Rules of Order, Newly Revised* shall govern committee meetings in all cases to which they are applicable, unless such rules are inconsistent with these Bylaws and any special rules of order that a committee may adopt.

### ARTICLE VII.

### OFFICERS

#### Section 7.01. OFFICERS GENERALLY.

(a)     Number, Qualifications and Designation. The officers of the Corporation shall be the Chair, the President, the Vice President, a Secretary, the Treasurer, and such other officers as may be designated in accordance with the provisions of Sections 7.01, 7.02 and 7.03 hereof. All officers shall be natural persons twenty-one (21) years of age or older. The Board of Directors shall elect the Chair from among the members of the Board of Directors. Any number of offices may be held by the same person.

(b)     Resignation. Any officer may resign at any time by giving written notice to the Board of Directors. The resignation shall take effect on the later of (i) the date the notice is received or (ii) at any other time specified in the notice. Unless otherwise specified in the notice, the resignation need not be accepted to be effective. Any resignation shall be without prejudice to any rights of the Corporation under any contract to which the officer is a party.

(c)     Bonding. The Corporation may secure the fidelity of any or all of its officers by bond or otherwise. Alternatively, the Corporation may obtain fiduciary insurance on behalf of its officers.

(d)     Standard of Care. An officer shall perform his or her duties as an officer in good faith, in a manner he or she reasonably believes to be in the best interests of the Corporation and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances.

(e)     Compensation. Compensation paid to any officer of the Corporation for services performed in his or her capacity as an officer of the Corporation must be reasonable and approved by the Board of Directors. Officers may be reimbursed by the Corporation for reasonable expenses incurred by such officer in connection with such officer's attendance at regular or special meetings of the Board of Directors or other meetings whereby an officer's attendance is requested and approved by the Board of Directors. Further, officers shall be reimbursed for such other expenses approved by the Board of Directors.

Section 7.02. ELECTION AND TERM OF OFFICE. The officers of the Corporation, except those elected by delegated authority pursuant to Section 7.03, shall be elected annually upon the affirmative vote of a majority or more of the Directors present at a duly called meeting of the Board of Directors where a quorum is present, and each officer shall hold office for a term of one (1) year and until a successor shall be selected and shall qualify, or until his or her earlier

death, resignation or removal. There shall be no limitations on the number of terms of office for the officers of the Corporation.

Section 7.03. SUBORDINATE OFFICERS, COMMITTEES AND AGENTS. The Board of Directors may from time to time elect such other officers and appoint such committees or other agents as the business of the Corporation may require, including one or more assistant vice presidents, one or more assistant secretaries and one or more assistant treasurers, each of whom shall hold office for such period, have such authority, and perform such duties as are provided in these Bylaws or as the Board of Directors may from time to time determine. The Board of Directors may delegate to any officer or committee the power to elect subordinate officers and to retain or appoint other agents or committees thereof, and to prescribe the authority and duties of such subordinate officers, committees, or other agents.

Section 7.04. NO CONTRACT RIGHTS. Election or appointment of an officer or agent shall not of itself create any contract rights in the officer or agent.

Section 7.05. REMOVAL OF OFFICERS AND AGENTS. Any officer or agent of the Corporation may be removed from office at any time, with or without cause, upon (i) the affirmative vote of a majority or more of the Directors present at a duly called meeting of the Board of Directors where a quorum is present; or (ii) the affirmative vote of a majority or more of the Members present at a duly called meeting of the Members where a quorum is present, provided that written notice of the intention to consider the removal of such officer or agent has been included in the notice of the meeting at which such removal will be considered. Any such removal shall be without prejudice to the contract rights, if any, of any person so removed.

Section 7.06. VACANCIES. A vacancy in any office because of death, resignation, removal, disqualification, or any other cause, shall be filled upon a majority vote of the Directors present at a duly called meeting of the Board of Directors where a quorum is present, or by the officer or committee to which the power to fill such office has been delegated pursuant to Section 7.03 hereof, as the case may be, and if the office is one for which these Bylaws prescribe a term, shall be filled for the unexpired portion of the term.

Section 7.07. AUTHORITY. All officers of the Corporation, as between themselves and the Corporation, shall respectively have such authority and perform such duties in the management of the property and affairs of the Corporation as are provided in these Bylaws or may be provided by or pursuant to resolutions or orders of the Board of Directors.

Section 7.08. THE CHAIR. The Chair shall preside at all meetings of the Board of Directors. The Chair shall have such other duties and responsibilities as shall be delegated to him or her by these Bylaws and by the Board of Directors from time to time.

Section 7.09. THE PRESIDENT. The President shall have general supervision over the business and operations of the Corporation, subject, however, to the control of the Board of Directors. The President shall perform all duties incident to the office of President, and such other duties as from time to time may be assigned by the Board of Directors.

Section 7.10. THE VICE PRESIDENT. At any time when the President is unable to act, the Vice President of the Corporation (the "Vice President") shall, subject to the limitations set

forth in these Bylaws, (a) perform all duties of the President, and (b) have all authority given to the President pursuant to Section 7.09 of these Bylaws. The Vice President shall have such other duties and authority as from time to time may be assigned by the Board of Directors.

Section 7.11. THE SECRETARY. The Secretary shall attend all meetings of the Board of Directors (or committees of the Board of Directors) and shall record all votes of the Directors (or committees persons) and the minutes of the meetings of the Board of Directors (or committees) in a book or books to be kept for that purpose; shall see that notices are given and records and reports properly kept and filed by the Corporation as required by law; shall be the custodian of the seal of the Corporation and see that it is affixed to all documents which are to be executed on behalf of the Corporation under its seal; and, in general, shall perform all duties incident to the office of Secretary, and such other duties as may from time to time be assigned by the Board of Directors or the President. In addition, the Secretary shall annually present a report to the Board of Directors not later than March 31 of each year summarizing all resolutions of the Board of Directors during the preceding fiscal year and certifying the accuracy of the resolutions of the Corporation for such year.

Section 7.12. THE TREASURER. The Treasurer of the Corporation (the "Treasurer") shall have or provide for the custody of the funds or other property of the Corporation; shall collect and receive or provide for the collection and receipt of moneys earned by or in any manner due to or received by the Corporation; shall deposit all funds in his or her custody as Treasurer in such banks or other places of deposit as the Treasurer or the Board of Directors may from time to time designate; shall, whenever so required by the Board of Directors, render an account showing all transactions as Treasurer and the financial condition of the Corporation; and, in general, shall discharge such other duties as may from time to time be assigned by the Board of Directors or the President.

ARTICLE VIII.

LIMITATION OF DIRECTORS' AND OFFICERS'
LIABILITIES AND INDEMNIFICATION

Section 8.01. LIMITATION OF LIABILITY. To the fullest extent permitted by the NCA, a Director or officer of the Corporation shall not be personally liable to the Corporation, or others for monetary damages for any action taken or any failure to take any action, unless the Director or officer has breached or failed to perform the duties of his office and such breach or failure constitutes self-dealing, willful misconduct or recklessness. The provisions of Section 8.01 hereof shall not apply with respect to the responsibility or liability of a Director or officer under any criminal statute or the liability of a Director or officer for the payment of taxes pursuant to local, state or federal law.

Section 8.02. INDEMNIFICATION.

(a)     Indemnification. The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that

such person is or was a Director, officer, employee or agent of the Corporation, or is or was serving, at the request of the Corporation, as Director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), amounts paid in settlement, judgments, and fines actually and reasonably incurred by such person in connection with such action, suit or proceeding, provided, however that no indemnification shall be made in any case where the act or failure to act giving rise to the claim for indemnification is determined by a court to have constituted self-dealing, willful misconduct or recklessness.

**(b)** **Advance of Expenses.** Expenses (including attorneys' fees) incurred in defending a civil or criminal action, suit, or proceeding shall be paid by the Corporation in advance of the final disposition of such action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the Director, officer, employee, or agent to repay such amount if it shall be ultimately determined that he or she is not entitled to be indemnified by the Corporation as authorized in Article VIII hereof.

**(c)** **Indemnification Not Exclusive.** The indemnification and advancement of expenses provided by Article VIII hereof shall not be deemed exclusive of any other right to which persons seeking indemnification and advancement of expenses may be entitled under any agreement, vote of the Board of Directors, or otherwise, both as to actions in such persons' official capacity and as to their actions in another capacity while holding office, and shall continue as to a person who has ceased to be a Director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of any such person.

**(d)** **Insurance, Contracts, Security.** The Corporation may purchase and maintain insurance on behalf of any person, may enter into contracts of indemnification with any person, and may create a fund of any nature which may, but need not be, under the control of a trustee for the benefit of any person, and may otherwise secure, in any manner, its obligations with respect to indemnification and advancement of expenses, whether arising under Article VIII hereof or otherwise, whether or not the Corporation would have the power to indemnify such person against such liability under the provisions of Article VIII hereof.

Section 8.03. EFFECT OF AMENDMENT. Any amendment, repeal or modification of Article VIII hereof shall be prospective only, and shall not adversely affect any limitation on the personal liability of a Director or officer of the Corporation or any right of any person to indemnification from the Corporation with respect to any action or failure to take any action occurring prior to the time of such amendment, repeal or modification.

## ARTICLE IX.

## MISCELLANEOUS

Section 9.01. SEAL. The corporate seal shall have inscribed thereon the name of the Corporation, the year of its organization, and the words "Corporate Seal, Pennsylvania." Except as otherwise required by the NCA, the affixation of the corporate seal shall not be necessary to the valid execution, assignment or endorsement by the Corporation of any instrument in writing.

Section 9.02. INTERESTED DIRECTORS OR OFFICERS; QUORUM; SPECIAL RULE.

(a)    General Rule. A contract or transaction between the Corporation and one or more of its Directors or officers or between the Corporation and another corporation, partnership, association, or other organization in which one or more of its Directors or officers are trustees, Directors, or officers, or have a financial interest, shall not be void or voidable solely for that reason, or solely because the Director or officer is present at or participates in the meeting of the Board of Directors which authorizes the contract or transaction, if:

(1)    the material facts as to the relationship or interest and as to the contract or transaction are disclosed or are known to the Board of Directors, and the Board of Directors in good faith authorizes the contract or transaction upon the affirmative vote of a majority of the disinterested Directors even though the disinterested Directors are less than a quorum; or

(2)    the material facts as to the relationship or interest and as to the contract or transaction are disclosed or are known to the Members, and the contract or transaction is specifically approved in good faith upon the affirmative vote of a majority of the Members; or

(3)    the contract or transaction is fair as to the Corporation as of the time it is authorized, approved or ratified by the Board of Directors.

(b)    Quorum. Interested Directors may be counted in determining the presence of a quorum at a meeting of the Board of Directors which authorizes a contract or transaction specified in Section 9.02(a) hereof.

(c)    Special Rule. If the Corporation wishes to establish the "Presumption of Reasonableness" in connection with Code Section 4958 and the regulations thereunder, a contract, transaction or arrangement between the Corporation and one or more disqualified persons (as defined in Code Section 4958) shall be: (i) approved by a vote of only those Directors unrelated to and not subject to the control of the disqualified person(s) involved in the contract, transaction or arrangement (provided that such disqualified person(s) may respond to questions from such Directors but otherwise must recuse himself or herself from such vote and any meetings or discussions of such Directors regarding such contract, transaction or arrangement); (ii) based on appropriate data as to the comparability of such contract, transaction or arrangement with similar contracts, transactions or arrangements; and (iii) documented in the Corporation's minutes as to the basis the disinterested Board of Directors relied upon to make its determination regarding such contract, transaction or arrangement.

Section 9.03. DEPOSITS. All funds of the Corporation shall be deposited from time to time to the credit of the Corporation in such banks, trust companies or other depositories as the Treasurer or the Board of Directors may approve or designate.

Section 9.04. SIGNATORY AND DISBURSEMENT AUTHORITY. Unless otherwise set forth in the Signatory and Disbursement Policy, a Director, officer and/or employee of the Corporation shall have no authority, on behalf of and/or in the name of the Corporation, to:  (a)

sign, execute, acknowledge, modify and terminate tax documents, deeds, mortgages, contracts, employment agreements, grant agreements, lease agreements, license agreements, plans of merger, agreements of sale, letters of intent and other agreements and instruments; (b) incur debts, obligations, guaranties or liens; and/or (c) sign, execute and approve any check, transfer, withdrawal, disbursement, note, bill of exchange, purchase, gift or other order in writing.

Section 9.05. CORPORATE RECORDS.   The Corporation shall keep appropriate, complete and accurate books or records of account in accordance with generally accepted accounting principles consistently applied (except that the financial records of the Corporation may be kept on the cash receipts and disbursements method if permitted by law and deemed appropriate by the Board of Directors), minutes of the proceedings of the Directors, and a copy of these Bylaws, including all amendments thereto to date, certified by the Secretary. All such records shall be kept at the registered office of the Corporation in Pennsylvania or at its principal place of business. Any books, minutes or other records may be in written form or any other form capable of being converted into written form within a reasonable time. The books, accounts, and records of the Corporation shall be open to inspection by any Member and any Director at all times.

Section 9.06. ANNUAL REPORT.

(a)    Contents. The President and Treasurer shall present a written report at the annual meeting of the Board of Directors and the Board of Directors shall present a written report at the annual meeting of the Members, showing in appropriate detail the following:

(1)    The assets and liabilities, including the trust funds, of the Corporation as of the end of the fiscal year immediately preceding the date of the report.

(2)    The principal changes in assets and liabilities, including trust funds, during the year immediately preceding the date of the report.

(3)    The revenue or receipts of the Corporation, both unrestricted and restricted to particular purposes, for the year immediately preceding the date of the report, including separate data with respect to each trust fund held by or for the Corporation.

(4)    The expenses or disbursements of the Corporation, for both general and restricted purposes, during the year immediately preceding the date of the report, including separate data with respect to each trust fund held by or for the Corporation.

(b)    Place of Filing. The annual report of the President and Treasurer shall be filed with the minutes of the meetings of the Board of Directors. The annual report of the Board of Directors shall be filed with the minutes of the meetings of the Members.

Section 9.07. AMENDMENT OF BYLAWS.   . These Bylaws may be amended or repealed in accordance with Section 5.10(b) hereof. Any change in these Bylaws shall take effect when adopted, unless otherwise provided in the resolution effecting the change.

## ARTICLE X.

### CODE SECTION 501(c)(3) PROVISIONS

Section 10.01. LIMITATION ON ACTIVITIES. Except as otherwise provided herein, no substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation. The Corporation shall not participate in, or intervene in (including the publishing or distribution of statements), any political campaign on behalf of, or in opposition to, any candidate for public office. Further, notwithstanding any other provision herein to the contrary, the Corporation shall not carry on any activities not permitted to be carried on (i) by an organization exempt from federal income tax under Code Section 501(a) and described in Code Section 501(c)(3); or (ii) by an organization contributions to which are deductible under Code Section 170(c)(2).

Section 10.02. PROHIBITION AGAINST PRIVATE INUREMENT. No part of the net earnings of the Corporation shall inure to the benefit of, or be distributable to its Directors, officers or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes of the Corporation.

Section 10.03. PRIVATE FOUNDATION REQUIREMENTS AND RESTRICTIONS. Notwithstanding any other provision herein to the contrary, if the Corporation is subject, or ever becomes subject, to the private foundation rules of the Code, then the Corporation shall: (i) distribute its income for said period at such time and manner as not to subject it to tax under Code Section 4942; (ii) not engage in any act of self-dealing as defined in Code Section 4941(d); (iii) not retain any excess business holdings as defined in Code Section 4943(c); (iv) not make any investments in such manner as to subject the organization to tax under Code Section 4944; and (v) not make any taxable expenditure as defined in Code Section 4945(d).

## ARTICLE XI.

### DISSOLUTION AND LIQUIDATION

Section 11.01. DISSOLUTION AND LIQUIDATION. Upon the dissolution of the Corporation, the Board of Directors, after paying or making provisions for the payment of all of the liabilities and obligations of the Corporation, shall distribute all of the assets of the Corporation to such organization or organizations organized and operated exclusively for charitable, educational, religious, literary and/or scientific purposes as shall at the time qualify as an organization or organizations exempt from federal income tax under Code Section 501(a) and described in Code Section 501(c)(3), as the Board of Directors shall determine, or to the federal government or a state or local government for a public purpose. No portion of the assets shall inure to the benefit of any Member, Director or officer of the Corporation, any other private person, or any enterprise organized for profit.

FREEDOM WATCH, INC.

By:
Larry Klayman
President

LAW OFFICE OF

# MAUREEN E. OTIS, P.C.

MAUREEN@MOTISLAW.COM

4850 WRIGHT ROAD, SUITE 168
STAFFORD, TEXAS 77477

TELECOPIER (281) 242-9820

(281) 242-9800

November 8, 2016

Florida Department of Agriculture & Consumer Services
Attn: Finance & Accounting
Mayo Building Room 121
407 South Calhoun St
Tallahassee, FL 32399-0800

*by priority mail*

RE:   **Freedom Watch, Inc.**
      **-Initial Registration for Charitable Organization**

Dear Sir or Madam:

Enclosed please find the following information for registration of my client:

1)   Registration Statement - Charitable Organizations;
2)   Conflict of Interest Certification;
3)   A copy of the Articles of Incorporation and Bylaws;
4)   A copy of the IRS Tax Determination letter;
5)   A copy of the IRS 990PF **for the period ending 12/31/15;** and
6)   Check in the amount of $350.00 for the registration fee.

I trust you now have all the information needed to complete the registration of my client. If not, please contact me immediately.

Sincerely,



MAUREEN E. OTIS

MEO/vr
Enclosures

cc: Mr. Larry Klayman