**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case # 2:16-cr-00046-GMN-PAL |
| Plaintiff(s), | **VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL** |
| vs. | |
| CLIVEN D. BUNDY, | |
| Defendant(s). | |
| | FILING FEE IS $250.00 |

_____Larry Elliot Klayman_____, Petitioner, respectfully represents to the Court:
(name of petitioner)

1. That Petitioner is an attorney at law and a member of the law firm of

_____The Klayman Law Firm_____
(firm name)

with offices at _____2020 Pennsylvania Avenue, Suite 800_____,
(street address)

_____Washington_____, _____District of Columbia_____, _____20006_____,
(city) (state) (zip code)

_____(310) 595-0800_____, _____leklayman@gmail.com_____.
(area code + telephone number) (Email address)

2. That Petitioner has been retained personally or as a member of the law firm by

_____Cliven D. Bundy_____ to provide legal representation in connection with
[client(s)]

the above-entitled case now pending before this Court.

Rev. 1/15

3. That since <ins>December 7, 1977</ins>, Petitioner has been and presently is a
(date)
member in good standing of the bar of the highest Court of the State of <ins>Florida</ins>
(state)
where Petitioner regularly practices law. Petitioner shall attach a certificate from the state bar or from the clerk of the supreme court or highest admitting court of each state, territory, or insular possession of the United States in which the applicant has been admitted to practice law certifying the applicant's membership therein is in good standing.

4. That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| U.S. Supreme Court | April 25, 1988 | |
| U.S. Court of Appeals for the District of Columbia | April 22, 1988 | |
| U.S. Court of Appeals for the Ninth Circuit | January 12, 2000 | |
| U.S. District Court for the N. District of Texas | August 9, 2002 | |
| The District of Columbia Bar | December 22, 1980 | 334581 |
| The Florida Bar | December 7, 1977 | 246220 |
| U.S. District Court for the S. District of Florida | December 29, 1977 | |

5. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below:

The only disciplinary case pending is in the District of Columbia, disclosed in the attached. During my 39 years as an attorney, I have remained continually in good standing with every jurisdiction that I have been admitted to, but have responded to a few complaints explained in the attached statement. I also allowed my bar membership in Pennsylvania to lapse for lack of use by not completing CLE's there, but remain eligible for reinstatement. See attached statement.

2

Rev. 1/15

6. That Petitioner has never been denied admission to the State Bar of Nevada. (Give particulars if ever denied admission):

Petitioner has never been denied admission to the State Bar of Nevada.

7. That Petitioner is a member of good standing in the following Bar Associations.

The Florida Bar
The District of Columbia Bar

8. Petitioner has filed application(s) to appear as counsel under Local Rule IA 10-2 during the past three (3) years in the following matters: (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9. Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10. Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

3

Rev. 1/15

That Petitioner respectfully prays that Petitioner be admitted to practice before this Court FOR THE PURPOSES OF THIS CASE ONLY.

STATE OF California )
COUNTY OF Los Angeles )

_____Larry E. Klayman_____, Petitioner, being first duly sworn, deposes and says: That the foregoing statements are true.

_____
Petitioner's signature

Subscribed and sworn to before me this

22 day of March, 2016

_____
Notary Public or Clerk of Court

KIM PAYTON
Commission # 2053723
Notary Public - California
Los Angeles County
My Comm. Expires Dec 29, 2017

## DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO THE BAR OF THIS COURT AND CONSENT THERETO.

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate _____Joel F. Hansen, Esq._____, (name of local counsel) Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

Hansen Rasmussen, LLC   1835 Village Center Circle
(street address)

Las Vegas, Nevada, 89134
(city)  (state)  (zip code)

(702) 385-5533, Joelh@hrnvlaw.com
(area code + telephone number)  (Email address)

4

Rev. 1/15

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## ACKNOWLEDGMENT

State of California

County of Los Angeles

On March 22, 2016 before me, Kim Payton,
A Notary Public personally appeared Larry E. Klayman

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Kim Payton

KIM PAYTON
Commission # 2053723
Notary Public - California
Los Angeles County
My Comm. Expires Dec 29, 2017

(Seal)

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

**APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL**

The undersigned party(ies) appoint(s) _____Joel F. Hansen, Esq._____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_____
(party's signature)
Cliven D. Bundy - _Incarcerated_
(type or print party name, title)

_Joel F. Hansen has_
(party's signature)
_already appeared for Cliven Bundy_
(type or print party name, title)

**CONSENT OF DESIGNEE**
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_Joel F. Hansen Esq_
Designated Resident Nevada Counsel's signature

_1876_                    Joelh@hrnvlaw.com
Bar number                Email address

APPROVED:

Dated: this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

5

Rev. 1/15

## ADDITIONAL INFORMATION FOR APPLICATION OF LARRY E. KLAYMAN IN RESPONSE TO QUESTION 5

I agreed to a public reprimand before The Florida Bar several years ago. There was no showing of dishonesty, just that having been in poor financial condition in large part as result of the recession of 2008, as I could not fully pay timely a mediated settlement with a client. I was also going through a difficult personal period with my former spouse and my children. There was no suspension to practice law for even one day.

There is a disciplinary proceeding pending before the District of Columbia Board of Professional Responsibility that was filed almost 8 years ago over a claim by Judicial Watch, my former public interest group that I founded and was Chairman and General Counsel, after I left Judicial Watch to run for the U.S. Senate in Florida in 2003-04, that by representing a former client, employee and donor that it had abandoned, sexually harassed and defrauded that I was in conflict of interest. I represented these persons pro bono, did not breach any confidences with Judicial Watch, and did so only to protect their interests in an ethical fashion. I did not seek to break any agreements with Judicial Watch but rather to have them enforced to help these persons. The matter is likely to be resolved in my favor and there has been no disciplinary action. I recently obtained a jury verdict and court judgment in the U.S. District Court for the Southern District of Florida against Judicial Watch for having maliciously defamed me in the amount of $181,000 USD, including punitive damages. The current directors feel competitive with me and attempted to harm my reputation.

Many years ago, 22 and 18 years respectively two judges vindictively stated that I could

not practice before them after I challenged rulings they had made on the basis of bias and prejudice. These judges were William D. Keller and Denny Chin of the U.S. District Court of the Central District of California and the U.S. District Court for the Southern District of New York. The rulings applied to them not to to the tribunal or judicial body as a whole. The bars of the District of Columbia and Florida reviewed these rulings and found that I did not act unethically.

I have been engaged in the practice of law for going on 40 years and have been a member in good standing continuously of The Florida Bar and the District of Columbia Bar. See attached Certificates of Good Standing.



# The Florida Bar

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

651 EAST JEFFERSON STREET
TALLAHASSEE, FLORIDA 32399-2300

850/561-5600
WWW.FLORIDABAR.ORG

State of Florida   )

County of Leon    )

In Re:  246220
Larry Elliot Klayman
2020 Pennsylvania Ave. N.W., #345
Washington, DC

I HEREBY CERTIFY that I am the duly appointed custodian of membership records of The Florida Bar.

I FURTHER CERTIFY that the records in the office of the Clerk of the Supreme Court of Florida indicate that said attorney was admitted to practice law in the State of Florida on December 7, 1977.

I FURTHER CERTIFY that the records in the office of The Florida Bar indicate that the above attorney is an active member of The Florida Bar in good standing.

Dated this 15th day of March, 2016.

Pam Gerard, Manager
Membership Records Dept.
The Florida Bar

PG/JM:ksm1:R10



District of Columbia Court of Appeals
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals, do hereby certify that

## LARRY E. KLAYMAN

was on **DECEMBER 22, 1980** duly qualified and admitted as an attorney and counselor entitled to practice before this Court and is, on the date indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C., on **March 11, 2016**.

JULIO A. CASTILLO
Clerk of the Court

By: _____
Deputy Clerk

# United States District & Bankruptcy Courts
## for the District of Columbia
### CLERK'S OFFICE
333 Constitution Avenue, NW
Washington, DC 20001

I, ANGELA D. CAESAR, Clerk of the United States District Court for the District of Columbia, do hereby certify that:

LARRY E. KLAYMAN

was, on the 6th day of May A.D. 1985 admitted to practice as an Attorney at Law at the Bar of this Court, and is, according to the records of this Court, a member of said Bar in good standing.

In Testimony Whereof, I hereunto subscribe my name and affix the seal of said Court in the City of Washington this 11th day of March A.D. 2016.

ANGELA D. CAESAR, CLERK

By: _____
Public Operations Administrator

# Supreme Court of Florida
## Certificate of Good Standing

I JOHN A. TOMASINO, Clerk of the Supreme Court of the State of Florida, do hereby certify that

### LARRY ELLIOT KLAYMAN

was admitted as an attorney and counselor entitled to practice law in all the Courts of the State of Florida on December 7, 1977, is presently in good standing, and that the private and professional character of the attorney appear to be good.

WITNESS my hand and the Seal of the Supreme Court of Florida at Tallahassee, the Capital, this November 24, 2015.

_____
Clerk of the Supreme Court of Florida.