


STATE OF CALIFORNIA
Franchise Tax Board

FTB Publication 1031

# 2019
# Guidelines for Determining Resident Status



# Table of Contents

| | Page |
|---|---|
| Introduction | 3 |
| Basic Filing Requirements | 3 |
| Which Form to File | 4 |
| Filing Status | 4 |
| Who Are Residents and Nonresidents | 4 |
| Significance of Residency | 5 |
| Guidelines for Determining Residency | 5 |
| Temporary or Transitory Purposes | 5 |
| Income Taxable by California | 6 |
| Specific Professions | 9 |
| Residents of or Individuals in Foreign Countries | 10 |
| Meaning of Domicile | 10 |
| Married/RDP Filing Separate Returns | 10 |
| How to Split Income on Form 540NR | 13 |
| Avoid Common Mistakes on Form 540NR | 14 |
| Double-Taxed Income | 14 |
| General Phone Service | 14 |



## ONLINE SERVICES

Go to **ftb.ca.gov** for:

- **MyFTB –** view payments, balance due, and withholding information.
- **Web Pay –** to pay income taxes. Choose your payment date up to one year in advance.
- **CalFile –** e-file your personal income tax return.
- **Refund Status –** find out when we authorized your refund.
- **Installment Agreement –** request to make monthly payments.
- **Subscription Services –** sign up to receive emails on a variety of tax topics.
- Tax forms and publications.
- FTB legal notices, rulings, and regulations.
- FTB's analysis of pending legislation.
- Internal procedure manuals to learn how we administer law.

# 2019 Guidelines for Determining Resident Status

## A Introduction

It is important for California income tax purposes that you make an accurate determination of your residency status. Residency is primarily a question of fact determined by examining all the circumstances of your particular situation. This publication provides information to help you determine the following:

- Whether you are a resident of California.
- Whether your income is taxable by California.
- Which form to file if you have a California filing requirement.

The Franchise Tax Board (FTB) issues written advice on whether a particular activity or transaction is subject to tax under California income tax law. The FTB will not issue written opinions on whether you are a California resident for a particular period of time because residency is a question of fact, not law. The information included in this publication is provided to help you with this determination.

In general, California nonresidents or part-year residents determine their California tax by multiplying their California taxable income by an effective tax rate. The effective tax rate is the California tax on **all** income as if you were a California resident for the current tax year (and for all prior taxable years for any carryover items, deferred income, suspended losses, or suspended deductions,) divided by that income.

This method ensures that nonresidents pay the correct tax on their California sourced income and does not tax non-California sourced income.

For more information, get FTB Pub. 1100, Taxation of Nonresidents and Individuals Who Change Residency.

### Registered Domestic Partners (RDP)

Under California law, RDPs must file their California income tax returns using either the married/RDP filing jointly or married/RDP filing separately filing status. RDPs have the same legal benefits, protections, and responsibilities as married couples unless otherwise specified.

If you entered into a same sex legal union in another state, other than a marriage, and that union has been determined to be substantially equivalent to a California registered domestic partnership, you are required to file a California income tax return using either the married/RDP filing jointly or married/RDP filing separately filing status.

For purposes of California income tax, references to a spouse, husband, or wife also refer to a California RDP, unless otherwise specified. When we use the initials RDP they refer to both a California registered domestic "partner" and a California registered domestic "partnership," as applicable. For more information on RDPs, get FTB Pub. 737, Tax Information for Registered Domestic Partners.

### Military Personnel and Spouses

In addition to this publication, military personnel and spouses should use FTB Pub. 1032, Tax Information for Military Personnel.

## B Basic Filing Requirements

**Residents –** File a California tax return if either your gross income (which consists of all income you received from all sources in the form of money, goods, property, and services, that is not exempt from tax) or your adjusted gross income (which consists of your federal adjusted gross income from all sources, reduced or increased by all California income adjustments) is more than the amounts shown on the chart below for your filing status, age, and number of dependents.

**Nonresidents and Part-Year Residents –** File a California tax return if you have any income from California sources and your gross income (which consists of all income you received from all sources in the form of money, goods, property, and services, that is not exempt from tax) or adjusted gross income (which consists of your federal adjusted gross income from all sources, reduced or increased by all California income adjustments) is more than the amounts shown on the chart below for your filing status, age, and number of dependents.

**Note:** If your gross income or adjusted gross income is less than the amounts listed on the chart, you may still have a filing requirement. For more information, get California Form 540 Personal Income Tax Booklet or California Form 540NR Nonresident or Part-Year Resident Income Tax Booklet.

| **On 12/31/19, my filing status was:** | **and on 12/31/19, my age was:** (If your 65th birthday is on January 1, 2020, you are considered to be age 65 on December 31, 2019) | **California Gross Income** | | | **California Adjusted Gross Income** | | |
|---|---|---|---|---|---|---|---|
| | | **Dependents** | | | **Dependents** | | |
| | | **0** | **1** | **2 or more** | **0** | **1** | **2 or more** |
| Single or<br>Head of Household | Under 65<br>65 or older | 18,241<br>24,341 | 30,841<br>33,791 | 40,291<br>41,351 | 14,593<br>20,693 | 27,193<br>30,143 | 36,643<br>37,703 |
| Married/RDP filing jointly<br>Married/RDP filing separately<br>(The income of both spouses/RDPs must be combined; both spouses/RDPs may be required to file a tax return even if only one spouse/RDP had income over the amounts listed.) | Under 65 (both spouses/RDPs)<br>65 or older (one spouse/RDP)<br>65 or older (both spouses/RDPs) | 36,485<br>42,585<br>48,685 | 49,085<br>52,035<br>58,135 | 58,535<br>59,595<br>65,695 | 29,190<br>35,290<br>41,390 | 41,790<br>44,740<br>50,840 | 51,240<br>52,300<br>58,400 |
| Qualifying widow(er) | Under 65<br>65 or older | | 30,841<br>33,791 | 40,291<br>41,351 | | 27,193<br>30,143 | 36,643<br>37,703 |
| **Dependent of another person**<br>Any filing status | Any age | More than your standard deduction (Use the California Standard Deduction Worksheet for Dependents, in the instructions for your tax return, to figure your standard deduction.) | | | | | |

Even if you do not meet the basic filing requirements, you should still file a tax return in order to get a refund if any of the following apply:

- California state income tax was withheld from your pay, California real estate sale, or income from an S corporation, partnership, or LLC.
- You made California estimated tax payments.
- You have withholding from Form(s) 592-B, Resident and Nonresident Withholding Tax Statement or 593, Real Estate Withholding Tax Statement.

# C Which Form to File

**Residents –** If you were a full-year resident of California in 2019 and you meet the basic filing requirements outlined in Section B, file either Form 540 or 540 2EZ, California Resident Income Tax Return.

However, if you file a joint return and either spouse/RDP was a nonresident or a part-year resident in 2019, file a Form 540NR, California Nonresident or Part-Year Resident Income Tax Return.

**Nonresidents and Part-Year Residents –** If you were a full-year nonresident of California in 2019 and you meet the basic filing requirements outlined in Section B, or if you were a California resident for part of the year, file Form 540NR.

# D Filing Status

Use the same filing status for California that you used for your federal income tax return, unless you are an RDP. If you are an RDP and file single for federal, you must file married/RDP filing jointly or married/RDP filing separately for California. If you are an RDP and file head of household for federal purposes, you may file head of household for California purposes only if you meet the requirements to be considered unmarried or considered not in a domestic partnership. If you did not file a federal return because you did not have a federal filing requirement, you may use any filing status on your California return that you were entitled to use on your federal return had you been required to file a federal return.

**Exception:** If you file a joint return for federal purposes, you may file separately for California if either spouse was one of the following:

- An active member of the United States armed forces or any auxiliary military branch during 2019.
- A nonresident for the entire year and had no income from California sources during 2019.

Regardless of your residency status, if you file separate California returns, enter the amount you would have reported if you had filed a married filing separate return when the instructions for the California return say to enter an amount from your federal return. Attach an explanation to your California return showing how you split the income from your joint federal return between you and your spouse. If you are required to attach a copy of your federal return to your California return, attach a copy of your joint federal return.

For RDP filing status information, get FTB Pub. 737.

# E Who Are Residents and Nonresidents

A **resident** is any individual who meets any of the following:

- Present in California for other than a temporary or transitory purpose.
- Domiciled in California, but outside California for a temporary or transitory purpose. See Section L, Meaning of Domicile.

A **nonresident** is any individual who is not a resident.

A **part-year resident** is any individual who is a California resident for part of the year and a nonresident for part of the year.

## Safe Harbor

Safe harbor is available for certain individuals leaving California under employment-related contracts. The safe harbor provides that an individual domiciled in California who is outside California under an employment-related contract for an uninterrupted period of at least 546 consecutive days will be considered a nonresident unless any of the following is met:

- The individual has intangible income exceeding $200,000 in any taxable year during which the employment-related contract is in effect.
- The principal purpose of the absence from California is to avoid personal income tax.

The spouse/RDP of the individual covered by this safe harbor rule will also be considered a nonresident while accompanying the individual outside California for at least 546 consecutive days.

Return visits to California that do not exceed a total of 45 days during any taxable year covered by the employment contract are considered temporary.

Individuals not covered by the safe harbor determine their residency status based on facts and circumstances. The determination of residency status cannot be solely based on an individual's occupation, business, or vocation. Instead, consider all activities to determine residency status. For instance, students who are residents of California leaving this state to attend an out-of-state school do not automatically become nonresidents, nor do students who are nonresidents of California coming to this state to attend a California school automatically become residents. In these situations, individuals must determine their residency status based on their facts and circumstances, as described in Section G, Guidelines for Determining Residency, and Section H, Temporary or Transitory Purposes.

**Example 1 –** You are a California resident. You agreed to work overseas for one year. You returned to California after the employment contract expired and stayed for three months. Then, you signed another contract with the same employer to work overseas for another year. You cannot be considered a nonresident under the safe harbor rule because your absence from California for employment reasons was not for an uninterrupted period of at least 546 consecutive days. You cannot combine the days you were overseas from the two separate contracts.

**Example 2 –** You are a California resident. You transferred to your employer's Germany office for a two-year work assignment. You visited California for a three-week vacation. Under the safe harbor rule, you were a nonresident of California for the two years you were in Germany. Your three-week visit to California is considered temporary.

**Example 3 –** You and your spouse are California residents. You agreed to work overseas for 20 months under an employment contract. Your family remained in San Diego, CA. During those 20 months you visited your family in San Diego for a month. You can be considered a nonresident during your absence under the safe-harbor rule. Your month-long visit to California is considered temporary. During the year, you earned $80,000 on your overseas assignment and your spouse earned $30,000 as a teacher in San Diego. You did not have any other income. The tables on the next page show how to report income if you filed a joint income tax return or separate income tax returns.

| Joint Return | | | |
|---|---|---|---|
| Income | | Return for You and Your Spouse Form 540NR | |
| | | Total AGI | CA AGI<br>Sch CA (540NR) Col. E |
| Your Wages | $80,000 | $80,000 | $40,000* |
| Spouse's Wages | $30,000 | $30,000 | $30,000 |
| **Total Wages** | **$110,000** | **$110,000** | **$70,000** |

| Separate Returns | | | |
|---|---|---|---|
| Income | Your Return Form 540NR | | Your Spouse's Return Form 540 |
| | Total AGI | CA AGI<br>Sch CA (540NR) Col. E | Total AGI<br>Sch CA (540) no adjustments |
| Your Wages | $40,000 | $0 | $40,000* |
| Spouse's Wages | $15,000 | $15,000 | $15,000 |
| **Total Wages** | **$55,000** | **$15,000** | **$55,000** |

*Half of your wages are taxable to California because California is a community property state and your spouse/RDP is a resident of California.

# F Significance of Residency

Residency is significant because it determines what income is taxed by California. For more information, see Section I, Income Taxable by California.

# G Guidelines for Determining Residency

The underlying theory of residency is that you are a resident of the place where you have the closest connections.

The following list shows some of the factors you can use to help determine your residency status. Since your residence is usually the place where you have the closest ties, you should compare your ties to California with your ties elsewhere. In using these factors, it is the strength of your ties, not just the number of ties, that determines your residency. This is only a partial list of the factors to consider. No one factor is determinative. Consider all the facts of your particular situation to determine your residency status.

Factors to consider are as follows:

- Amount of time you spend in California versus amount of time you spend outside California.
- Location of your spouse/RDP and children.
- Location of your principal residence.
- State that issued your driver's license.
- State where your vehicles are registered.
- State where you maintain your professional licenses.
- State where you are registered to vote.
- Location of the banks where you maintain accounts.
- The origination point of your financial transactions.
- Location of your medical professionals and other healthcare providers (doctors, dentists etc.), accountants, and attorneys.
- Location of your social ties, such as your place of worship, professional associations, or social and country clubs of which you are a member.
- Location of your real property and investments.
- Permanence of your work assignments in California.

# H Temporary or Transitory Purposes

Generally, your state of residence is where you have your closest connections. If you leave your state of residence, it is important to determine if your presence in a different location is for a temporary or transitory purpose. You should consider the purpose and length of your stay when determining your residency. Military personnel and spouses, get FTB Pub. 1032.

## Coming into California

When you are present in California for temporary or transitory purposes, you are a nonresident of California. For instance, if you come to California for a vacation, or to complete a transaction, or are simply passing through, your purpose is temporary or transitory. As a nonresident, you are taxed only on your income from California sources.

When you are in California for other than a temporary or transitory purpose, you are a California resident. For instance, if your employer assigns you to an office in California for a long or indefinite period, if you retire and come to California with no specific plans to leave, or if you are ill and are in California for an indefinite recuperation period, your stay is other than temporary or transitory. As a resident, you are taxed on income from all sources.

You will be presumed to be a California resident for any taxable year in which you spend more than nine months in this state.

Although you may have connections with another state, if your stay in California is for other than a temporary or transitory purpose, you are a California resident. As a resident, your income from all sources is taxable by California.

**Example 1 –** You are a business executive and reside in New York with your family. Several times each year you travel to other states for business purposes. Your average stay is one or two weeks and the entire time spent in California for any taxable year does not exceed six weeks. Your family usually remains in New York when you are traveling for business purposes.

**Determination:** Under these circumstances, you are not a California resident because your stays in California are temporary or transitory in nature. As a nonresident, you are taxed only on your income from California sources, including your income for services performed in California.

**Example 2 –** In December 2018, you moved to California on an indefinite job assignment. You rented an apartment in California and continued to live in the apartment. You retained your home and bank account in Illinois until April 2019, at which time you sold your home and transferred your bank account to California.

**Determination:** Your assignment in California was for an indefinite period; therefore, your stay in California was not of a temporary or transitory nature. Although you kept ties in Illinois until April 2019, you became a California resident upon entering the state in December 2018. As a resident, you are taxed on your income from all sources.

## Leaving California

Any individual who is a resident of California continues to be a resident when absent from the state for a temporary or transitory purpose.

An absence from California under an employment-related contract for a period of at least 546 consecutive days may be considered an absence for other than a temporary or transitory purpose. See "Safe Harbor" on page 4 for more information.

**Example 3 –** Until September 2019, you were a resident of California. At that time, you declared yourself to be a resident of Nevada, where you have a summer home. You continue to spend six or seven months each year at your home in California, which you have retained. You spend only three to four months in Nevada and the rest of the time traveling in other states or countries. You transferred your bank accounts to Nevada. However, you continue to maintain your social club and business connections in California.

**Determination:** Your declaration of residency in Nevada does not establish residency in that state. Your closest connections are to California and your absence from California is for temporary or transitory purposes. You are, therefore, a resident of California and are taxed on your income from all sources.

**Example 4 –** You and your spouse/RDP are California residents. You accept a contract to work in South America for 16 months. You lease an apartment near the job site. Your contract states that your employer will arrange your return back to California when your contract expires. Your spouse/RDP and your children will remain in California residing in the home you own.

**Determination:** You maintain strong ties with California because your spouse/RDP and children remain in your California home during your absence. Your intent is to return to California, and your absence is temporary and transitory. You remain a California resident during your absence. You are taxed on income from all sources, including income earned in South America.

**Example 5 –** You receive and accept a permanent job offer in Spain. You and your spouse/RDP sell your home in California, pack all of your possessions and move to Spain on May 5, 2019, with your children. You lease an apartment and enroll your children in school in Spain. You obtain a driver's license from Spain and make numerous social connections in your new home. You have no intention of returning to California.

**Determination:** You are a part-year resident. Through May 4, 2019, you were a California resident. On May 5, 2019, you became a nonresident. All your income while you were a resident is taxable by California. While you are a nonresident, only income from California sources is taxable by California.

**Example 6 –** You are a resident of California. You accept a 15-month assignment in Saudi Arabia. You put your personal belongings, including your automobile, in storage in California. You have a California driver's license and are registered to vote in California. You maintain bank accounts in California. In Saudi Arabia, you stay in a compound provided for you by your employer, and the only ties you establish there are connected to your employment. Upon completion of your assignment, you will return to California.

**Determination:** You have maintained greater connections with California than you have established in Saudi Arabia. Your absence is for a temporary or transitory purpose. Therefore, you remain a California resident. As a California resident, your income from all sources is taxable by California, including the income that you earned from your assignment in Saudi Arabia.

**Example 7 –** You are a resident of California and a single taxpayer. You accept a three-year assignment in Japan. Your assignment in Japan covers the period January 1, 2018, through December 31, 2020. You rented out your residence and put your truck and belongings in storage in California. You maintained your California bank accounts, driver's license, and voter registration. You have less than $200,000 of intangible income during each year. Upon completion of your assignment, you intend to return to California. You returned to California to visit family no longer than a total of 45 days during 2018 or 2019.

**Determination:** You meet the safe harbor rule. You are a nonresident during your absence from the state.

# I Income Taxable by California

**Residents** of California are taxed on ALL income, including income from sources outside California.

**Nonresidents** of California are taxed only on income from California sources. Nonresidents of California are not taxed on pensions received after December 31, 1995. For more information, get FTB Pub. 1005, Pension and Annuity Guidelines.

**Part-year residents** of California are taxed on all income received while a resident and only on income from California sources while a nonresident.

If you use Form 540NR, figure your taxable income as if you were a California resident for the entire year. Complete Schedule CA (540NR), California Adjustments — Nonresidents or Part-Year Residents, column A through column D, to figure total adjusted gross income (AGI). Figure California AGI applicable to a nonresident or part-year resident on Schedule CA (540NR), column E.

Treat specific types of income as explained below.

## Wages and Salaries

Wages and salaries have a source where the services are performed. Neither the location of the employer, where the payment is issued, nor your location when you receive payment affect the source of this income. Part-year residents include on Schedule CA (540NR), column E all wages and salaries earned while a resident, regardless of where the services were performed. Nonresidents include the income for services performed in California.

**Example 1 –** You are a resident of New York working temporarily in California for a New York corporation.

**Determination:** Your income earned for services performed in California has a California source. As a nonresident, include this California source income on Schedule CA (540NR), column E.

**Example 2 –** You are a California resident. As a representative for your employer, you spent two weeks in Georgia to give training. You were paid by a Georgia corporation while you were in Georgia.

**Determination:** Because you are a California resident, you are taxed on all income, regardless of source. The income is taxable by California, even though it has a source in Georgia.

## Interest and Dividends

Interest and dividends generally have a source where you are a resident. However, see Exception below.

**Example 3 –** You are a resident of Texas and have interest from a California bank account.

**Determination:** Because you are a resident of Texas, the interest has a source in Texas. The interest is not taxable by California.

**Example 4 –** You are a resident of California and have interest from a savings account in Oregon.

**Determination:** Because you are a California resident, you are taxed on all income, regardless of source. The interest is taxable by California.

**Example 5 –** You are a resident of Montana and have dividends from a California corporation.

**Determination:** Because you are a Montana resident, the dividends have a source in Montana. The dividends are not taxable by California.

**Exception:** Interest and dividends have a source in California if the account or security is used in a trade or business or pledged as security for a loan, the proceeds of which are used in a trade or business in California. For special rules regarding qualifying investment securities, refer to California Revenue and Taxation Code (R&TC) Section 17955.

## Business Income (or Loss)

A nonresident's income from California sources includes income from a business, trade, or profession carried on in California. If the nonresident's business, trade, or profession is carried on both within and outside California, the income sourced to California may be based only on the business conducted within California, or may be determined by using the apportionment formula for corporations engaged in multistate businesses.

California uses a mandatory market assignment method and single-sales factor apportionment to apportion business income to California. A nonresident may have California sourced income or apportionable business income if receiving income from sales or services sourced to California. Such income includes:

1. Sales of services to the extent that the purchaser of the service receives the benefit of the service in California.
2. Sales of intangible property to the extent that the intangible property is used in California. For marketable securities, the sales are in California if the customer is in California.
3. Sales from the sale, lease, rental, or licensing of real property if the real property is located in California.
4. Sales from the rental, lease, or licensing of tangible personal property if the property is located in California.

Refer to Cal. Code Regs., tit.18 section 17951-4 to determine when income from business, trade or profession should be sourced according to apportionment rules. Also see R&TC Section 25136 and Cal. Code Regs., tit. 18 section 25136-2 or California Schedule R, Apportionment and Allocation of Income, for more information.

Withholding may be required on a nonresident's business income if an exemption, waiver, or reduction is not certified or approved.

## Pensions and Keoghs

**Residents:** Distributions from employer-sponsored and self-employment (Keogh) pension, profit-sharing, stock bonus plans, or other deferred compensation arrangements are taxable by California regardless of where the services were performed.

**Nonresidents:** Distributions are not taxable by California if received after December 31, 1995. Get FTB Pub. 1005 for more information.

**Example 6 –** You were a resident of California when you earned your pension. You retired during 2019 and moved permanently to New Mexico. After becoming a resident of New Mexico, you begin drawing your pension.

**Determination:** Since you are a nonresident, the distribution is not taxable by California because you received it after December 31, 1995.

**Example 7 –** You lived and worked in Ohio. You retired in Ohio and received your first pension check on January 1, 2019. You moved permanently to California on July 1, 2019.

**Determination:** You became a California resident on July 1, 2019. Your pension income received beginning July 1, 2019, is taxable by California because California residents are taxed on all income, regardless of source.

## Lump-Sum Distributions

**Residents:** Lump-sum distributions are taxable by California. Residents of California are taxed on all income, regardless of source. Therefore, the distribution is taxable even if it is attributable to services performed outside of California and accrued prior to your becoming a California resident.

**Nonresidents:** Lump-sum distributions from a qualified plan or annuity after December 31, 1995, are not taxable by California. However, lump-sum distributions, derived from a California source, received from most nonqualified plans after December 31, 1995, continue to be taxable by California. For more information, get FTB Pub. 1005.

**Example 8 –** You lived and worked in New York. You retired and moved to California and became a resident. Prior to relocating, you elected to receive a lump-sum distribution from your qualified pension plan. You received the distribution after you became a California resident.

**Determination:** The distribution is taxable by California because California residents are taxed on all income, regardless of source (Appeal of Ralph G. and Martha E. McQuoid, California State Board of Equalization, May 11, 1989).

**Example 9 –** You were a California resident and worked for a corporation in California. You moved to Ohio during 2019 and elected to take a lump-sum distribution from your qualified pension plan. You received the distribution after you became a resident of Ohio.

**Determination:** Since you are a nonresident, the distribution is **not** taxable by California because you received it after December 31, 1995.

## Individual Retirement Account (IRA), Roth IRA, SIMPLE IRA, Simplified Employee Pension (SEP), and Keogh Distributions

IRA, Roth IRA, SIMPLE IRA, SEP, and Keogh distributions received after becoming a nonresident are not taxable by California if received after December 31, 1995.

Distributions from a SEP from contributions made after 1986 are taxed by California in the same manner as pension and Keogh distributions. Distributions from contributions made before 1987 are taxed by California in the same manner as IRA distributions. For more information, get FTB Pub. 1005.

## Sale of Real Estate

The gain or loss from the sale of real estate has a source where the property is located. If you sell your California real estate and move out of state, the gain is taxable by California. The gain is taxable by California even if the real estate is sold when you are a nonresident.

**Example 10 –** You are a resident of Idaho. You sold undeveloped real estate located in California at a gain.

**Determination:** Because the property is in California, the gain is California source income. As a nonresident, include this California source income on Schedule CA (540NR), column E.

**Example 11 –** You are a resident of California. You sold real estate located in England at a gain.

**Determination:** Because you are a California resident, you are taxed on all income, regardless of source. The gain on the sale is taxable by California.

**Example 12 –** You are a resident of Nevada. You own residential rental property located in California. Your property has always shown a loss. You sold the property for a gain.

**Determination:** Because the property is located in California, the gain on the sale is taxable by California. Since rental real property is classified as a passive activity, the sale "triggers" the release of suspended losses incurred in taxable years beginning on or after January 1, 1987. The suspended losses may be used to offset any gain from the sale or income from other passive activities. For more information, get form FTB 3801, Passive Activity Loss Limitations, and instructions or FTB Pub. 1016, Real Estate Withholding Guidelines.

## Withholding Services and Compliance

Withholding may be required on income with a California source. This includes, sales of California real estate, income allocations or distributions from S corporations and partnerships, and other payments of California source income paid to nonresidents. **Note:** Withholding is not always required. An exemption, reduction, or waiver can be filed.

With certain limited exceptions, payers that are required to withhold and remit backup withholding to the Internal Revenue Service (IRS) are also required to withhold and remit to the FTB. The California backup withholding rate is 7% of the payment. For California purposes, dividends, interests, and any financial institution's release of loan funds made in the normal course of business are exempt from backup withholding. For additional information on California backup withholding, go to **ftb.ca.gov** and search for **backup withholding**.

For more information regarding California withholding requirements, get FTB Pub 1016 and Pub 1017, Resident and Nonresident Withholding Guidelines.

Write to:

WITHHOLDING SERVICES AND COMPLIANCE
FRANCHISE TAX BOARD
PO BOX 942867
SACRAMENTO CA 94267-0651

Telephone: **888**.792.4900 from within the United States
916.845.4900 from outside the United States

TTY/TDD: 800.822.6268 for persons with hearing or speech disability
711 or 800.735.2929 California relay service

FAX: 916.845.9512

## Partnership, S Corporation, Limited Liability Company (LLC), and Trust Income (Loss)

When a partner is a part-year resident during any part of the partner's or the partnership's taxable year, the part-year resident must divide his or her taxable year into two distinct periods. For the period during which the part-year resident was a resident of this state, all items of income and deductions are to be included in the partner's California taxable income. For the period during which the part-year resident was a nonresident of this state, only gross income and deductions realized from sources within this state are included in the partner's California taxable income. Therefore, all California-sourced items of income and loss realized by the partnership during the partnership's taxable year when the partner was a nonresident of this state are included in California taxable income. This also applies to shareholders of an S corporation, partners of an LLC classified as a partnership, and beneficiaries of a trust. See FTB Legal Ruling 2003-1, FTB Pub. 1017, and FTB Pub. 1100 for more information.

**Example 13 –** Kim, a nonresident calendar year individual taxpayer, has a 50% interest in partnership (P). P has a December 31 year-end. P conducts business within and outside California. For the fiscal year ended December 31, Kim's Schedule K-1 (565) from P shows that Kim has $10,000 of taxable income from all sources, $5,000 of which is sourced to California. On September 15, Kim became a resident of California.

**Determination:** Kim was a nonresident for 257 days of P's fiscal year and a resident for 108 days. Kim will include in California taxable income for the year, $6,480 of income from P, computed as follows:

- For the portion of the year Kim was a nonresident: 257/365 X $ 5,000 = $3,521
- For the portion of the year Kim was a resident: 108/365 X $10,000 = $2,959

**Example 14 –** Hope, a calendar year individual resident of California, owns a 50% share of the S corporation (Buddy Corp.). Buddy Corp. has an October 31 year-end. Buddy Corp. conducts business within and outside California. For the October 31 year-end, Hope's Schedule K-1 (100S) from Buddy Corp. shows that Hope has $8,000 of taxable income from all sources, $3,000 of which is sourced to California. On June 10, Hope became a nonresident taxpayer.

**Determination:** Hope was a nonresident for 144 days of Buddy Corp.'s fiscal year-end and a resident for 221 days. Hope will include in California taxable income for the year, $6,028 of income from Buddy Corp., computed as follows:

- For the portion of the year Hope was a nonresident: 144/365 X $3,000 = $1,184
- For the portion of the year Hope was a resident: 221/365 X $8,000 = $4,844

## Sale of Stocks and Bonds

The gain or loss from the sale of stocks or bonds has a source where you are a resident at the time of the sale. If buying and selling stocks and bonds is your trade or business, see "Business Income (or Loss)" on page 7 for more information.

**Example 15 –** You are a resident of Oregon and sell stock of a California corporation at a gain.

**Determination:** Because you are an Oregon resident, the gain has an Oregon source. The gain is not taxable by California.

**Example 16 –** You are a resident of California and sell stock of a Kansas corporation at a gain.

**Determination:** Because you are a California resident, you are taxed on all income, regardless of source. The gain is taxable by California.

## Installment Sales

California taxes installment gains received by a nonresident from the sale of tangible property on a source basis. Real property is sourced and taxed based upon where the property is located. California taxes residents on all income regardless of source. The chart below indicates the tax treatment for installment payments received by residents, nonresidents, and individuals who changed residency:

| Residency Status | Sold Property | California Property | Out-of-State Property |
|---|---|---|---|
| Always a Nonresident | Anytime | Taxable | Nontaxable |
| Always a Resident | Anytime | Taxable | Taxable |
| Former Resident | Prior to moving out | Taxable | 2001 and prior - Taxable |
| | | | 2002 and after - Nontaxable |
| Former Nonresident | Prior to moving in | Taxable | 2001 and prior - Nontaxable |
| | | | 2002 and after - Taxable |

For the treatment of interest earned on an installment sale, see "Interest and Dividends" on page 7.

For more information regarding the taxation of installment sales, get FTB Pub. 1100.

## Reimbursement of Moving Expenses

The source of reimbursed moving expenses is the state to which you move, regardless of your residency at the time the reimbursement is made.

# J Specific Professions

## Military and Spouses

Military personnel and spouses should get FTB Pub. 1032.

## Civilians Working for the Military

The rules for military personnel do not apply to civilians working for the military. Determine your residency status and the source of your income based on the guidelines previously explained in Sections E through I.

## Career Appointees in the U.S. Foreign Service

The rules for military personnel and spouses do not apply to career appointees in the U.S. Foreign Service. Determine your residency status and the source of your income based on the guidelines previously explained in Sections E through I.

## Airline Employees

The wages of nonresident flight personnel (e.g. pilot, copilot, flight attendant) are not taxable by California unless more than 50% of the individual's scheduled flight time is in California. If more than 50% of the scheduled flight time is in California, wages are apportioned to California based on the ratio of time spent in California to the total scheduled flight time.

Flight personnel who are California residents are taxed on all wages received regardless of where the flight time is spent.

## Interstate Rail and Motor Carrier Employees

The wages of nonresident railroad employees or truck drivers whose regularly assigned duties are performed in two or more states may only be taxed by the individual's state of residence.

Railroad employees or truck drivers who are California residents are taxed on all wages received regardless of where the duties are performed.

## Merchant Seamen

A merchant seaman who is in California only because this state is a port-of-call and who maintains no other contact or connections with this state, is a nonresident. However, a seaman who maintains close connections with California remains a California resident while at sea. Under such circumstances, the seaman's absence is for a temporary or transitory purpose.

**Example 1 –** You are a merchant seaman and spend six to ten months a year aboard a ship outside California. You spend your off-duty time in California. You own a home in California where your spouse/RDP resides. You vote and bank in California. You have a California driver's license and your automobile is registered in California.

**Determination:** You are a resident of California. Your time at sea is temporary and transitory. As a resident, all your income is taxable by California, including your income earned while at sea (Appeal of James H. and Leila P. Pike, California State Board of Equalization, February 1, 1983).

**Example 2 –** You are a merchant seaman and spend eight to ten months a year aboard a ship outside California. You are single and have no dependents. You spend 50% of your off-duty time or 10% of your total time in California. You return to California only when your employment brings you here. When visiting California, you stay in hotels. You have a California bank account in joint tenancy with your father. You have a California driver's license, but no car. You do not own real property in California.

**Determination:** You are a nonresident of California. Your ties to California are not substantial and your time in California is temporary or transitory (Appeal of Richard W. Vohs, California State Board of Equalization, September 17, 1973).

# K Residents of or Individuals in Foreign Countries

If you are a resident of a foreign country and perform services in California and/or receive income from California sources, you may have a California income tax filing requirement even if you do not have a federal filing requirement.

## Tax Treaty

A tax treaty between the U.S. Government and a foreign country may exempt some types of income from federal taxation. Generally, unless the treaty specifically excludes the income from taxation by California, the income is taxable.

**Example 1 –** You are a resident of China doing research at a university in California and received wages of $15,000 for teaching and doing research. For federal income tax purposes, the wages are excludable due to the tax treaty between the United States and China.

Amounts received for teaching, research, or other services performed by a student are not excludable as a qualified scholarship or fellowship, even if the services are required as a condition of receiving the scholarship or fellowship.

**Determination:** Although the wages may be exempt from income for federal income tax purposes, the wages will be taxable by California. The tax treaty specifically states that the taxes covered by the tax treaty are federal income taxes imposed by the Internal Revenue Code. Tax treaties between the United States and other countries which expressly limit their application to federal income taxes do not apply to California. Nonresidents are taxed by California on wages for services performed in California. Since you received wages for services performed in California, the wages are taxable by California. Include the wages of $15,000 on Schedule CA (540NR), Part II, Section A, line 1, column C.

## Income Tax Clearance

A federal income tax clearance does not affect your California tax liability. The FTB does not issue tax clearance certificates for individuals in this situation.

## Foreign Tax Credit or Foreign Earned Income Exclusion

California does not allow a foreign tax credit or a foreign earned income exclusion. If you claimed the foreign earned income exclusion on your federal return, include the amount of your foreign earned income exclusion on Schedule CA (540NR), Part II, Section B, line 8f, column C.

# L Meaning of Domicile

The term "domicile" has a special legal definition that is not the same as residence. While many states consider domicile and residence to be the same, California makes a distinction and views them as two separate concepts, even though they may often overlap. For instance, you may be domiciled in California but not be a California resident or you may be domiciled in another state but be a California resident for income tax purposes.

**Domicile** is defined for tax purposes as the place where you voluntarily establish yourself and family, not merely for a special or limited purpose, but with a present intention of making it your true, fixed, permanent home and principal establishment. It is the place where, whenever you are absent, you intend to return. The maintenance of a marital abode in California is a significant factor in establishing domicile in California.

## Change of Domicile

You can have only one domicile at a time. Once you acquire a domicile, you retain that domicile until you acquire another.

A change of domicile requires all of the following:

- Abandonment of your prior domicile.
- Physically moving to and residing in the new locality.
- Intent to remain in the new locality permanently or indefinitely as demonstrated by your actions.

# M Married/RDP Filing Separate Returns

## Division of Income

California is a community property state. The domicile of the spouse/RDP earning the income determines the division of income between spouses/RDPs when separate returns are filed. Each spouse/RDP must follow the laws in his or her state of domicile to determine whether income is separate or community. When separate returns are filed, you and your spouse/RDP must each report half of the community income plus all of your separate income on your return. See Section L, Meaning of Domicile.

## Community Property

Community property is all of the property that is not separate property acquired by a husband/RDP or wife/RDP or both while domiciled in a community property state, U.S. territory, or country.

Each spouse/RDP owns one-half of all community property. If property cannot be specifically identified as separate property, it is considered community property.

The following are community property states and U.S. territories (countries not listed):

| | |
|---|---|
| Arizona | New Mexico |
| California | Northern Mariana Islands |
| Guam | Puerto Rico |
| Idaho | Texas |
| Louisiana | Washington |
| Nevada | Wisconsin |

## Community Income

Income generated from community property is community income. Community income also includes compensation for services if the spouse/RDP earning the compensation is domiciled in a community property state.

Divide the community income equally between you and your spouse/RDP when separate returns are filed.

## Separate Property

Separate property includes the following:

- Property owned separately by each spouse/RDP before marriage or registering as a domestic partnership.
- Property received separately as gifts or inheritances.
- Property purchased with separate property funds.
- Money earned while domiciled in a separate property state.
- All property declared separate property in a valid agreement.

Maintain separate property separately. If the property or the income from the property is used for community purposes, or commingled, it could lose its separate property character, overriding any agreements.

## Separate Income

Generally, income from separate property is income of the spouse/RDP who owns the property. When filing, you and your spouse/RDP report your income(s) separately on your separate returns.

## Deductions

Expenses incurred to earn or produce community business or investment income are generally divided equally between you and your spouse/RDP. Each spouse/RDP is entitled to deduct half of the expenses of the business or investment expenses on his or her separate return.

Expenses incurred to earn or produce separate business or investment income are deductible by the spouse/RDP who owns the investment generating the income, provided that spouse/RDP pays the expenses from his or her separate funds.

Expenses that are not attributable to any specific income, such as medical expenses, are deductible by the spouse/RDP who pays them. If these expenses are paid from community funds, the deduction is divided equally between you and your spouse/RDP.

If one spouse/RDP itemizes deductions, both spouses/RDPs must itemize deductions, even if the itemized deductions of one spouse/RDP are less than the standard deduction.

## Exemption Credits

When you file separate returns, you and your spouse/RDP must each claim your own personal exemption credit.

When you have more than one dependent supported by community funds, you and your spouse/RDP may divide the number of dependents between you in any manner you choose. However, you may not split the credit for any one dependent.

## Division of Income, Residents and Nonresidents of California – Examples

**Example 1 –** You and your spouse/RDP are residents of California. You earned $15,000 in wages. Your spouse/RDP earned $30,000. In addition to wages, you have stock that you inherited. The stock is in your name only, and you keep the stock and the dividend income separate from community funds. You received $5,000 in dividends. You have decided to file separate returns.

**Determination:** You and your spouse/RDP each have $22,500 in community income: ($15,000 + $30,000 = $45,000 ÷ 2). In addition to your $22,500 in community income to be reported, include the $5,000 of separate income from dividends, making your total income $27,500.

**Example 2 –** You and your spouse/RDP are residents of California. For the first six months of the year, you earned wages of $30,000. Your spouse/RDP did not earn any income. On June 30, you and your spouse/RDP physically separated with no intention of reconciliation. During the last six months, you earned wages of $30,000 and your spouse/RDP earned wages of $10,000. You have decided to file separate returns.

**Determination:** For the first six months of the year, your earnings were community income. You and your spouse/RDP must each report on your individual returns one half of the income earned during this period. When you and your spouse/RDP physically separated with no intention of reconciliation, your community income status ended. Therefore, from July 1 through December 31, the income earned by you and your spouse/RDP was separate income.

| | **You** | **Your Spouse/RDP** |
|---|---|---|
| Community Jan.–June | $15,000 | $15,000 |
| Separate July–Dec. | 30,000 | 10,000 |
| Total | $45,000 | $25,000 |

**Example 3:**

John and Jackie are full-year nonresidents of California. Jackie earned $30,000 in wages for services performed in her state of residence. Jackie also sold property in California that was her separate property. She had a $100,000** gain. John received a pension distribution of $10,000 in 2019 based on services performed in California. For California purposes, John's taxable pension distribution for the year is 0.* John has a rental house in California that is his separate property. His net rental income was $1,000.** John and Jackie filed separate federal returns, therefore, they file separate California returns. The following situations show how their income should be divided based on domicile.

| 1. John and Jackie are both domiciled in community property states. | | John | | Jackie | |
|---|---|---|---|---|---|
| | TOTAL | Schedule CA (540NR), column D | Schedule CA (540NR), column E | Schedule CA (540NR), column D | Schedule CA (540NR), column E |
| WAGES | $ 30,000 | $ 15,000 | $ 0 | $ 15,000 | $ 0 |
| GAIN | 100,000 | 0 | 0 | 100,000 | 100,000 |
| PENSION | 10,000 | 5,000 | 0 | 5,000 | 0 |
| RENTAL INCOME | 1,000 | 1,000 | 1,000 | 0 | 0 |

**John would complete his Schedule CA (540NR) as shown in the partial view that follows.**

| **Part II** Income Adjustment Schedule | A | B | C | D | E |
|---|---|---|---|---|---|
| **Section A — Income** from federal Form 1040 or 1040-SR | **Federal Amounts** (taxable amounts from your federal return) | **Subtractions** See instructions (difference between CA and federal law) | **Additions** See instructions (difference between CA and federal law) | **Total Amounts Using CA Law As If You Were A CA Resident** (subtract col. B from col. A; add col. C to the result) | **CA Amounts** (income earned or received as a CA resident and income earned or received from CA sources as a nonresident) |
| **1** Wages, salaries, tips, etc. See instructions before making an entry in col. B or C . . . . . . . . . . . . . . . . **1** | $15,000 | | | $15,000 | |
| **4c** Pensions and annuities. See instructions. **c** **$10,000** . . . . . . . . . . . . . . . . . . . . . . . . **4d** | 5,000 | | | 5,000 | |
| **Section B — Additional Income** from federal Schedule 1 (Form 1040 or 1040-SR) | | | | | |
| **5** Rental real estate, royalties, partnerships, S corporations, trusts, etc. . . . . . . . . . . . . . . . . . . . . **5** | 1,000 | | | 1,000 | 1,000 |

*California nonresidents are **not** taxed by California on pension income.

**This income is from separate property; therefore, it is not divided even when domiciled in a community property state.

| 2. John and Jackie are domiciled in separate property states. | | John | | Jackie | |
|---|---|---|---|---|---|
| | TOTAL | Schedule CA (540NR), column D | Schedule CA (540NR), column E | Schedule CA (540NR), column D | Schedule CA (540NR), column E |
| WAGES | $ 30,000 | $ 0 | $ 0 | $ 30,000 | $ 0 |
| GAIN | 100,000 | 0 | 0 | 100,000 | 100,000 |
| PENSION | 10,000 | 10,000 | 0 | 0 | 0 |
| RENTAL INCOME | 1,000 | 1,000 | 1,000 | 0 | 0 |

| 3. John is domiciled in a community property state and Jackie in a separate property state. | | John | | Jackie | |
|---|---|---|---|---|---|
| | TOTAL | Schedule CA (540NR), column D | Schedule CA (540NR), column E | Schedule CA (540NR), column D | Schedule CA (540NR), column E |
| WAGES | $ 30,000 | $ 0 | $ 0 | $ 30,000 | $ 0 |
| GAIN | 100,000 | 0 | 0 | 100,000 | 100,000 |
| PENSION | 10,000 | 5,000 | 0 | 5,000 | 0 |
| RENTAL INCOME | 1,000 | 1,000 | 1,000 | 0 | 0 |

| 4. John is domiciled in a separate property state and Jackie in a community property state. | | John | | Jackie | |
|---|---|---|---|---|---|
| | TOTAL | Schedule CA (540NR), column D | Schedule CA (540NR), column E | Schedule CA (540NR), column D | Schedule CA (540NR), column E |
| WAGES | $ 30,000 | $15,000 | $ 0 | $ 15,000 | $ 0 |
| GAIN | 100,000 | 0 | 0 | 100,000 | 100,000 |
| PENSION | 10,000 | 10,000 | 0 | 0 | 0 |
| RENTAL INCOME | 1,000 | 1,000 | 1,000 | 0 | 0 |

## How To Split Income on Form 540NR

Use this chart as a guide to split community income with your spouse/RDP based on domicile if you are married/RDP and file Form 540NR.

**Reminder**: Include all of your separate income in addition to your half of the community income when filing. See "Division of Income" on pages 10, 11, and 12.

| TYPE | YOUR DOMICILE | YOUR SPOUSE'S/RDP's DOMICILE | Form 540NR, Married/RDP Filing Jointly | Form 540NR, Married/RDP Filing Separately (you) | Form 540NR, Married/RDP Filing Separately (your spouse's/RDP's) |
|---|---|---|---|---|---|
| 1 | Community Property State | Community Property State | Schedule CA (540NR), column A through column D: All income All deductions | Schedule CA (540NR), column A through column D: Half of all income Half of all deductions | Schedule CA (540NR), column A through column D: Half of all income Half of all deductions |
| | | | Schedule CA (540NR), column E: All income taxable by California | Schedule CA (540NR), column E: Half of all income taxable by California | Schedule CA (540NR), column E: Half of all income taxable by California |
| 2 | Separate Property State | Separate Property State | Schedule CA (540NR), column A through column D: All income All deductions | Schedule CA (540NR), column A through column D: All your income All your deductions | Schedule CA (540NR), column A through column D: All your spouse's/RDP's income All your spouse's/RDP's deductions |
| | | | Schedule CA (540NR), column E: All income taxable by California | Schedule CA (540NR), column E: All your income taxable by California | Schedule CA (540NR), column E: All your spouse's/RDP's income taxable by California |
| 3 | Community Property State | Separate Property State | Schedule CA (540NR), column A through column D: All income All deductions | Schedule CA (540NR), column A through column D: Half of your income Half of your deductions | Schedule CA (540NR), column A through column D: All your spouse's/RDP's income plus half of your income All your spouse's/RDP's deductions plus half of your deductions |
| | | | Schedule CA (540NR), column E: All income taxable by California | Schedule CA (540NR), column E: Half of your income taxable by California | Schedule CA (540NR), column E: All your spouse's/RDP's income taxable by California plus half of your income taxable by California |
| 4 | Separate Property State | Community Property State | Schedule CA (540NR), column A through column D: All income All deductions | Schedule CA (540NR), column A through column D: All your income plus half of your spouse's/RDP's income All your deductions plus half of your spouse's/RDP's deductions | Schedule CA (540NR), column A through column D: Half of your spouse's/RDP's income Half of your spouse's/RDP's deductions |
| | | | Schedule CA (540NR), column E: All income taxable by California | Schedule CA (540NR), column E: All your income taxable by California plus half of your spouse's/RDP's income taxable by California | Schedule CA (540NR), column E: Half of your spouse's/RDP's income taxable by California |

For information on income taxable by California, see Section I on page 6.

# N Avoid Common Mistakes on Form 540NR

Avoid making time-consuming and costly mistakes by reporting your AGI from all sources as if you were a resident of California for the entire year.

California tax returns start with federal AGI. However, there are differences between California and federal tax law. Use Schedule CA (540NR) to convert your federal AGI (column A) to your total AGI from all sources under California law (column D) as follows:

- Copy your federal income, adjustments, and deductions to the applicable lines on Schedule CA (540NR), column A.
- Subtract income that is taxable under federal law but not under California law (such as California Lottery winnings and social security benefits) by entering it on Schedule CA (540NR), column B.
- Add income excluded on the federal return (such as foreign income or income from non-California municipal bonds), unless the income is specifically excludable under California law, by entering it on Schedule CA (540NR), column C.
- **Do not** subtract non-California source income to determine your total AGI from all sources under California law.

When you figure your California AGI on Schedule CA (540NR), column E, be sure to include the following:

- All income from every source while you were a resident of California.
- Income from California sources while you were a nonresident.

For more information, get the instructions to Schedule CA (540NR).

# O Double-Taxed Income

If you paid taxes to California and to another state on the same income, you may qualify for a tax credit for taxes paid to another state. Get California Schedule S, Other State Tax Credit.

# P General Phone Service

Telephone assistance is available year-round from 7 a.m. until 5 p.m. Monday through Friday, except holidays. Hours subject to change.

Telephone: 800.852.5711 from within the United States<br>916.845.6500 from outside the United States

TTY/TDD: 800.822.6268 for persons with hearing or speech disability<br>711 or 800.735.2929 California relay service

IRS: 800.829.1040 for federal tax questions, call the IRS

**Asistencia en Español**

Asistencia telefónica está disponible durante todo el año desde las 7 a.m. hasta las 5 p.m. de lunes a viernes, excepto días feriados. Las horas están sujetas a cambios.

Teléfono: 800.852.5711 dentro de los Estados Unidos<br>916.845.6500 fuera de los Estados Unidos

TTY/TDD: 800.822.6268 para personas con discapacidades auditivas o del habla<br>711 ó 800.735.2929 Servicio de relevo de California

IRS: 800.829.1040 para preguntas sobre impuestos federales, llame al IRS