IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>INFOWARS, LLC, et al<br><br>　　　　　Defendants. | Case Number:   0:20-cv-61912 |

### PLAINTIFF LARRY KLAYMAN'S MOTION TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

Plaintiff Larry Klayman ("Mr. Klayman") hereby moves to transfer this case to the U.S. District Court for the Western District of Texas ("Western District of Texas").

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Traditionally, federal courts accord a plaintiff's choice of forum considerable deference, only disturbing it when it is clearly outweighed by other considerations." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004). "The three criteria for the Court to consider in ruling on a motion to transfer are: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice. In weighing those criteria, and deciding whether to transfer an action to another district, the district court is vested with broad discretion. *England v. ITT Thompson Industries Inc.,* 856 F.2d 1518, 1520 (11th Cir. 1988)." *Id*.

Here, the Plaintiff, Mr. Klayman, is moving for change in venue and accordingly, his choice must be granted "considerable deference." *Id*. It is also clear that the Western District of Texas is a 'district…..where [this action] might have been brought." 28 U.S.C. § 1404(a). The

Infowars Defendants are all located in the Western District of Texas, with their headquarters being located in Austin, Texas. The defamatory publications also occurred in and were broadcast from the Western District of Texas as well as in this district, where Mr. Klayman primarily practices law and conducts a conservable part of his other professional and personal endeavors. And, since there is already a case pending in the Western District, it having been transferred from the U.S. District Court for the District of Columbia, this would work an efficiency of judicial and private resources to transfer this pending case, and then it along with the Western District case could be consolidated. Moreover, the Western District case is already in a discovery mode with a trial set for July 31, 2020. See *Corsi v. Infowars LLC et al*, 1:20-cv-298 (W.D. Tx.) Docket Sheet, Exhibit 1.

Accordingly, all the factors set forth by the U.S. Court of Appeals for the Eleventh Circuit all weight heavily in favor of transfer. A majority of the parties are located in the Western District of Texas, and therefore a majority of the witnesses are also located there.

In summary, since there is already a companion case in the Western District of Texas styled *Corsi v. Infowars LLC et al*, 1:20-cv-298 (W.D. Tx.), transfer to the Western District of Texas would allow for these cases to be consolidated in the interests of judicial economy and for the convenience of all the parties and the Court. *See Docket Sheet,* Exhibit 1.

Mr. Klayman's office sent an earlier and then another email seeking consent and consultation for this motion to Robert Buschel, Esq., counsel for Defendant Stone, David Wachen, Esq., counsel for Defendant David Jones, and Mark Randazza, Esq., pro hac vice and out of state counsel for the remaining Infowars Defendants on Tuesday, November 3, at 9:08 a.m. PST, but as with a recent motion for extension of time they ignored the request and their counsel failed to respond as a matter of professional courtesy and the rules of this honorable

Court. For whatever reason, it has become Defendant's pattern and practice to simply ignore emails and requests to consent or consult from Plaintiff, as occurred as well with an email seeking consent for an extension of time in the last few weeks.

WHEREFORE, based on the foregoing, Mr. Klayman respectfully requests that this case be transferred to the Western District of Texas and consolidated with the companion case currently in progress there.

Dated: November 5, 2020                                              Respectfully Submitted,

                                                                                 */s/ Larry Klayman*
                                                                                 Larry Klayman, Esq.
                                                                                 7050 W. Palmetto Park Rd
                                                                                 Boca Raton, FL, 33433
                                                                                 Telephone: (561)558-5336
                                                                                 Email:leklayman@gmail.com

                                                                                 *Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2020, a true copy of the foregoing was filed via ECF and served to all counsel of record though the Court's ECF system.

                                                                                 */s/ Larry Klayman*