## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN,

        Plaintiff,

    vs.

INFOWARS, LLC; FREE SPEECH SYSTEMS,
LLC; ALEX E. JONES; DAVID JONES;
OWEN SHROYER; and ROGER STONE,

        Defendants.

Case No. 0:20-cv-61912-DPG

**DEFENDANTS INFOWARS, LLC,
FREE SPEECH SYSTEMS, LLC,
ALEX E. JONES, OWEN SHROYER &
ROGER STONE'S[1] OPPOSITION TO
PLAINTIFF LARRY KLAYMAN'S
MOTION TO TRANSFER AND CROSS
MOTION FOR SANCTIONS UNDER
28 USC §1927**

To the best of the Defendants' knowledge, Larry Klayman's first lawsuit against Defendants Alex Jones, Infowars, Owen Shroyer, and Free Speech Systems (collectively, "Infowars Defendants") in this campaign was filed in the U.S. District Court for the District of Columbia.  *See Corsi & Klayman v. Infowars, et al.*, Case No. 1:19-cv-00656 (D.D.C. filed Mar. 7, 2019).  The Infowars Defendants fully briefed a motion to dismiss, and that court instead transferred it a year later to the Western District of Texas.

Klayman then decided to initiate a new action in this Court.  *See Klayman v. Infowars, et al.*, Case No. 9:20-cv-80614-RKA (S.D. Fla. filed Apr. 8, 2020) ("1st S.D. Fla. Case").  When Judge Altman, *sua sponte*, issued an order requiring the filing of a more definite statement, due to the "shotgun pleading" nature of the claims and lack of standing, Klayman dismissed it.  *See* 1st S.D. Fla. Case, at ECF No. [7] (Apr. 15, 2020).  Hoping to avoid Judge Altman's attention, but looking to stay in Florida, Klayman filed yet a third case, this case, in state court, swapping

---

[1]   Pursuant to the Honorable Darrin P. Gayles's Civil Procedures, Defendants jointly file this opposition with the exception of Defendant David Jones, who plans to file his own opposition due to having separate arguments.

the Lanham Act claim for a Florida Deceptive Unfair Trade Practices Action ("FDUTPA") claim and adding Roger Stone as a co-defendant.

Roger Stone was not timely served in Circuit Court in Broward County, in accordance with the Florida Rules of Civil Procedure, the original venue of this lawsuit. (ECF Nos. 1 & 1-1). The Infowars defendants, accordingly, removed this case to this district court. (ECF No. 1). Klayman then moved to remand to Circuit Court in Broward County based on the argument both he and Stone were citizens of Florida and that complete diversity of citizenship did not exist. (ECF No. 17). Stone responded in opposition to the motion for remand by stating there *was* complete diversity of citizenship because Klayman is <u>not</u> a citizen of Florida. (ECF No. 27). Stone did not merely allege this, but provided a complete factual record supporting his arguments. *Id.*

With a motion to dismiss pending, invoking the Florida anti-SLAPP statute (ECF No. 5-1), and in the face of compelling evidence that this Court has jurisdiction, both due to the failure to timely serve and Klayman's apparent California citizenship (a misrepresentation he apparently made to this Court and to courts nationwide), Klayman now seeks this Court transfer this case to the Western District of Texas, for purposes of consolidation.   (ECF Nos. 30, 34 & 35). Defendants oppose this motion.[2]   Klayman keeps dodging the bullet in this campaign of vexatious and duplicative cases.  Further, his victims need to keep responding, re-responding, and re-filing each time Klayman finds a way to moot the motions before the hammer falls.

---

[2]   At no time did Klayman attempt to confer prior to filing.  His associate, Oliver Peer, a California attorney not admitted in this court, made an e-mail request for consent, insisting on a response in under 3 hours.  This was no conference.  If Klayman would like to confer, all he need do is pick up the phone and call the number below.  However, the Court should perhaps excuse his failure to confer, as the Defendants do not agree with the motion.

Klayman's desire to forum shop is logical. This very Court (albeit a different judge) threw his complaint out without even waiting for a motion to dismiss. He has some serious explaining to do to this Court with respect to his representations about his residency. Further, this state has an anti-SLAPP law that has been found to apply in federal court. *See Bongino v. The DailyBeast Company, LLC*, No. 2:19-cv-14472-JEM, Doc. No. 23 (S. D. Fla. Aug. 6, 2020) (granting motion to dismiss under Fed. R. Civ. P. 12(b)(6) and finding entitlement to fees under Fla. Stat. § 768.295).

With this District being the only one, so far, that has used its reality check on Mr. Klayman with any real effect, and the specter of fees staring down at him, of course he wants to flee to another court, hoping to maintain his vexatious and frivolous campaign for another day.

These are no good reasons for the requested relief. His citation to *Ramsey v. Fox News Network, LLC,* 323 F. Supp. 2d 1342 (N.D. Ga. 2004), is misplaced. In *Ramsey*, the "traditional" rule of according a plaintiff's choice of forum refers to consideration a court must give when a *defendant* seeks a transfer to a different venue. There is no traditional rule as to a plaintiff changing his mind and deciding he would rather litigate elsewhere. If Klayman truly wanted to litigate in Texas, he had no reason to file this case when a Texas one was already pending.

This is the second Florida case filed by Klayman—if any deference is to be shown, it is to the district in which he twice filed suit. Klayman's claim that transferring this to Texas is convenient for the Defendants is strange. Roger Stone lives in Florida. Since Klayman alleges Stone is the one who made the statements, and assuming Klayman actually lives in Florida as he pleaded, the two primary witnesses are located in this district. Stone prefers to be in this Court, and Alex Jones, Infowars, Free Speech Systems, and Owen Shroyer are willing to litigate here. Shroyer, Free Speech Systems, Infowars, and Alex Jones' lead counsel is admitted in Florida and

before the bar of this court,[3] whereas he is only *pro hac vice* in Texas, rendering litigation here arguably preferable – and certainly less expensive for these parties.  David Jones may feel differently, but the parties represented in this opposition will let him speak for himself.

Of course, if the Court is inclined to transfer, Defendants request to a transfer to the Central District of California where Klayman is located.  This would ensure Klayman cannot avoid an anti-SLAPP motion and it would best enable the defendants to obtain discovery as to Klayman's alleged damages and the truth of the alleged statements.  A transfer to the Western District of Texas would serve no purpose.  There is already a pending motion to dismiss in that case, likely to be granted for the same reasons set forth by Judge Altman in his order, in addition to otherwise failing on the merits.  Thus, there is unlikely to be a live case for purposes of consolidation.  That case is not "in discovery"; there has not even been a Rule 26(f) conference.

There is no merit to the motion to transfer.  The "convenience of parties" and the "interest of justice" (Motion at 1) are insufficient and do not warrant a transfer.  There is nothing "convenient" about the way Klayman presented this case. He seeks a mulligan for failing to properly serve Stone under the Florida Rules and for getting caught in his web of frivolous claims.  He seeks to avoid being held responsible for misrepresenting his state of citizenship, a misrepresentation he continues to make even after conceding jurisdiction.  (ECF No. 31 at 9).  If Klayman wanted to be in the Western District of Texas, why did he file another separate lawsuit in Florida against Stone and Infowars defendants?  The statute of limitations in Texas has since expired against Stone. Since Stone was not properly served with this lawsuit, transfer does not

---

[3]    It is particularly audacious of Klayman to refer to Defendants' counsel disparagingly as "out of state lead counsel" (ECF No. 31 at 22), especially in light of Klayman's own curious state citizenship.

solve his limitations defect.   Any effort by Klayman to have the Florida limitations period transferred to Texas is another reason why Stone objects to the transfer.   In essence, Klayman would be rewarded for his poor litigation choices and representations to this Court.

There is, however, one ray of light in the motion.   "A transfer of a case under Section 1404(a) is possible only if venue and federal jurisdiction existed in the original forum." *Campbell v. Hilton Hotels Corp.*, 611 F. Supp. 155, 157 (E.D. Mich. 1985); *accord Viaggio v. Field,* 177 F. Supp. 643, 644 (D. Md. 1959) *quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S. Ct. 839, 841 (1947).   As previously argued by Defendants, this Court properly has subject-matter jurisdiction under the removal statute.   The motion for transfer necessarily concedes to the facts of such jurisdiction.   By the same token, he is necessarily withdrawing his motion to remand and his motion to serve Stone late, conceding to Stone's motion to dismiss on that basis, and stipulating to complete diversity.   Before Klayman concedes to this Court's diversity jurisdiction over this case, he has some explaining to do.   What convinced him this Court has jurisdiction to transfer a case to another district court, as a matter of plaintiff's "choice," when he previously fought removal?

Klayman's paltry assertion that he "practices law and conducts a *conservable* part of his other professional and personal endeavors" does not satisfactorily explain the misrepresentation and pleadings in this case. All of a sudden, Klayman seeks consolidation "in the interest of judicial economy," when Klayman took over four-months to serve Stone with this lawsuit, and served him in 2019 with the same lawsuit,[4] in addition to having joined him post-statute of limitations  now-pending in the Western District of Texas.   The misrepresentations and vexatious

---

[4]     *Klayman v. Stone,* Case No. CACE 19-002672 (17th Jud. Cir., 2019).

multiplication of proceedings should be subject to sanctions. The Court should deny the motion, dismiss this case with prejudice, and issue an order to show cause as to why further sanctions, including fees, should not issue pursuant to 28 U.S.C. § 1927 and the Court's own authority.[5]

Dated: November 5, 2020.                  Respectfully submitted,

                                          /s/ Marc J. Randazza
                                          Marc J. Randazza (FL Bar No. 625566)
                                          RANDAZZA LEGAL GROUP, PLLC
                                          2764 Lake Sahara Drive, Suite 109
                                          Las Vegas, NV 89117
                                          Telephone: 702-420-2001
                                          ecf@randazza.com

                                          Attorneys for Defendants
                                          Infowars, LLC; Free Speech Systems, LLC;
                                          Alex E. Jones; and Owen Shroyer


                                          BUSCHEL GIBBONS, P.A.
                                          One Financial Plaza
                                          100 S.E. Third Avenue, Suite 1300
                                          Fort Lauderdale, Florida  33394
                                          Tele:  (954) 530-5301
                                          Email: Buschel@BGlaw-pa.com
                                          Attorneys for Defendant Roger Stone

                                          By:    /s/ Robert C. Buschel
                                              ROBERT C. BUSCHEL
                                              Florida Bar No. 0063436

---

[5]    Rather than file a separate motion for sanctions, the Defendants request that the Court simply consider this as a cross motion for sanctions.

Case No. 20-cv-61912

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 5th day of November 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Employee,
Randazza Legal Group, PLLC