IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLOIRDA

LARRY KLAYMAN

        Plaintiff

v.

INFOWARS LLC. et al,

        Defendant.

Case Number: 0:20-cv-61912

## PLAINTIFF'S NOTICE OF WITHDRAWAL OF MOTION FOR REMAND AND REPLY TO DEFENDANT STONE'S RESPONSE TO MOTION TO REMAND

Plaintiff Larry Klayman ("Mr. Klayman") hereby withdraws his motion to remand. As set forth in Plaintiff's motion to transfer this action to the U.S. District Court for the Western District of Texas, ECF No. 35, the parties and judicial resources will be considerably conserved by having this action transferred to this alternative court where jurisdiction also lies for the convenience of all concerned. There is no dispute that this proceeding would be more convenient and less costly for all there.

The attacks on Mr. Klayman which have been made by Defendant Stone are misleading and false. To set the record straight, but without belaboring that Mr. Klayman is a citizen of Florida, these facts are uncontroverted.

First, Plaintiff does reside and work in Palm Beach County. He has an actual residence and office there, but does not publish or make public the addresses for security reasons.  Nor does he have the apartment number or office number on the marquis of the buildings. A simple Google search shows that Mr. Klayman in his public interest capacity has sued terrorists and terrorist states, and that there are those on the radical left and elsewhere that wish him harm. *See*

1

*Strange v. Islamic Republic of Iran*, 1:14-cv-00435 (D.D.C); *Basulto v. The Republic of Cuba et al*, 1:02-cv-21500 (S.D. FL.).

Moreover, Defendant Stone himself has threatened Mr. Klayman and his client, Dr. Jerome Corsi, the former Dr. Corsi's lawyer and the latter a client during the Russian collusion investigation, and beyond. This has regrettably resulted in defamation actions against Stone. Indeed, Mr. Stone was considered a threat by the government, necessitating the need for 23 FBI agents to conduct a raid at his home at the time that he was indicted.  These threats are consistent with the threats for which Defendant Stone was indicted and convicted for, which he leveled against Randy Credico, to coerce him into lying under oath or taking the Fifth Amendment instead. Credico, as set forth in Stone's indictment, was a material government witness, Person 2, in Stone's successful prosecution, and he testified during the trial as a government witness against Stone. After a two week trial where Defendant Stone presented no witnesses and had no real defense, he was found guilty in short order of seven felonies consisting of perjury, witness tampering, and obstruction of justice, in large part for threatening Randy Credico, Person 2.  As set forth in the indictment:

> On or about April 9, 2018, STONE wrote in an email to Person 2, "You are a rat. A stoolie. You backstab your friends-run your mouth my lawyers are dying Rip you to shreds." STONE also said he would "take that dog away from you," referring to Person 2's dog. On or about the same day, STONE wrote to Person 2, "I am so ready. Let's get it on. Prepare to die [expletive]."

It is telling that President Trump would not pardon Stone over these convictions but merely commuted his 40-month sentence for claimed health reasons over Covid-19, as Stone claims to have respiratory issues and conducted a public relations campaign that he would die in prison.  See Exhibit 1; *Indictment of Roger Stone.*

Defendant Stone's pattern and practice of threatening those he deems as threats to him

extends all the way to federal judges, as he threatened the presiding judge in his criminal case, the Honorable Amy Berman Jackson ("Judge Jackson"), by posting on Instagram a photo of Judge Jackson's head with crosshairs aimed to it – signaling to his supporters that Judge Jackson be harmed or even killed.[1]

Finally, as also was disclosed during his prosecution, Defendant Stone, also a gambling industry lobbyist, is an admirer and likely has connections with those in the Mafia, having not coincidentally told Credico to lie like the character Frank Pentangeli in the film The Godfather. During the short period when Stone was Mr. Klayman's campaign manager when Plaintiff ran for the U.S. Senate in Florida in 2003-2004, for which he was later let go after a few weeks over improper and unethical conduct, Stone would brag about his Mafia ties. Thus, security is an issue in not disclosing physical locations of Mr. Klayman's residence and office, not just with regard to Stone but other adversaries as well.

Second, Defendant Stone has known that Plaintiff has at all times been a citizen of Florida – even before he was briefly Mr. Klayman's campaign manager before he was let go.

Third, indeed, the U.S. Court of Appeals for the Eleventh Circuit, has ruled that Mr. Klayman is a citizen of Florida. *See* Exhibit 2.

Fourth, Mr. Klayman has continuously been a member in good standing of The Florida Bar since December 7, 1977, when, 43 years ago, he began his career as a litigation associate with the Miami law firm of Blackwell, Walker, Gray, Powers, Flick and Hoehl. Later, he established a Miami office for Judicial Watch, which he founded in 1994, with its headquarters downtown. Klayman Law Group P.A. is also incorporated in Florida and has a physical address in Palm Beach County which is not made public for security purposes.

---

[1] https://www.theatlantic.com/ideas/archive/2019/02/roger-stones-online-attack-judge-amy-berman-jackson/583048/.

Fifth, Mr. Klayman has had a longstanding Boca Raton telephone number which he has even used on pleadings before this honorable court and it is 561-558-5336, and he has for decades and at all material times held a Florida driver's license # K455-525-51-260-0, as well as a Florida Concealed Weapon or Firearm License #WX2904843, as he owns three firearms which he keeps in a safe at his office in this state and carries when security is an issue.

Sixth, if Defendant Stone had truly checked state voting records and been candid with this Court, he would have disclosed that Mr. Klayman has continuously voted in Florida, overwhelmingly in person, including this last presidential election on November 3, 2020, and never voted in California. For a brief period, Mr. Klayman contemplated becoming a California citizen and taking the bar and then decided not to.

Seventh, it is not germane that Mr. Klayman's wife, not Mr. Klayman, owns property in California. Notwithstanding this, ownership of out of state property or a second residence is quite common with Florida citizens, a large number of whom are "snow birds." President Trump is a Florida citizen and owns significant property in New York state and New York. To cite another high-profile example, former President George H.W. Bush maintained his Texas citizenship, while owning a large estate in Kennebunkport Maine, lived mostly in Washington, D.C., and used as his intended Texas residence a hotel address in Houston, Texas. Exhibit 3.

These are all bona fide indicia of Florida citizenship as the Eleventh Circuit also found as late as 2015, over five years after Mr. Klayman had at one time thought of becoming a California citizen, but decided later not to. Indeed, Defendant even concedes in his misleading and false response that "Intention to remain in a location permanently is not necessary. *Yeldell v. Tutt,* 913 F. 2d 533, 537 (8th Circuit 1998). It is enough to have a 'floating intention' to stay indefinitely and also have the general desire to return to one's former domicile at some undetermined point

4

of time. Crowley v. Glaze, 710 F.2d. 676, 678 (10th Circuit. 1983)." Defendants' Response at 6.

      Plaintiff Klayman cites these facts to set the record straight even though he is withdrawing the motion for remand without condition, as he has at all times offered all of the Defendants his rational and common sense proposal to have this case, whether it was in front of this honorable Court or the Florida state court, transferred by consent to the Western District of Texas. But rather than agreeing to this logical and reasonable proposal, Defendants and their counsel for tactical reasons have chosen not to substantively respond timely to this proposal.

      It is likely that Defendant Stone wants this case to remain in this honorable Court because he thinks it would move to trial slower than in the Western District of Texas and that this Court would stay discovery while dispositive motions were considered.

      For these reasons, Plaintiff respectfully withdraws his motion to remand unconditionally and has moved that this case be transferred to the Western District of Texas, where the matter is moving ahead through discovery with a firm trial date set for July 31, 2020. This will work an efficiency, a convenience and save valuable resources for all concerned, including this honorable Court.[2]

Dated: November 6, 2020                                                     Respectfully submitted,

                                                                                                      /s/ Larry Klayman

---

[2] The Infowars Defendants' *pro hac vice out of state* counsel, Mark Randazza, has finally responded, not through prior consultation with Plaintiff as required by Court rules, but in an incendiary court pleading the likes of which he is widely known and has previously been held to account before other bodies, claiming inappropriately that this case should remain in this court because Mr. Klayman should be sanctioned under Florida Anti-SLAPP. Mr. Klayman has backed up his allegations of actual malice defeating Anti-SLAPP, in the unlikely event that it even is found to apply, with sworn affidavits supporting and substantiating the strength of his allegations. This latest attack on Mr. Klayman will be responded to fully in due course in a reply brief to his motion to transfer.

6

Larry Klayman, Esq.<br>
Klayman Law Group, P.A.<br>
FL Bar No. 246220<br>
7050 W. Palmetto Park Road<br>
Tel: (561) 558-5336<br>
Email:leklayman@gmail.com<br><br>
*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November 2020, a true copy of the foregoing was filed via ECF and served to all counsel of record though the Court's ECF system.

*/s/ Larry Klayman*