THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA

Case 0:20-cv-61912-DPG

LARRY KLAYMAN,

       Plaintiff,

vs.

INFOWARS, LLC et. al.,

       Defendants.

_____/

**DEFENDANT ROGER STONE'S REPLY TO PLAINTIFF LARRY KLAYMAN'S OPPOSITION TO ROGER STONE'S MOTION TO DISMISS**

Defendant Roger Stone files this reply to plaintiff's response to the motion to dismiss. ECF No. [28] ("Opp.").

There is nothing "curious" about it. (*See* Opp. pg. 3). Plaintiff Klayman did not timely serve Stone with his *nth* repetitive lawsuit against Stone in Broward County Circuit Court. The summons was served 121-days after the Clerk in Broward County issued it, in violation of Florida Rules of Civil Procedure 1.070(j).[1] Klayman admitted that service was late and seeks grace that is not provided by either Florida circuit courts or federal district courts – retroactive service. ECF No. [18]. The Court must dismiss the case and permit plaintiff to refile; or, drop Stone as a defendant.

---

[1] **(j) Summons: Time Limit.** If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; *provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.* (emphasis added).

Until November 6, 2020, Stone and this Court did not know what Plaintiff Klayman really wanted. Did he want venue to be in Broward Circuit Court or in District Court for the Western District of Texas? What is likely is that he does not want to be in the Southern District of Florida to discuss his state citizenship. *See* ECF No. [27].[2] If this Court finds it does have diversity jurisdiction, then this lawsuit is duplicative, but for a Florida Deceptive Trade Practices Act violation, with the Western District of Texas case. (Exhibit – 1, Am. Compl. W.D. Tex.). The statute of limitations has expired in Texas on Klayman's defamation causes of action. He also alleged Texas common law causes of action – assault and intentional infliction of emotional distress. Of course, neither Stone nor Klayman were ever in Texas, so the likelihood those claims survive is nil. Lastly, the only basis for federal jurisdiction in Texas is an allegation of a Lanham Act violation based upon speech that was neither about an unfair advertisement or dilution of any trademark. (Exhibit –2, Motion to dismiss, W.D. Tex.).

But Klayman has argued himself into a box. If he is a citizen of Florida, this Court does not have the jurisdiction to transfer the case to the Western District of Texas. If he is not a citizen of Florida, this Court has diversity jurisdiction and the lawsuit must stay here, but Stone was still not timely served. Regardless, without evidence to establish his citizenship, Klayman did not overcome his burden of establishing diversity jurisdiction. His assertions are not evidence, they are claims contradicted by the exhibits in ECF No. [27]. Where do you live in Florida? Klayman's answer: The Iranians and Cubans are after me. ECF No. [37 pg.1-2]. The Court

---

[2] Plaintiff Klayman's reply to Stone's Response in Opposition to his Motion to Remand was provided on November 6, 2020. ECF No. [27]. Stone challenged Klayman's alleged Florida citizenship. Klayman alleges citizenship in Florida as a basis to argue that this Court does not have diversity jurisdiction. Klayman has made this simple yet critical representation to courts throughout this country in various lawsuits including this one. He claims to be a "snowbird" who lives in Florida but did not provide definitive proof. As every Floridian knows, there are no "snowbirds" from California.

should consider issuing an Order to show cause or limited jurisdictional discovery to resolve diversity jurisdiction.

Klayman does not advise the Court in his response in opposition *when* he first attempted service upon Stone. ECF No. [28]. What remains undisputed is that he served the lawsuit late. He misleads the Court to believe without evidence that Stone "is known to hide from process service." (Opp. pg. 9). His provably false argument regarding his tardiness is that it was not a product of his own dilatory behavior but that he could not locate Stone. "This was caused substantially by difficulties in locating Defendant Stone and his efforts to evade service." ECF No. [18 pg.1]. He does not prove this assertion in any way. He has served Stone at his home address before in a number of cases he has previously filed against Stone. Asserting some kind of additional negative implication, Klayman claims Stone had to be served with another one of Klayman's lawsuits at a "strip club." (Opp. pg. 9). But not this one.

This lawsuit was served at Stone's home in Fort Lauderdale. Indeed, Klayman's assertions are countervailed by the process server's affidavit, the only affidavit presented by Klayman. ECF No. [18-1]. *First*, it establishes Klayman is working from Washington, D.C. *See* ECF No. [27] (response to motion to remand). *Second*, it shows "Same Day Process Service, Inc." was given this Complaint to serve on August 25, 2020. It lists Stone's home address – not-redacted. This means Klayman waited *one day* before the 120-day deadline to attempt service on Stone – this does not demonstrate good cause or excusable neglect. *Third,* the process server served Stone on August 27, 2020, within two days after the process server received the complaint. *Fourth,* Stone was "personally served" at his home. This obviates the misleading argument that Stone avoided service. *Lastly,* Klayman used a Washington, D.C. process server company. Perhaps he used a D.C. process server since he resides there. More importantly,

perhaps it took "Same Day Process Service, Inc." an extra day to find and coordinate with a process server certified in the Seventeenth Judicial Circuit to serve Stone. *See* § 48.021(2)(a), Fla. Stat. (2020) (Sheriff may establish an approved list of designated process servers).[3]

This case was removed to this district court; however, since the lawsuit was filed in state circuit court, the Florida law must be used to resolve the issue of service of process. "A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process. Wright, Miller & Cooper, § 3738." *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985). "Here, service was made before the case was removed to this Court. […] Thus, state law determines the sufficiency of service of process. *Envtl. Mfg. Sols., LLC v. Fluid Group, Ltd.*, , 2018 WL 3635112, at *12 (M.D. Fla. May 9, 2018), *report and recommendation adopted sub nom. Envtl. Mfg. Sols., LLC v. Fluid Energy Group, Ltd.*, 2018 WL 6264836 (M.D. Fla. Nov. 30, 2018) (citing *Burdock & Assocs., Inc. v. Magnuson*, No., 2008 WL 3058584, at *3 (M.D. Fla. Aug. 1, 2008)) (citation omitted).[4] "Florida Rule of Civil Procedure 1.070(j) provides three remedies for failure to serve a defendant within the specified 120–day period: 1. direct that service is effected within a specified time; 2. dismiss the action without prejudice; or 3. drop the untimely served defendant as a party. If the plaintiff shows good cause or excusable neglect leading to the

---

[3] The process server Michael Meyer signed on behalf of the Washington, D.C. company, *Same Day Process Service, Inc*. *See* ECF No. [18-1]. However, this leads one to wonder whether Meyer is a certified process server in Broward County – Seventeenth Judicial Circuit, since the affidavit does not indicate on its face the process server is authorized to serve process. *See* § 48.021(2)(a), Fla. Stat. (2020). Assuming this was an oversight, the Court might conclude the Michael Meyer of Meyer Legal Services, LLC is certified to serve process in Broward County. *See* https://www.sheriff.org/LE/Pages/CivilDivision/Independent.aspx (last visited Nov. 6, 2020). The Court should note that Stone put in more effort to demonstrate the process than Klayman did, and Klayman has the burden to demonstrate good cause or excusable neglect. He did neither. Therefore, Klayman does not deserve the benefit of the doubt from this Court.

[4] The newly amended rule broadens a trial court's discretion to permit an extension of time for service of process absent a showing of good cause. This amendment brings rule 1.070(j) in line with its federal counterpart, Federal Rule of Civil Procedure 4(m). *Thomas v. Silvers*, 748 So. 2d 263, 264 (Fla. 1999).

delay in service, the court 'shall' extend the time for service." *Amaran v. Marath*, 34 So. 3d 88, 90 (Fla. 3d DCA 2010) (citing *Skrbic v. QCRC Assocs.,* 761 So.2d 349 (Fla. 3d DCA 2000)) (holding that action could not be dismissed absent finding as to whether there was excusable neglect to excuse the failure to serve process *within* the 120–day period).

Here, Klayman did not show good cause for the delay. Klayman alleges and expects the Court to accept his representations as true because he alleges them. As in this instance, based upon other filings in this case, and Klayman's unorthodox litigation strategy, he does not deserve that presumption. Since Klayman did not prove good cause or excusable neglect, and he did not serve Stone *within* the 120-days. Discretion to extend the time for service remains with the Court. *Thomas v. Silvers,* 748 So. 2d 263, 264 (1999). Based upon Klayman's conduct, the Court should not use its discretion to extend the time of service. *See id.* The only options that should remain are: dismiss without prejudice or dismiss Stone. Based upon Klayman's litigation conduct, Stone requests the Court dismiss Stone with prejudice. *See id.*

Klayman cites to *Crews v. Shadbune,* 637 So. 2d 979 (Fla. 1st DCA 1994) as support for excusing his dilatory action. *Crews* does not apply. In *Crews*, defendant was "unservable." *Id.* There was also a question of substituted service of process through the secretary of state. *Id.* Neither of those facts occurred here. Stone was served personally when attempted. Klayman cites to the cases cited in *Crews.* (Opp. pg. 9). Those cases are closer to this case and support dismissal. Plaintiffs in those cases were unable to prove diligent service of process within the 120-days expired. *See Gondal v. Martinez,* 606 So. 2d 490 (Fla. 3d DCA 1992); *Morales v. Sperry Rand Corporation,* 601 So. 2d 538 (Fla. 1992) (superseded by rule)[5] (Plaintiff waited

---

[5] This decision was premised upon the supreme court's decision in *Morales v. Sperry Rand Corp.,* 601 So.2d 538 (Fla.1992), in which the supreme court held that a trial court must dismiss a complaint under rule 1.070(j) when service is not effected within the 120–day limit and the plaintiff fails to establish good cause for the delay. The

three and a half months to have the summons issued). Klayman asserted that Stone was evading service but did not prove it. The process server's affidavit proves the case against Klayman. Klayman filed suit in Broward County, waited 119-days, and then scrambled to serve process which was late.

Klayman then argues that Stone would not be prejudiced by accepting service one day late. (Opp. pg. 9). The argument is *no harm; no foul.* The law does not provide a no-prejudice analysis as to the defendant; but, an analysis of whether plaintiff failed timely service by showing good cause or excusable neglect. *See* Fla.R.Civ.P. 1.070(j). *Thomas v. Silvers,* 748 So. 2d at 264. (without showing good cause or excusable neglect trial court retains discretion to extend period of service, dismiss the action, drop defendant as a party).

There was no proper purpose for Klayman to file similar lawsuits in different venues when personal jurisdiction in Florida is not an issue. In this case, Klayman is being vexatious. But that is not all. Klayman wants more. Klayman in his motion for leave to "have served" Defendant Roger Stone, requests a remedy that is not provided by law. ECF No. [18]. Klayman is asking for a retroactive service. The Florida Rule permits an extension of time for service, if warranted; but the service occurs after the court permits an extension for future service, not service *nunc pro tunc. See* Fla.R.Civ.P. 1.070(j). He wants to be rewarded for his dilatory action and punish Stone by assuming he is not permitted to file a motion to dismiss under Federal Rule 12(b)(6) upon refiling of the complaint, if dismissed without prejudice. Klayman's misrepresentations and vexatious litigation strategy warrant dismissal of Stone or refiling and service of the lawsuit.

---

Court's decision in *Morales,* however, is no longer viable and, therefore, neither is *Comisky,* in light of a recent amendment to rule 1.070(j). *Thomas v. Silvers*, 748 So. 2d 263, 264 (Fla. 1999).

## CONCLUSION

This Court should grant Stone's motion to dismiss the complaint with prejudice and grant sanctions.

Respectfully submitted,

Robert C. Buschel, Esq.
BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida 33394
Tele: (954) 530-5301
Buschel@BGlaw-pa.com

By: __/s/ Robert C. Buschel_____
ROBERT C. BUSCHEL
Florida Bar No. 0063436

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2020 I electronically filed the foregoing with the clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

BUSCHEL GIBBONS, P.A.

By:_/s/ Robert Buschel_____
ROBERT C. BUSCHEL

# Attorneys

|  |  |  |
|---|---|---|
|  |  | **Larry Klayman** *(Plaintiff)* |
| **Larry Klayman** Klayman Law Group P.A. 2020 Pennsylvania Ave. NW #800 Washington, DC 20006 561-558-536 202-318-8839 (fax) leklayman@gmail.com  *Assigned: 03/07/2019*  *ATTORNEY TO BE NOTICED* | representing |  |
|  |  | **Larry Klayman** *(Plaintiff)* |
| **Marc J. Randazza** Randazza Legal Group, PLLC 2764 Lake Sahara Drive, Suite 109 Las Vegas, NV 89117 702-420-2001 702-297-6584 (fax) mjr@randazza.com  *Assigned: 07/24/2019*  *PRO HAC VICE*  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC** *(Defendant)* |
| cell is 702-757-1001 |  | **Infowars, LLC** *(Defendant)* |
|  |  | **Alex E. Jones** *(Defendant)* |
|  |  | **David Jones** *(Defendant)* |
|  |  | **Owen Shroyer** *(Defendant)* |
| **Bradley Jordan Reeves** Reeves Law, PLLC 702 Rio Grande St., Suite 306 Austin, TX 78701 512-827-2246 512-318-2484 (fax) | representing | **Free Speech Systems, LLC** *(Defendant)* |

9

| | | |
|---|---|---|
| brad@brtx.law<br> *Assigned: 04/02/2020*<br> *ATTORNEY TO BE NOTICED* | | |
| | | **Infowars, LLC**<br>*(Defendant)* |
| | | **Alex E. Jones**<br>*(Defendant)* |
| | | **Owen Shroyer**<br>*(Defendant)* |
| **Gregory P. Sapire**<br>Soltero Sapire Murrell PLLC<br>7320 North MoPac Expy.<br>Suite 309<br>Austin, TX 78731-2311<br>512-431-9518<br>512-359-7996 (fax)<br>greg@ssmlawyers.com<br> *Assigned: 04/02/2020*<br> *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **David Scott Wachen**<br>Wachen LLC<br>11605 Montague Court<br>Potomac, MD 20854<br>(240) 292-9121<br>301-259-3846 (fax)<br>david@wachenlaw.com<br> *Assigned: 04/24/2019*<br> *LEAD ATTORNEY*<br> *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **Jay Marshall Wolman**<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(702) 420-2001<br>(305) 437-7662 (fax)<br>jmw@randazza.com<br> *Assigned: 04/04/2019*<br> *LEAD ATTORNEY*<br> *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)* |

|  |  | **Alex E. Jones**<br>*(Defendant)* |
|---|---|---|
|  |  | **David Jones**<br>*(Defendant)* |
|  |  | **Owen Shroyer**<br>*(Defendant)* |