IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61912-DPG

LARRY KLAYMAN,

        Plaintiff,

v.

INFOWARS, LLC, *et al.,*

        Defendants.

_____/

### DEFENDANT DAVID JONES'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

Plaintiff has failed to establish a basis for subjecting Texas resident David Jones to the jurisdiction of this Court. It is undisputed that Plaintiff has not alleged *any* facts—much less sufficient facts—to make out a *prima facie* case for jurisdiction over Dr. Jones. Confronted with Dr. Jones's comprehensive Declaration denying any personal or business connection with Florida, in which Dr. Jones has not set foot in over ten years, Plaintiff did not produce any evidence supporting jurisdiction to meet his burden. In his Opposition, Plaintiff ignored Dr. Jones's sworn statement, which is now uncontroverted. Amazingly, the only case Plaintiff cites on the subject of jurisdiction—*Imerys Talc America v. Ricketts*—found jurisdiction lacking when the plaintiff failed to offer a counter-affidavit or other evidence to rebut the defendant's affidavit denying any connection to Florida. The same result should occur here. Moreover, even Plaintiff's alleged connection to Florida has been called into question by uncontroverted evidence from Roger Stone.

Although Plaintiff's opposition includes three sworn statements—from himself, Dr. Jones, and Alex Jones's ex-wife, they are offered on the issue of whether Plaintiff has stated a claim against Dr. Jones. None of these statements has any bearing on jurisdiction or even suggests a

connection between Dr. Jones and Florida. Moreover, they fail to do anything to advance Plaintiff's meritless claims as well. They do not say anything regarding the allegations in the Complaint against Dr. Jones.

Plaintiff does not dispute that Dr. Jones did not make or disseminate the allegedly defamatory statements, or do anything for that matter. Although Plaintiff alleges a grand conspiracy among Defendants, he offers nothing but conclusory accusations, which are insufficient to state a claim. He also fails to even address the numerous legal deficiencies of the claims asserted.

The Court should therefore dismiss Dr. Jones for lack of jurisdiction and/or for Plaintiff's failure to state a claim against him.

## ARGUMENT

### I. THE COURT SHOULD DISMISS DAVID JONES BECAUSE PLAINTIFF HAS FAILED TO ALLEGE OR PRODUCE ANY EVIDENCE SUPPORTING JURISDICTION

#### A. It is Undisputed that Plaintiff Failed to Allege a *Prima Facie* Case of Jurisdiction

Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999) (*per curiam*). It is undisputed that the Complaint does not allege *any* facts to support jurisdiction over Dr. Jones in Florida. Plaintiff does not dispute that the Complaint contains no allegations connecting Dr. Jones—either generally or through specific acts by him—to the forum. He also does not dispute that he has not alleged that the allegedly defamatory statements were accessed by a third party in Florida. *Catalyst Pharms. v. Fullerton,* 748 F. App'x. 944, 947 (11th Cir. 2018).

Thus, Plaintiff has failed to meet his burden of making out a *prima facie* case of jurisdiction, warranting dismissal of Dr. Jones for lack of jurisdiction.

In addition, while Plaintiff continues to claim he has suffered injury in Florida as a Florida citizen (Opp. at 6), that assertion has been called into serious question by Defendant Stone, who

produced significant evidence that Plaintiff is not a Florida citizen. (Stone Resp. Pl. Mot. Remand (DE 27).) While Plaintiff, in response, claims to be a Florida citizen (Pl. Not. (DE 37)), he has not produced any evidence to contradict Stone's compelling evidence to the contrary. Although Plaintiff says that the Eleventh Circuit found him to be a Florida citizen (*id.* at 3), that finding occurred in January 2015, and does not establish citizenship at the time of the allegedly defamatory statements in January 2019 and thereafter. If Plaintiff is not a Florida citizen, he cannot establish that he was injured in Florida.

### B. Plaintiff Failed to Offer Any Evidence to Rebut Dr. Jones's Sworn Statement Denying Any Basis for Jurisdiction in Florida

Apart from Plaintiff's failure to plead jurisdiction over Dr. Jones, Plaintiff failed to offer any evidence to rebut Dr. Jones's sworn statement denying any basis for jurisdiction.

Once a defendant challenges jurisdiction with sworn evidence with a specific factual denial based on personal knowledge, the burden shifts to the plaintiff to produce evidence supporting jurisdiction. *Snow v. DirecTV,* 450 F.3d 1314, 1318 (11th Cir. 2006). Dr. Jones's detailed Declaration specifically denied any general or specific, personal or business, connection with Florida. He does not live, work, own property, or do business in Florida. (D. Jones Decl. ¶ 4.) He has not been to Florida in over ten years. (*Id.* ¶ 5.) He has never been an owner of InfoWars or Free Speech Systems, had no role in the creation, production, or dissemination of the content at issue, and was not even aware of the challenged statements until Plaintiff threatened and then instituted litigation. (*Id.* ¶¶ 7, 10, 11.) Dr. Jones has "not worked in concert with Mr. Stone or any of the other Defendants or served as an agent of any of the Defendants in making, publishing, or disseminating the allegedly defamatory statements at issue." (*Id.* ¶ 13.)

In response, Plaintiff failed to offer *any* evidence supporting jurisdiction over Dr. Jones. (Opp. at 5-7.) Surprisingly, Plaintiff relies on *Imerys Talc America v. Ricketts,* 262 So. 3d 799

3

(Fla. 4th DCA 2018), in nevertheless claiming jurisdiction is proper. (Opp. at 5.) The court in *Ricketts*, however, reversed a finding of jurisdiction against a defendant, who like Dr. Jones, had no ties to Florida. *Id.* at 806. The court noted that when the defendant produced an affidavit refuting the jurisdictional allegations in the complaint, plaintiff "was required to file a counter-affidavit to support her position." *Id.* at 804. As here, in *Ricketts*, the plaintiff failed to offer any evidence to rebut the defendant's sworn statement denying any connection to Florida, leading to dismissal for lack of jurisdiction. *Id.* at 801-02.[1]

Although Plaintiff included three sworn statements with his opposition, these statements were offered—improperly (*infra* pp. 5-8)—in response to Dr. Jones's argument that Plaintiff has failed to state a claim. (Opp. at 8, 11.) None of these statements even attempts to refute Dr. Jones's denial of a connection with Florida, or to establish a basis for jurisdiction over Dr. Jones. (*Cf.* Opp. Exs. 1, 2.) Plaintiff's Affidavit does not mention Dr. Jones, except to say that he and the other Defendants were "intimately familiar with [Plaintiff's] background." (Pl. Aff. ¶ 78.) Ms. Morales's and Dr. Jones's Affidavits make no mention of Florida, or the allegations in the Complaint. (*Id.*)

Although Plaintiff attempts to argue for jurisdiction over Dr. Jones based on the alleged actions of others, the court in *Ricketts* noted that for specific jurisdiction, the defendant's connection with the forum "must arise out of the defendant's own activities, not those of the plaintiff or a third party." *Id.* at 802-03 (citing *Walden v. Fiore,* 571 U.S. 277, 284 (2014)).

Plaintiff has failed to produce even a shred of evidence to support jurisdiction over Dr. Jones in Florida. In light of Dr. Jones's uncontroverted Declaration to the contrary, the Court should dismiss Dr. Jones for lack of jurisdiction.

---

[1] The court noted that "[a]n evidentiary hearing is not required [] when the plaintiff fails to file a counter-affidavit to refute the defendant's affidavit." *Id.* at 804.

### C. The Court Should Deny Plaintiff's Request to Transfer this Case to Texas Where Plaintiff is Already Pursuing an Identical Claim Against Dr. Jones

Recognizing the absence of any basis for jurisdiction over Dr. Jones in Florida, Plaintiff says he "does not object" to the transfer of this case to the Western District of Texas where Plaintiff has been pursuing an identical case against Dr. Jones and the other Defendants since before the instant action was filed. (Opp. at 7.) Plaintiff, however, fails to explain why it is necessary to pursue two identical actions involving the same allegations and the same Defendants in Texas, or anywhere else. Such duplication serves no legitimate purpose and has imposed a significant burden on Dr. Jones in having to defend two identical meritless cases against him.

## II. THE COURT SHOULD DISMISS DAVID JONES BECAUSE PLAINTIFF CANNOT DISPUTE THAT HIS WHOLLY CONCLUSORY ALLEGATIONS FAIL TO STATE A CLAIM

In his opposition, Plaintiff could not dispute that his allegations against Dr. Jones do not rise above the speculative level and are nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 555 (2007) (requiring "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to survive 12(b)(6) motion). Plaintiff does not dispute that he has not alleged any specific acts or omissions by Dr. Jones in support of his claims.

In apparent recognition of this fatal deficiency, Plaintiff improperly submits three sworn statements in a belated and insufficient attempt to buttress his defective pleading. The Court should disregard these submissions, which, in any event, fail to correct Plaintiff's pleading problem.

### A. The Court Should Exclude Plaintiff's Sworn Statements, Which Are Inappropriate on a 12(b)(6) Motion and Have No Bearing on Whether Plaintiff Has Adequately Stated Plausible Claims Against Dr. Jones

Plaintiff inappropriately submits sworn statements from (1) himself, (2) Dr. Jones, from an unrelated, involuntary bankruptcy case involving Alex Jones, and (3) Kelly Morales, ex-wife of

Alex Jones. The Court should disregard these statements, which cannot be considered on a Rule 12(b)(6) motion and which are irrelevant as to whether Plaintiff has stated claims against Dr. Jones.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Ind. School Dist.,* 938 F.3d 724, 735 (5th Cir. 2019). Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

The Court has "complete discretion to determine whether or not to accept the submission of material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." Wright & Miller, *Federal Practice & Procedure* ("W&M") § 1366; *Jones v. Auto. Ins. Co.,* 917 F.2d 1528, 1531-32 (11th Cir. 1990). The Court should consider whether "the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." W&M § 1366. "When the extra-pleading material is…scanty, incomplete, or inconclusive, the court probably will reject it." *Id.*

Thus, in *Austin v. Modern Woodman of Am.,* 275 F. App'x. 925, 926 (11th Cir. 2008), the 11th Circuit affirmed a Rule 12(b)(6) dismissal where the district court disregarded affidavits and considered only the face of the complaint in dismissing the complaint.

Plaintiff's submitted statements contain irrelevant and inadmissible information with respect to the claims against Dr. Jones. They have no bearing on the sufficiency, or lack thereof, of Plaintiff's claims. Indeed, if these statements contained factual material that addressed the

6

"threadbare recitals," "wholly conclusory statements," and "naked assertions" in the Complaint, Plaintiff presumably would have included that information in his Complaint. *See Iqbal,* 556 U.S. at 678. Instead, these statements are devoid of specifics to support the claims against Dr. Jones. They do not assert that Dr. Jones made or disseminated the allegedly defamatory statements, violated FDUTPA, or participated in a grand conspiracy against Plaintiff.

Reviewing the three sworn statements, the only specific reference to Dr. Jones in Plaintiff's affidavit is a conclusory statement that Dr. Jones and the other Defendants were "intimately familiar with [Plaintiff's] background, qualifications and successes." (Pl. Aff. ¶ 78.) Even if true, this has no bearing on the sufficiency of his claims.

Plaintiff submits the Affidavit of David Jones in Support of Alleged Debtor's Motion to Dismiss from the involuntary bankruptcy case of his son, Alex Jones. In his affidavit, Dr. Jones says that he has "been involved with Alex Jones' personal and business finances for many years" and has personal knowledge of a real estate lien note from his son to his son's ex-wife. (D. Jones Aff. ¶ 2.) How this has any bearing on Plaintiff's claims against Dr. Jones is a mystery.

Finally, Plaintiff offers a declaration from Alex Jones's ex-wife Kelly Morales. She says she was "married to Alex Jones for 12 years and with him for 15 years" and that "*[d]uring our time together,* I was involved in the activities of Alex, his father David and Infowars and am intimately knowledgeable about their activities and business structure." (Morales Decl. ¶ 3 (emphasis added).) Kelly and Alex, however, were divorced in 2015—four years before the events giving rise to Plaintiff's claim. (*See IMMO: Kelly R. Jones and Alex Jones, et al.,* Case No. 13-2647 (428th Dist. Ct., Hays Cty., Tex. Mar. 23, 2015) (Final Decree of Divorce).)[2] Thus, her

---

[2] On a motion to dismiss, "[j]udicial notice may be taken of matters of public record." *Walker,* 938 F.3d at 735.

involvement ended well before the allegedly defamatory statements from January 2019 upon which Plaintiff's defective claims are based. As a result, it is not surprising that she says nothing about the allegations that Dr. Jones conspired with the other Defendants to harm Plaintiff in January 2019 or somehow ratified the allegedly defamatory statements.[3]

Because Plaintiff's extra-pleading materials shed no light on his conclusory claims and are nothing more than "scanty, incomplete, or inconclusive," W&M § 1366, the Court should disregard them in ruling on Dr. Jones's 12(b)(6) Motion.

### B. Plaintiff Does Not Dispute that He Has Not Alleged Any Acts or Omissions by David Jones in Support of His Claims

Plaintiff does not dispute that he has not alleged that Dr. Jones made or disseminated the allegedly defamatory statements. To the extent Plaintiff attempts to ascribe liability based on Dr. Jones's alleged ratification of these statements (Compl. ¶ 7), Plaintiff cannot dispute that he has offered only conclusory allegations without any factual content. *King v. Jarrett,* No. 1:15-CV-491-LY, 2016 WL 11581949, at *6 (W.D. Tex. June 17, 2016).

### C. Plaintiff Fails to Offer a Basis for Liability of the Owners of the LLCs

Although Plaintiff attempts to ascribe liability based on Dr. Jones's alleged ownership of Defendants Free Speech Systems, LLC and InfoWars, LLC,[4] Plaintiff does not dispute that an

---

[3] Ms. Morales claims, based on "personal knowledge and experience," that "David Jones runs Infowars with Alex Jones and helps him with his activities, including fixing media stories and endorsing and/or aiding his slanderous and/or fraudulent behaviors, all for profit." (Morales Decl. ¶¶ 3, 4.) Leaving aside whether such testimony is inadmissible under Rule 404(b), Ms. Morales concedes that her involvement with the business ended in 2015 when her marriage ended and does not claim to have any knowledge relating to the allegedly defamatory statements or the alleged conduct here. (*Id.*) Her contention that "Alex Jones could not function without David Jones" is, at best, inadmissible opinion and speculation, and undercut by her claim that Alex Jones "cannot function without assistance from those around him, including [but apparently not limited to] David Jones." (*Id.* ¶¶ 7, 8.)

[4] Dr. Jones's Declaration confirms that he has never been an owner of either entity. (D. Jones Decl. ¶ 7.) Plaintiff's declaration from Kelly Morales also undermines Plaintiff's baseless claim of ownership. (Morales Decl. ¶¶ 5, 6.)

8

owner of a Texas limited liability company is not liable for torts of the entity and cannot be sued in an action against the entity. (D. Jones Mot. at 14-15.) Plaintiff's opposition ignore this issue entirely, conceding the point.

### D. Plaintiff Cannot Dispute That His Conspiracy Claims are Nothing More than Conclusory Allegations Devoid of Specifics

The crux of Plaintiff's claim against Dr. Jones appears to be based on his alleged participation in a conspiracy (Opp. at 7-8), even though the Complaint does not allege a claim for civil conspiracy. Nevertheless, as discussed in Dr. Jones's Motion, "wholly conclusory" claims of conspiracy "unsupported by facts" warrant dismissal under Rule 12(b)(6). *Walker,* 938 F.3d at 738. Plaintiff ignores the cases regarding this fatal deficiency with the conspiracy theory (Mot. at 15-17), including *Flowers v. Executive Off. of Pres.,* in which the court dismissed the same type of conspiracy claim advanced by Plaintiff as counsel in that case as he is pursuing in this case. 142 F. Supp. 2d 38, 47 (D.D.C. 2001).

Although Plaintiff insists "[t]here is nothing conclusory about these allegations" (Opp. at 7), Plaintiff alleges only that Dr. Jones was "[a]cting in concert" with the other Defendants. (Compl. ¶¶ 17, 21, 22, 50, 89.) He alleges nothing specific, "such as clear, positive, and specific allegations of civil conspiracy." *Corbett v. TSA,* 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012); *Albra v. City of Ft. Lauderdale,* 232 F. App'x 885, 891 (11th Cir. 2007) ("To allege a conspiracy, a plaintiff must make 'particularized allegations' that are more than vague or conclusory."), *cert. denied,* 552 U.S. 872 (2007).

Plaintiff also does not dispute that his claim is barred by the intra-corporate conspiracy doctrine. (Mot. at 16-17.) He ignores the entire issue, which precludes such a conspiracy. *See Albra,* 232 F. App'x at 891 ("Under the doctrine of intracorporate conspiracy, 'a corporation cannot conspire with its employees, and its employees, when acting in the scope of their

employment, cannot conspire among themselves' because a corporation and its employees are considered to be 'a single legal actor.'") (quoting *McAndrew v. Lockheed Martin Corp.,* 206 F.3d 1031, 1036 (11th Cir. 2000)).

## CONCLUSION

Not only has Plaintiff failed to allege a basis for subjecting Dr. Jones—a Texas citizen with no ties to Florida—to the jurisdiction of this Court, but he has failed to offer any evidence in response to Dr. Jones's uncontroverted Declaration that he has *no* contact with Florida, let alone contact upon which personal jurisdiction could be based. Requiring Dr. Jones to defend himself in this action would violate Due Process and would be fundamentally unfair, particularly when he is already defending Plaintiff's identical, previously filed lawsuit in Texas, and when Plaintiff's alleged Florida citizenship has been called into serious question.

The Court should dismiss Dr. Jones from this action for lack of jurisdiction. Alternatively, the Court should dismiss Dr. Jones due to Plaintiff's failure to state a claim against him.

Dated:  November 10, 2020                                  Respectfully submitted,

/Walter J. Taché

| | |
|---|---|
| David S. Wachen | Walter J. Taché, Esq. |
| Admitted *Pro Hac Vice* | Florida Bar No. 028850 |
| david@wachenlaw.com | wtache@tachebronis.com |
| WACHEN LLC | service@tachebronis.com |
| 11605 Montague Court | TACHE, BRONIS, CHRISTIANSON & DESCALZO, P.A. |
| Potomac, MD  20854 | 150 S.E. 2 Avenue, Suite 600 |
| (240) 292-9121 | Miami, Florida 33131 |
| (f) (301) 259-3846 | (305) 537-9565 |
| | (f) (305) 537-9567 |

**COUNSEL FOR DEFENDANT DAVID JONES**

10

## Certificate of Service

On November 10, 2020, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

*s/ Walter J. Taché*
Walter J. Taché