IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61912-DPG

LARRY KLAYMAN,

        Plaintiff,

v.

INFOWARS, LLC, *et al.*,

        Defendants.

_____/

**DEFENDANT DAVID JONES'S OPPOSITION
TO PLAINTIFF'S MOTION TO TRANSFER TO
U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**

Before this Court entertains Plaintiff's request to transfer this case to the U.S. District Court for the Western District of Texas, Plaintiff should have to explain why he needs to pursue this case at all when he is *already* pursuing a previously filed action (Case No. 1:20-cv-298-LY) against the same Defendants involving the same allegations and claims in the Western District of Texas. In the case of Roger Stone, Plaintiff is pursuing two previously filed, identical cases—the Texas case and a Broward County Circuit Court case (*Klayman v. Stone,* Case No. CACE 19-002672, filed Feb. 5, 2019).[1] Although Plaintiff claims that transfer "would work an efficiency of judicial and private resources," an even greater efficiency would involve Plaintiff pursuing—at most—only one lawsuit against Dr. Jones and the other Defendants over the same allegations and claims.

---

[1] The instant case is identical to the case assigned to the Honorable Roy K. Altman of this Court (Case No. 9:20-cv-80614-RKA) that Plaintiff voluntarily dismissed on April 14, 2020 in response to Judge Altman's Order requiring Plaintiff to "remove all references to irrelevant, conclusory, and scandalous material" in his Complaint or face dismissal. By dismissing and refiling this action, Plaintiff has effectively forum-shopped to a different judge in this Court, which should not be permitted.

Defendant David Jones opposes Plaintiff's Motion to Transfer because Plaintiff has failed to offer any explanation for his pursuit of two identical lawsuits simultaneously. In addition, to the extent Mr. Stone is considered a Defendant even though he was not properly served, the case cannot be transferred to the Western District of Texas because it could not have been brought there against a Florida citizen who does not appear to have minimum contacts with Texas and who has opposed transfer.

Because Dr. Jones is not subject to the jurisdiction of this Court, as established in his pending Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF 14), the Court should dismiss Dr. Jones from this action, rather than requiring him to defend two identical cases in which he is not alleged to have done anything to Plaintiff. Alternatively, the Court should dismiss Plaintiff's claims against Dr. Jones for failure to state a claim.

## BACKGROUND

The case currently in the Western District of Texas was filed by Plaintiff on behalf of himself and Jerome Corsi originally in the U.S. District Court for the District of Columbia on March 7, 2019. That case was transferred to the Western District of Texas on March 10, 2020, pursuant to 28 U.S.C. § 1406(a) due to improper venue in D.C. The case involves the same allegedly defamatory statements by Defendant Roger Stone about Plaintiff on January 18, 2019 that are at issue in this action, along with other allegedly defamatory statements about Dr. Corsi. None of these statements is alleged to have been made or disseminated by Dr. Jones, who does not belong in either lawsuit, as he is not alleged to have done anything wrong. Plaintiff amended his Texas Complaint on July 29, 2020 to add Roger Stone as a Defendant.

On April 8, 2019, Dr. Jones and the other Defendants moved to dismiss Plaintiff's Texas action when it was still in D.C. When the case was transferred to Texas on March 10, 2020, the

12(b)(6) motion, which had been fully briefed, was transferred with it. While that motion was pending, Plaintiff filed an Amended Complaint on July 29, 2020, mooting Defendants' 12(b)(6) motion directed at the original Complaint. Defendants have since refiled 12(b)(6) motions to dismiss the Texas Amended Complaint that are now fully briefed and pending adjudication.

While Plaintiff's litigation was pending in the Western District of Texas, on April 8, 2020, Plaintiff sued the same Defendants on the same allegations and claims in this Court (Case No. 9:20-cv-80614-RKA). The case was assigned to the Honorable Roy K. Altman, who, *sua sponte*, found Plaintiff's Complaint to be a shotgun pleading, and ordered Plaintiff to replead his claims or face dismissal. Rather than complying, Plaintiff voluntarily dismissed the case, and, on April 28, 2020, refiled this case in the Circuit Court for Broward County. On September 18, 2020, this case was removed from the Broward County Circuit Court. It involves the same allegations and claims as the case Plaintiff filed on April 8, 2020 that was assigned to Judge Altman. However, it was not assigned back to Judge Altman even though the cases are virtually identical.

On October 9, 2020, Dr. Jones moved to dismiss the instant action for lack of personal jurisdiction and failure to state a claim (ECF 14). Although Plaintiff failed to allege a *prima facie* case for jurisdiction in his Complaint, necessitating dismissal on that basis alone, Dr. Jones also submitted a comprehensive Declaration (ECF 14-1), denying any contact with Florida, or any conduct in or directed to Florida upon which jurisdiction could be based. In response, Plaintiff failed to offer any evidence to rebut Dr. Jones's sworn statement denying any basis for jurisdiction in Florida, where he hasn't been in over 10 years. (*See* D. Jones Reply Br. (ECF 40).)

## ARGUMENT

**I.      The Court Should Dismiss Dr. Jones for Lack of Personal Jurisdiction Rather Than Forcing Him to Defend Two Identical, Meritless Actions**

In the case of Dr. Jones, the most appropriate and simplest action under the current circumstances is for the Court to dismiss him from this case for lack of personal jurisdiction. Plaintiff has failed to allege a basis for jurisdiction against Dr. Jones and has failed to offer any evidence to rebut Dr. Jones's uncontroverted Declaration denying any basis for jurisdiction.

Since Plaintiff is already pursuing an identical action against Dr. Jones in the Western District of Texas where Dr. Jones resides, it is impossible to conceive of how dismissing Dr. Jones from this action for lack of jurisdiction will negatively impact Plaintiff, who has never offered an explanation as to why he needs to simultaneously pursue identical claims involving identical allegations against Dr. Jones and the other Defendants in multiple actions.

**II.     Section 1404(a) Prohibits Transfer to the Western District of Texas**

Plaintiff's Motion is premised on 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought or to any district or division to which all parties have consented*." (Emphasis added.)

Although Mr. Stone was never properly served, to the extent he is considered a Defendant, section 1404(a) prohibits transfer to the Western District of Texas because Mr. Stone is a citizen of Florida who does not appear to be subject to personal jurisdiction in Texas. As a result, this action could not have been brought against Mr. Stone in Texas if he is not subject to personal jurisdiction there. *Grynberg v. Ivanhoe Energy,* 490 F. App'x 86, 106 (10th Cir. 2012) (affirming denial of transfer where plaintiff failed to show that transferee court would have personal jurisdiction over all defendants); Wright & Miller, *Federal Practice & Procedure* § 3845 ("In suits

4

against multiple defendants, transfer is proper only to a district in which all of them are subject to personal jurisdiction and in which venue is proper for an action against all of them.").

While section 1404(a) allows for transfer with the consent of all parties, Mr. Stone (among others) opposes transfer of this case to Texas. (Other Defs. Opp. to Mot. to Transfer (ECF 36).)

### III.   Dr. Jones Opposes Transfer to the Central District of California

In their Opposition, the other Defendants say that "if the Court is inclined to transfer, [they] request a transfer to the Central District of California where Klayman is located." (Other Defs. Opp. at 4 (ECF 36).) Dr. Jones does not oppose a transfer to the Central District of California as long as he is not included in that transfer. As with Florida, Dr. Jones is not subject to personal jurisdiction in California. Thus, as with Mr. Stone and Texas, any transfer to the Central District of California pursuant to § 1404(a) cannot include Dr. Jones because an action could not have been brought against him there and he does not consent to having this action transferred there to the extent it includes him.

The simplest way to avoid this concern is to dismiss Dr. Jones from this action for lack of personal jurisdiction or failure to state a claim. If the remaining parties then want to have the case heard in the Central District of California, there will be no legal obstacle to transferring it there.

### CONCLUSION

Rather than transferring this action to the Western District of Texas, where Plaintiff is pursuing an identical lawsuit against the same Defendants and where transfer cannot occur to the extent it includes Mr. Stone, the Court should dismiss Dr. Jones from this action for lack of personal jurisdiction or failure to state a claim against him, as discussed in detail in Dr. Jones's pending Motion to Dismiss (ECF 14), which has been fully briefed.

Dated:  November 11, 2020

                                                Respectfully submitted,

| | |
|---|---|
| | /Walter J. Taché |
| David S. Wachen | Walter J. Taché, Esq. |
| Admitted *Pro Hac Vice* | Florida Bar No. 028850 |
| david@wachenlaw.com | wtache@tachebronis.com |
| WACHEN LLC | service@tachebronis.com |
| 11605 Montague Court | TACHE, BRONIS, CHRISTIANSON & DESCALZO, P.A. |
| Potomac, MD  20854 | 150 S.E. 2 Avenue, Suite 600 |
| (240) 292-9121 | Miami, Florida 33131 |
| (f) (301) 259-3846 | (305) 537-9565 |
| | (f) (305) 537-9567 |

                        **COUNSEL FOR DEFENDANT DAVID JONES**

**CERTIFICATE OF SERVICE**

On November 11, 2020, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

                                            *s/ Walter J. Taché*
                                            Walter J. Taché