**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61912-AMC**

LARRY KLAYMAN,

        Plaintiff,

    v.

INFOWARS, LLC, *et al.,*

        Defendants.

_____/

**DEFENDANT DAVID JONES'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff has now been told by two judges of this District that his shotgun Complaint was unacceptable. Rather than correct the infirmities identified by Judges Altman and Gayles, Plaintiff has doubled down with a proposed amendment replete with "ostentatious irrelevant" allegations and "conclusory, vague, and immaterial facts." Once again, he has attempted to convert a defamation action into a grand conspiracy against individuals, such as David Jones, who are not alleged to have done anything, and with inapplicable federal and state unfair competition claims. Judge Altman found that Plaintiff's alleged injury "does not plausibly fall within the purview of the Lanham Act's 'zone of interests'" and ordered Plaintiff to show cause that he had standing to pursue the claim further. Plaintiff wisely dropped his frivolous Lanham Act claim when he refiled the case two weeks later in April, only to unwisely attempt to bring it back now.

In a similar vein, Plaintiff has added a claim for "tortious interference" based on Defendants' allegedly conspiring to file and finance "frivolous bar complaints" against Plaintiff. Although he does not identify when these complaints were filed, what they alleged, and why they were frivolous, presumably he is not referring to the bar complaints that led to his 90-day

suspension by the District of Columbia Court of Appeals in June or the D.C. Board of Professional Responsibility's recommendation of an additional 18-month suspension in October, and any damage to his reputation or law practice that they may have caused.

Without a hint of irony, Plaintiff complains that the allegedly "frivolous bar complaints," which he acknowledges were filed by others, have forced him "to expend a huge amount of valuable time and resources to defend." He alleges this as he simultaneously sues Dr. Jones and the other Defendants in federal courts in Florida and Texas over the same allegations, and, until recently, was simultaneously pursuing *three* cases against Roger Stone over the same allegations. In the case of Dr. Jones, Plaintiff has not alleged that he did anything in particular to justify his inclusion in this case. Plaintiff does not allege that Dr. Jones made or disseminated the allegedly defamatory statements. Plaintiff does not (and cannot) allege that Dr. Jones competes with Plaintiff. Plaintiff does not allege that Dr. Jones filed a bar complaint against him.

At a minimum, Dr. Jones does not belong in this case. Aside from Plaintiff's failure to state a claim against him, Dr. Jones—a Texan who has not been to Florida in 10 years and has no ties to this state—is not subject to jurisdiction. Plaintiff has not even *alleged* a basis for jurisdiction over Dr. Jones. In response to Plaintiff's original Complaint, Dr. Jones moved to dismiss for lack of jurisdiction and failure to state a claim, supported by sworn evidence that remains uncontroverted. Although Plaintiff did not even attempt to establish jurisdiction, the Court dismissed the Complaint as a shotgun pleading without reaching the jurisdiction issue.

Plaintiff's proposed amendment fails to cure the shotgun nature of his pleading. Allowing him to file the proposed Amended Complaint would also be an exercise in futility in light of Plaintiff's failure to establish jurisdiction over Dr. Jones and to state a claim against him.

2

## BACKGROUND

David Jones is a citizen of Texas. (D. Jones Decl. ¶ 2 (Ex. 1).) He is the father of Defendant Alex Jones. (*Id.* ¶¶ 2, 3.) Dr. Jones does not own or lease real property, work, live, or personally do business in Florida. (*Id.* ¶ 4.) He has not been to Florida in over ten years. (*Id.* ¶ 6.)

Plaintiff is a media personality, author, columnist, talk-show host, public interest legal advocate, and lawyer. (Am. Compl. ¶ 3.) He alleges claims for defamation, unfair competition under the Lanham Act, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and "tortious interference." (*Id.* at 15-41.)

The claims center on allegedly defamatory statements about Plaintiff by Roger Stone on January 18, 2019, during an appearance on *The War Room,* a program allegedly produced by Defendant InfoWars. (*Id.* ¶¶ 35-45.) There is no allegation that Dr. Jones appeared on the program or disseminated Stone's allegedly defamatory statements. (*Id.*)

For his Lanham Act and FDUTPA claims, Plaintiff alleges that he is "a direct competitor" of Defendants. (*Id.* ¶ 130.) Plaintiff alleges nothing specific about Dr. Jones in this regard. Plaintiff alleges Defendants' actions "have harmed [Plaintiff] as a competitor." (*Id.* ¶ 147.) He alleges that Defendants have "caused significant competitive and commercial injury." (*Id.* ¶¶ 164-65.) At the time, Dr. Jones was the Director of Human Relations for Free Speech Systems. (*Id.* ¶ 7.)

Plaintiff's tortious interference claim is premised on Defendants' "tortuously [sic] interfering with [Plaintiff] by causing to be filed and then financing frivolous bar complaints against him in order to harm his legal practice and standing as a columnist, author, and radio talk show host." (*Id.* ¶ 185.) Plaintiff provides no specifics about these bar complaints, any effect on actual or prospective business, or Dr. Jones's alleged role.

Contrary to Plaintiff's conclusory allegations (*id.* ¶ 7), Dr. Jones has never been an owner

of InfoWars or Free Speech Systems. (D. Jones Decl. ¶ 7.) Alex Jones is the sole owner of both. (*Id.*; Defs.' Resp. to Order (DE 8).) Other than his role as Director of Human Relations for Free Speech Systems (D. Jones Decl. ¶ 8), Dr. Jones did not have any role in managing Free Speech Systems or InfoWars. (*Id.* ¶ 9.) Dr. Jones had no role in the creation, production, or dissemination of any content and was not involved in making or disseminating Stone's statements.[1] (*Id.* ¶ 10.)

The proposed Amended Complaint alleges, in conclusory fashion without any detail, that Dr. Jones "worked in concert with the other Defendants," and "ratified and furthered the illegal acts set forth in this Complaint." (Am. Compl. ¶ 7.) None of this is true. (D. Jones Decl. ¶ 13.)

## PROCEDURAL HISTORY

On March 7, 2019, Plaintiff, on behalf of himself and as counsel for Jerome Corsi, sued Alex Jones, Dr. Jones, Owen Shroyer, Free Speech Systems, and InfoWars in the U.S. District Court for the District of Columbia, alleging claims for defamation, intentional infliction of emotional distress, assault, and violation of the Lanham Act. (D.C./Tex. Docket Rep., DE 1 (Ex. 2).[2]) Plaintiff's claims focused on the same statements by Stone on January 18, 2019. (*Id.*)

On April 8, 2019, Defendants moved to dismiss the D.C. Complaint. (*Id.,* DE 7.) On March 10, 2020, the D.C. court found venue improper and transferred the action to the U.S. District Court for the Western District of Texas. (*Id.,* DE 21.) The D.C. court noted that Plaintiffs "make no allegations about David Jones's conduct at all." (*Id.* at 3.)

<u>The First Florida Action</u>

On April 8, 2020, Plaintiff sued the same Defendants in this Court over the same January 18, 2019 statements. (S.D. Fla. Case No. 9:20-cv-80614-RKA Docket Rep. DE 1 (Ex. 3).) The

---

[1] Plaintiff's affidavit from Kelly Morales, who has been divorced from Alex Jones since 2015, says nothing about the events from 2019 at issue in this lawsuit.
[2] Documents filed in other cases are cited to the docket entry on the applicable Docket Report.

First Florida Complaint is almost identical to the D.C. Complaint and the proposed Amended Complaint here.[3]

On April 13, 2020, U.S. District Judge Roy K. Altman issued an Order Requiring a More Definite Statement. (Ex. 4.) Judge Altman reduced the allegations to their essence ("Larry Klayman was upset when Roger Stone called him 'incompetent' on national television") and concluded that Plaintiff's Complaint was a "shotgun pleading…replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (*Id.* at 1 (quoting *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1322 (11th Cir. 2015)).) He found the Complaint to be "littered with ostentatious irrelevancy." (*Id.* at 2.)

Because Judge Altman stated he was "not prepared (at least not yet) to say that the Complaint is 'patently frivolous,'" he ordered Plaintiff to file an Amended Complaint by April 23, 2020 that complied with "the Eleventh Circuit's holding in *Weiland,* the Federal Rules of Civil Procedure, and [h]is Order" and to "remove all references to irrelevant, conclusory, and scandalous material." (*Id.* at 5-6.) Judge Altman also examined Plaintiff's Lanham Act claim and observed that "Plaintiff's alleged injury appears to lie *well* outside the zone of [] interests" to confer standing. (*Id.* at 4 (emphasis in original).) Noting that Plaintiff alleged no "mark," unfair competition, counterfeiting, or international commerce, Judge Altman found Plaintiff's alleged injury "does not plausibly fall within the purview of the Lanham Act's 'zone of interests'" and that Plaintiff's Lanham Act claim was "purely conclusory." (*Id.*) Judge Altman ordered Plaintiff to show cause "that he has standing to pursue that claim" if he intended to do so. (*Id.* at 7.) Rather than comply with the Order, Plaintiff filed a Notice of Voluntary Dismissal.

---

[3] Claims for intentional infliction of emotional distress and assault were omitted from the First Florida Complaint. The FDUTPA claim was added. Dr. Corsi was not a Plaintiff.

On April 28, 2020, Plaintiff initiated this action by refiling the First Florida Complaint (minus the Lanham Act claim and plus Stone as a Defendant) in the Broward County Circuit Court.

<u>Amended Complaint in Texas</u>

On July 29, 2020, Plaintiff filed an Amended Complaint in the Western District of Texas. (Ex. 5.) The principal change was adding Stone as a Defendant. The Amended Complaint did not add allegations about Dr. Jones or address the concerns raised by Judge Altman.

On September 2, 2020, Dr. Jones moved to dismiss Plaintiff's Texas Amended Complaint for failure to state a claim. (W.D. Tex. Docket Rep., DE 57.) That motion and similar motions by the other Defendants are fully briefed and awaiting disposition by that court.

<u>Removal of the Broward County Complaint</u>

On August 21, 2020, Plaintiff served Dr. Jones with the Broward County Complaint. (D. Jones Decl. ¶ 19.) On September 18, 2020, the case was removed to this Court.

On October 9, 2020, Dr. Jones moved to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim. (DE 14.) In response, Plaintiff could not dispute that he had failed to allege any basis for jurisdiction over Dr. Jones in Florida and failed to offer any evidence to counter Dr. Jones's affidavit demonstrating his lack of Florida contacts. (DE 31.)

On November 12, 2020, Judge Gayles held a status conference. (DE 44.) Given Plaintiff's multiple suits involving the same allegations, defendants or claims, the Court ordered him to file a report of all such cases by November 25. (DE 45.) Although Plaintiff's report identified two other active cases (DE 49), Plaintiff omitted four others. (DE 51.) Plaintiff also did not explain why he is simultaneously pursuing identical cases against Defendants in multiple courts. (*Id.*)

On November 18, 2020, the Court granted Stone's motion to dismiss for lack of timely service and denied Plaintiff's motion to serve Stone late. (DE 46.) On November 20, 2020, the

Court granted in part Defendants' motions to dismiss, finding—as Judge Altman had previously—that Plaintiff's Complaint was a "shotgun pleading." (DE 47.) The Court said Plaintiff could file a motion for leave to amend to address the deficiency, and that failure to do so would "result in dismissal with prejudice." (*Id.*) The Court also denied Plaintiff's motion to transfer. (*Id.*)

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFF LEAVE TO AMEND BECAUSE HIS PROPOSED AMENDMENT IS STILL A SHOTGUN PLEADING

As Judge Gayles recognized in dismissing Plaintiff's Complaint, "[a] district court has the obligation to identify and dismiss a 'shotgun pleading.'" (DE 47.) The Eleventh Circuit has identified four types of shotgun pleadings, involving complaints: (1) "containing multiple counts where each count adopts the allegations of all preceding counts"; (2) "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "not separating into a different count each cause of action for relief"; and, (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland,* 792 F.3d at 1321-23. "The unifying characteristic…is that they fail…to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

In dismissing the Complaint, Judge Gayles referenced the first category (DE 47), although Judge Altman had earlier found Plaintiff's nearly identical First Florida Complaint to fall into the second category. (Altman Order at 1.) Judge Altman noted that Plaintiff's claim centers on alleged defamation. (*Id.* at 5.) "Rather than plead *these* simple facts, however, the Plaintiff has delved deeply into the Defendants' personal histories in a way that untethers most of his factual allegations from the Complaint's causes of action." (*Id.*)

While Plaintiff's proposed amendment superficially addresses the first issue by restating

allegations in each count, it remains "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." For example, paragraph 21 concerns the Muller Indictment. What this has to do with the case against Defendants remains a mystery. The same is true of paragraphs regarding a gag order against Stone. (Am. Compl. ¶¶ 27-29.)

With respect to Dr. Jones, Plaintiff's claims continue to consist of vague and conclusory assertions, unsupported by facts, that he was part of a conspiracy to defame Plaintiff. Plaintiff has not, however, identified a single act or omission by Dr. Jones. He is not alleged to have defamed Plaintiff. There is no specific allegation that Dr. Jones competes with Plaintiff. Plaintiff simply lumps Dr. Jones in with the other Defendants without any basis. Plaintiff's threadbare recitals, supported only by conclusory statements, are insufficient to state a claim, *infra* p. 12, and the proposed amendment falls squarely into the second and fourth categories of shotgun pleadings warranting dismissal. In addition, Plaintiff has failed to address the deficiencies in his Lanham Act claim identified by Judge Altman. (Altman Order at 3-4.)

Because Plaintiff's proposed Amended Complaint remains an inappropriate shotgun pleading, the Court should deny Plaintiff's Motion and dismiss the case.

## II. THE COURT SHOULD DENY LEAVE TO AMEND BASED ON FUTILITY GIVEN PLAINTIFF'S FAILURE TO ALLEGE JURISDICTION OVER DR. JONES AND FAILURE TO STATE A CLAIM

Rule 15(a)(2) permits a party to amend his pleading with leave of court "when justice so requires." Among the factors is whether the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." Wright & Miller, *Fed. Prac. & Proc.* § 1487 (footnotes omitted). A proposed amendment that cannot withstand a motion to dismiss should be denied. *Echeverria v. Bank of America,* 632 F. App'x 1006, 1009 (11th Cir. 2015).

Plaintiff's amendment, like his Complaint, fails to even allege jurisdiction over Dr. Jones, a Texan with no ties to Florida. Thus, the Court should deny Plaintiff's proposed amendment to the extent it includes Dr. Jones as a Defendant. *Tri-State Jud. Servs v. Markowitz,* 624 F. Supp. 925, 927, 929 (E.D.N.Y. 1985) (denying leave where jurisdiction over defendants was lacking).

In addition, Plaintiff's proposed amendment, as before, fails to state a claim for defamation or under the FDUTPA against Dr. Jones. Likewise, his proposed addition of claims under the Lanham Act and for tortious interference fail as a matter of law as well.

### A. The Court Should Deny the Amendment as to Dr. Jones Because It is Uncontroverted That He is Not Subject to Jurisdiction in Florida

As discussed in Dr. Jones's Motion to Dismiss and corresponding reply (DE 14, 40), the Complaint failed to allege jurisdiction over Dr. Jones. The proposed amendment does not attempt to correct this fatal deficiency. There is no allegation attempting to connect Dr. Jones to this forum. Because Plaintiff has failed to meet his "initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction," the Court should deny leave to amend as to Dr. Jones for lack of jurisdiction. *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999).

In addition, Dr. Jones's Motion to Dismiss included the attached sworn statement denying any basis for jurisdiction. (D. Jones Decl. (Ex. 1).) Once a defendant challenges jurisdiction with sworn evidence based on personal knowledge, the burden shifts to the plaintiff to produce evidence supporting jurisdiction. *Snow v. DirecTV,* 450 F.3d 1314, 1318 (11th Cir. 2006); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir. 2006) (noting plaintiff bears ultimate burden of establishing jurisdiction). Dr. Jones's Declaration specifically denies any connection with Florida. He does not live, work, own property, or do business in Florida. (D. Jones Decl. ¶ 4.) He has not been to Florida in over ten years. (*Id.* ¶ 5.) He has never been an owner of InfoWars or Free Speech Systems, had no role in the creation, production, or

dissemination of the statements at issue, and was not even aware of the statements until Plaintiff instituted litigation. (*Id.* ¶¶ 7, 10, 11.) Dr. Jones has "not worked in concert with Mr. Stone or any of the other Defendants or served as an agent of any of the Defendants in making, publishing, or disseminating the allegedly defamatory statements at issue." (*Id.* ¶ 13.)

Florida's jurisdiction statute does not provide a basis for jurisdiction here. Dr. Jones has not engaged in *any* activity in Florida, much less "substantial" activity. Fla. Stat. § 48.193(2). The long-arm statute for causes of action arising from enumerated acts does not apply because Plaintiff does not allege that Dr. Jones made defamatory statements about Plaintiff. *Id.* § 48.193(1)(a)(2).[4] Moreover, in defamation cases involving non-resident defendants, a plaintiff must make a *prima facie* showing that the statements "were not merely accessible to but also '*accessed by a third party in Florida.*'" *Catalyst Pharms. v. Fullerton,* 748 F. App'x 944, 947 (11th Cir. 2018) (*per curiam*) (emphasis in original). Plaintiff makes no such allegation.

To the extent Plaintiff suggests that he has suffered injury in Florida[5] from an act or omission committed elsewhere, pursuant to § 48.193(1)(a)(6), the amendment does not allege that Dr. Jones did anything to cause that injury by any specified act or omission. Plaintiff also does not allege that Dr. Jones "engaged in solicitation or service activities" or "processed, serviced, or manufactured" products, materials, or things that were "used or consumed" in Florida in the "ordinary course of commerce, trade, or use." In fact, the proposed amendment contains no

---

[4] Although Plaintiff has made conclusory assertions of a conspiracy, "vague and conclusory allegations" of conspiracy are insufficient to establish jurisdiction. *Snow,* 450 F.3d at 1318.

[5] There is a serious question as to whether Plaintiff can make such a showing as his claimed Florida citizenship has been called into doubt by Stone, who produced significant evidence that Plaintiff is not a Florida citizen. (Stone Resp. Pl. Mot. Remand (DE 27).) Plaintiff has not produced any evidence to contradict Stone's compelling evidence or established his citizenship at the time of the allegedly defamatory statements in January 2019 or thereafter. If Plaintiff is not a Florida citizen, he cannot establish that he was injured in Florida.

allegations about *any* activity by Dr. Jones in Florida.

It is uncontroverted that Dr. Jones has not operated, conducted, engaged in, or carried on a business in Florida. (D. Jones Decl. ¶ 4.) He has not been in Florida in over ten years. (*Id.* ¶¶ 6, 14, 15, 16.) Dr. Jones did not engage in any act or omission to cause injury to Plaintiff. (*Id.* ¶¶ 10, 14, 15, 16.) Dr. Jones has not personally engaged in solicitation or service activities within Florida or "processed, serviced, or manufactured" products, materials, or things that were "used or consumed" in Florida in the "ordinary course of commerce, trade, or use."[6] (*Id.* ¶ 5.)

Dr. Jones's lack of minimum contacts with Florida provides an additional basis for dismissal. *Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379, 1381-1382 (S.D. Fla. 2004). The proposed amendment contains no allegations of contacts by Dr. Jones with Florida. This is because there are no such contacts. Dr. Jones does not live in Florida, work in Florida, or own or lease property in Florida. (D. Jones Decl. ¶ 4.) He has not personally directed activity at Florida residents that would have given him "fair warning" that he might get sued in Florida. (*Id.* ¶ 16.) Before Plaintiff threatened and then sued Dr. Jones, Dr. Jones does not recall having had any interaction with Plaintiff. (*Id.* ¶ 15.) Thus, there would have been no reason for Dr. Jones to have anticipated that he might be sued by Plaintiff in Florida (*id.* ¶ 16), especially when Plaintiff is already suing Dr. Jones on the same baseless allegations in Texas.

Plaintiff has failed to offer *any* evidence supporting jurisdiction over Dr. Jones. As noted in *Imerys Talc America v. Ricketts,* 262 So. 3d 799 (Fla. 4th DCA 2018), when a defendant

---

[6] To the extent Plaintiff might contend that other Defendants engaged in such activity, "[e]ach defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine,* 465 U.S. 770, 781 n.13 (1984) (noting "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him"); *Doe v. Thompson,* 620 So. 2d 1004, 1006 (Fla. 1993) (holding corporate officer not subject to personal jurisdiction based solely on corporation's contacts with forum).

produces an affidavit refuting jurisdiction, plaintiff is "required to file a counter-affidavit to support h[is] position," which Plaintiff failed to do.[7] *Id.* at 804.

Allowing Plaintiff to file his Amended Complaint against Dr. Jones would therefore be futile given the uncontroverted lack of jurisdiction over Dr. Jones, requiring dismissal.

### B. The Court Should Deny the Amendment as to Dr. Jones Because Plaintiff's Wholly Conclusory Allegations Fail to State a Claim Against Him

To avoid dismissal under Federal Rule 12(b)(6), a complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey v. Energy Transfer Partners,* 610 F.3d 239, 245-46 (5th Cir. 2010). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

Applying these pleading standards, the Amended Complaint, like the Complaint, fails to state a claim against Dr. Jones. First, there are no specific allegations of acts or omissions by Dr. Jones in support of the claims against him. Second, although Plaintiff attempts to ascribe liability to Dr. Jones due to his alleged ownership of Free Speech Systems and InfoWars, Plaintiff has failed to assert any legal theory or offer any allegations that would extend liability of these entities to an owner. Third, although Plaintiff alleges that Dr. Jones is liable for having "ratified" the actions of others, the Amended Complaint, like its predecessor, offers nothing but conclusory assertions about this. *Jones v. Community Redev. Agency,* 733 F.2d 646, 650 (9th Cir. 1984)

---

[7] None of the affidavits offered by Plaintiff has any bearing on personal jurisdiction.

(denying leave to amend where "proposed complaint, like [previous] complaint, contains only 'conclusory allegations, unsupported by facts'").

### 1. Plaintiff's Defamation Claim Fails to Identify Defamatory Statements by Dr. Jones, or A Basis for Liability for Statements of Others

"Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews for Jesus v. Rapp,* 997 So. 2d 1098, 1106 (Fla. 2008). Leaving aside that the statements do not appear to be actionable because they are opinion, rhetorical hyperbole, or not defamatory,[8] Plaintiff's defamation claim against Dr. Jones fails for at least five reasons.

#### a. Plaintiff Failed to Comply with Fla. Stat. § 770.01, A Prerequisite for Filing a Defamation Action in Florida

Florida Statute § 770.01 provides, "Before any civil action is brought for…broadcast…of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the…broadcast and the statements therein which he…alleges to be false and defamatory." "[T]he giving of notice in writing is a condition precedent to suit. *Ross v. Gore,* 48 So. 2d 412, 415 (Fla. 1950). "Failure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." *Mancini v. Personalized AC & Heat.,* 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997). A retraction notice served *after* a defamation complaint is filed does not comply with § 770.01. *Orlando Sports Stadium v. Sentinel Star Co.,* 316 So. 2d 607 (Fla. 4th DCA 1975).

Plaintiff's failure to comply with § 770.01 requires dismissal. Prior to filing suit, he did not serve Dr. Jones or the other Defendants with notice of the "broadcast and the statements therein"

---

[8] Dr. Jones refers the Court to the other Defendants' opposition and previous motion to dismiss (DE 5-1) for a detailed discussion of why the statements are not actionable.

that he alleges were defamatory. The § 770.01 letters attached as Exhibit 3 to the proposed Amended Complaint are dated November 10, 2020—more than six months *after* Plaintiff filed this action on April 28, 2020. The Amended Complaint does not allege any prior § 770.01 notice.[9]

As in *Orlando Sports Stadium,* Plaintiff cannot correct his § 770.01 failure by serving notice after filing suit and attempting to amend his Complaint. 316 So. 2d at 610.

### b.  Plaintiff Does Not Allege that Dr. Jones Defamed Him

The Amended Complaint does not identify *any* allegedly defamatory statements by Dr. Jones and therefore does not satisfy even the first element of a defamation claim. The statements were by Stone on January 18, 2019. (Am. Compl. ¶¶ 35-45.) Thus, Plaintiff's defamation claim fails as to Dr. Jones because it does not identify any defamatory statement by him personally.

### c.  Plaintiff Fails to Allege a Basis for LLC Owner Liability

To the extent Plaintiff (inaccurately)[10] alleges that Dr. Jones is responsible for the statements as an alleged owner of Defendants Free Speech Systems, LLC or InfoWars, LLC, that theory fails as a matter of law. An owner of a Texas limited liability company is not liable for the torts of the entity and cannot be sued in an action against the entity. Tex. Bus. Orgs. Code §§ 101.113, 101.114 (providing "member is not liable for a debt, obligation, or liability of a limited liability company"); *Chico Auto Parts & Serv. v. Crockett,* 512 S.W.3d 560, 570 (Tex. App.—El Paso 2017, pet. denied) (recognizing "fundamental principle of corporate law" that owner shielded from personal liability for entity); Fla. Stat. § 605.0304(1) ("A member…is not personally

---

[9] Although Plaintiff sent emails in 2019, he did not specify broadcast dates or statements even though he was capable of doing so. As in *Rendon v. Bloomberg, L.P.,* "[t]he specificity with which the amended complaint alleges the article's defamatory statement is evidence of the notice [plaintiff] was capable of providing in his pre-suit retraction letter." 403 F. Supp. 3d 1269, 1274 (S.D. Fla. 2019).

[10] Dr. Jones has never been an owner of either entity. (D. Jones Decl. ¶ 7.) Plaintiff's declaration from Kelly Morales undermines Plaintiff's baseless claim of ownership. (Morales Decl. ¶¶ 5, 6.)

liable…for a debt, obligation, or other liability of the company solely by reason of being or acting as a member….”). Plaintiff has not alleged a basis for piercing the corporate veil of these entities to expose their owner to liability. *Crockett,* 512 S.W.3d at 572 (rejecting claim against LLC member where plaintiff failed to allege that it was proceeding against owner on alter-ego theory).

### d.   Plaintiff Fails to Allege Sufficient Facts of a Conspiracy to Defame

Plaintiff claims Dr. Jones is liable for Stone's statements based on conclusory assertions that he was acting "in concert" with the other Defendants. (Am. Compl. ¶¶ 7, 18, 19, 79, 99, 120.) However, under Florida law, "[g]eneral allegations of conspiracy are inadequate." *World Class Yachts v. Murphy,* 731 So. 2d 798, 799 (Fla. 4th DCA 1999). "A civil-conspiracy claim must 'set forth clear, positive, and specific allegations of civil conspiracy.'" *Corbett v. TSA,* 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012) (quoting *Eagletech Communs. v. Bryn Mawr Inv. Gp.,* 79 So. 3d 855 (Fla. 4th DCA 2012)) (finding "nonspecific" allegations insufficient to state conspiracy claim). "Conclusory allegations" of conspiracy are "inadequate"; "the allegations must be clear, positive, and specific." *Cordell Consult. v. Abbott,* 2012 WL 13148744, at *7 (S.D. Fla. July 11, 2012) (quoting *St. Paul Fire & Marine Ins. Co. v. Icard, Merril, Cullis, & Tinn,* 196 So. 2d 219, 222 (Fla. 2d DCA 1967)).

In *Walker v. Beaumont Ind. School Dist.,* the 5th Circuit affirmed the dismissal on the pleadings of conclusory allegations of a conspiracy to ruin the plaintiff's reputation and business through defamation. 938 F.3d 724, 731 (5th Cir. 2019). The court held that the plaintiff's allegations of concerted action were "wholly conclusory and unsupported by facts," warranting dismissal. *Id.* at 738. According to the court: "Such scant assertions are insufficient to allow the court to infer more than the mere possibility of misconduct." *Id.* at 745; *Hourani v. Mirtchev,* 796 F.3d 1, 16 (D.C. Cir. 2015) (finding complaint failed to allege claim for conspiracy to defame where plaintiffs failed to allege factual basis to support conclusory assertion); *Lynch v. Cannatella,*

810 F.2d 1363, 1370 (5th Cir. 1987) ("Bald allegations that a conspiracy existed are insufficient."); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir. 1981) (holding plaintiff "is required to allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim," noting "mere conjecture that there has been a conspiracy is not enough"); *Flowers v. Executive Off. of Pres.,* 142 F. Supp. 2d 38, 47 (D.D.C. 2001) (dismissing conspiracy claim where plaintiff (represented by Larry Klayman) "fail[ed] to allege any facts to support such a claim").

Despite repeatedly alleging that Dr. Jones and the other Defendants were "acting in concert" in publishing defamatory statements about Plaintiff, the Amended Complaint, like its predecessor, is devoid of any specific allegation to support the wholly conclusory assertions.

In addition, to the extent Plaintiff contends that Dr. Jones conspired with Free Speech Systems and fellow employees Alex Jones and Owen Shroyer, such a claim would also be barred by the intra-corporate conspiracy doctrine. That doctrine holds that a corporation cannot conspire with its employees, who, when acting in the scope of their employment, cannot conspire among themselves. *Mancinelli v. Davis*, 217 So. 3d 1034, 1037 (Fla. 4th DCA 2017); *Valdes v. GAB Robins N.A.,* 924 So. 2d 862, 865 (Fla. 3d DCA 2006); *See also McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (The intercorporate conspiracy doctrine "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.")

e.   Plaintiff Fails to Support Conclusory Assertion that Dr. Jones Ratified the Defamatory Statements

Plaintiff's attempt to extend liability to Dr. Jones for having "ratified" Stone's statements fails as well. (Am. Compl. ¶ 7.) The court in *King v. Jarrett,* No. 1:15-CV-491-LY, 2016 WL 11581949, at *6 (W.D. Tex. June 17, 2016), found the plaintiff had failed to state a claim against a corporation for defamation by its employee when the complaint offered "only the conclusory

allegation that '[the corporation] ratified and endorsed the defamation of [plaintiff] by [the employees.]'" The court found "[t]he complaint does not set forth any 'factual content' in support of this assertion, let alone the type of factual content that would allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal,* 556 U.S. at 677).

Plaintiff has offered nothing but conclusory allegations that Dr. Jones "ratified" Stone's statements. Moreover, the link here is even more attenuated than in *King* where the plaintiff sought to hold the employer corporation legally responsible for defamatory statements by employees. Here, Dr. Jones is alleged to be the owner of the corporations and Director of Human Relations for Free Speech Systems—making him at least one step further removed from responsibility.

### 2.   Plaintiff Fails to State a Lanham Act Claim Against Dr. Jones

Plaintiff's Lanham Act claim is premised on his allegedly being a "direct competitor" of Defendants and their allegedly "false and/or misleading statements…that have deceived and/or had the tendency to deceive a substantial segment of the receiving audience." (Am. Compl. ¶ 149.)

Apart from its numerous legal infirmities, Plaintiff's claim fails as to Dr. Jones because Plaintiff has not identified a single statement by him about Plaintiff. Plaintiff has also failed to allege how Dr. Jones competes with Plaintiff. As alleged, Dr. Jones was the Director of Human Relations for Free Speech Systems. (*Id.* ¶ 7.) Plaintiff does not allege (nor could he) that Dr. Jones is a lawyer, pundit, media personality, or author.

As recognized by Judge Altman, there is a serious question as to whether Plaintiff has standing to pursue his Lanham Act claim. (Altman Order at 4 (Ex. 4).) As he noted: "To have standing to bring a claim under the Lanham Act, the Plaintiff's injuries must fall within the 'zone of interests' the statute was intended to protect." (*Id.* (footnote omitted)); *Lexmark Int'l v. Static Control Comps.,* 572 U.S. 118, 130 (2014) (finding "zone-of-interests test…appropriate tool for

determining who may invoke the cause of action in § 1125(a)"). Judge Altman observed that Plaintiff's alleged injury "appears to lie *well* outside the zone of these interests" and "does not plausibly fall within the purview of the Lanham Act's 'zone of interests.'" (Altman Order at 4.)

In addition, § 1125(a) applies only to commercial speech, which is not at issue here. *Tobinick v. Novella,* 848 F.3d 935, 952 (11th Cir. 2017) (finding "magazines and newspapers often have commercial purposes, but those purposes do not convert the individual articles within these editorial sources into commercial speech subject to Lanham Act liability"); *Alliance for Good Government v. Coalition for Better Government,* 901 F.3d 498, 506 n.8 (5th Cir. 2018) (noting section 1125(a) applies only to "commercial advertising and promotion"); *Farah v. Esquire Magazine,* 736 F.3d 528, 541 (D.C. Cir. 2013) ("Every circuit court of appeals to address the scope of these provisions has held that they apply only to commercial speech.").

Plaintiff's proposed amendment fails to state a Lanham Act claim against Dr. Jones.

### 3.   Plaintiff Fails to State a FDUTPA Claim Against Dr. Jones

Plaintiff also asserts a FDUTPA claim based on allegedly "false and/or misleading statements that misrepresent the nature, characteristics, and quality of Plaintiff Klayman's goods or services." (Am. Compl. ¶ 169.) To succeed on a FDUTPA damages claim, a plaintiff must prove that a deceptive act or unfair practice caused damage. *Virgilio v. Ryland Group,* 680 F.3d 1329, 1338 n. 25 (11th Cir. 2012). An unfair practice is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt.,* 842 So. 2d 773, 777 (Fla. 2003) (internal quotations omitted).

Plaintiff has not alleged that Dr. Jones committed any act or practice. To the extent Plaintiff bases his claim on Stone's statements, Dr. Jones is not responsible for them, as discussed above. *See, supra,* pp. 15-17.

In addition, "the single publication doctrine bars actions that 'arise from the same

publication upon which a failed defamation claim is based.'" *Bongino v. Daily Beast Co.,* 2020 WL 6470639, at *6 (S.D. Fla. Aug. 6, 2020) (quoting *Ovadia v. Bloom,* 756 So. 2d 137, 141 (Fla. 3d DCA 2000)) (dismissing FDUTPA claim based on meritless defamation claim). As in *Bongino,* Plaintiff's FDUTPA claim incorporates "the very same facts contained in his defamation count." *Id.* (Am. Compl. ¶¶ 170-84 (basing FDUTPA claim on allegedly defamatory statements from January 18, 2019).) *See Klayman v. Judicial Watch,* 22 F. Supp. 3d 1240, 1256 (S.D. Fla 2014) (dismissing Klayman's ancillary claims premised on same facts as defamation claim).

### 4. Plaintiff Fails to State a Tortious Interference Claim Against Dr. Jones

Plaintiff's proposed tortious interference claim is premised on Defendants' having allegedly "caused to be filed and then financed frivolous bar complaints" against Plaintiff, forcing him "to expend a huge amount of valuable time and resources to defend." (Am. Compl. § 186.) As Plaintiff knows: "A claim for tortious interference with a contract or business relationship requires proof of: '(1) the existence of a business relationship...under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference.'" *Klayman,* 22 F. Supp. 3d at 1255. The proposed amendment fails to identify *any* actual or prospective business relationship or Defendants' knowledge of such a relationship. Plaintiff fails to identify to which bar complaints he is referring, when they were made, how they were frivolous, or any act or omission by Dr. Jones. Plaintiff also fails to identify any business relationship that was affected by "frivolous bar complaints," as opposed to by something else, such as meritorious bar complaints. *See, e.g., In re Klayman,* No. 18-BG-0100 (D.C. June 11, 2020) (suspending Plaintiff for 90 days); *In re Klayman,* No. 17-BD-063 (D.C. Bd Prof. Resp. Oct. 2, 2020) (recommending 18-month suspension of Plaintiff).

The proposed amendment fails to state a claim for tortious interference against Dr. Jones.

## CONCLUSION

The Court dismissed Plaintiff's Complaint finding it to be a "shotgun pleading," as had Judge Altman earlier this year regarding the Complaint in Plaintiff's previous iteration of this case. While the Court gave Plaintiff an opportunity to fix his shotgun-pleading problem, he made superficial changes, and then doubled down on his conclusory, vague, and immaterial allegations.

Allowing Plaintiff to file his Amended Complaint with Dr. Jones as a Defendant would be an exercise in futility as it is uncontroverted that Dr. Jones is not subject to jurisdiction in Florida. Plaintiff has not even *alleged* jurisdiction. Moreover, the proposed amendment, like its predecessor, fails to state a claim against Dr. Jones in any of its counts.

Finally, because Plaintiff is also pursuing an identical case against the same Defendants (plus Stone) in Texas, denying Plaintiff's Motion would not prejudice Plaintiff. Accordingly, the Court should deny Plaintiff's Motion and dismiss Dr. Jones from this action.

Dated:  December 18, 2020                    Respectfully submitted,

                                             */s/Walter J. Taché*_____

David S. Wachen                              Walter J. Taché, Esq.
Admitted *Pro Hac Vice*                      Florida Bar No. 028850
david@wachenlaw.com                          wtache@tachebronis.com
WACHEN LLC                                   service@tachebronis.com
11605 Montague Court                         TACHE, BRONIS, CHRISTIANSON & DESCALZO, P.A.
Potomac, MD  20854                           150 S.E. 2 Avenue, Suite 600
(240) 292-9121                               Miami, Florida 33131
(f) (301) 259-3846                           (305) 537-9565
                                             (f) (305) 537-9567

**COUNSEL FOR DEFENDANT DAVID JONES**

**<u>Certificate of Service</u>**

On December 18, 2020, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

_/s/ Walter J. Taché_
Walter J. Taché