UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-61912-CIV-CANNON

**LARRY KLAYMAN**,

    Plaintiff,
v.

**INFOWARS, LLC**, **et al.**,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND COMPLAINT

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to Amend Complaint (the "Motion") [ECF No. 53], filed on December 4, 2020. The Court has reviewed the Motion, the proposed Amended Complaint [ECF No. 53 pp. 3–43], Defendants' Responses in Opposition to the Motion [ECF Nos. 54–55], and the full record, including the various Notices of Supplemental Authority and Responses Thereto [ECF Nos. 56, 59–63, 70–76]. For the reasons set forth below, Plaintiff's Motion for Leave to Amend Complaint [ECF No. 53] is **DENIED**.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Larry Klayman initiated this action in the Seventeenth Judicial Circuit in and for Broward County, Florida on April 28, 2020, bringing defamation and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claims against InfoWars, LLC, Free Speech Systems, LLC, Alex Jones, David Jones, and Owen Shroyer (the "InfoWars Defendants"), and Roger Stone [ECF No. 1-1]. Those claims were based on statements that Roger Stone made as a guest on *The Alex Jones Show* and *War Room* (shows hosted by Alex Jones and Owen Shroyer, respectively) [ECF No. 1-1 ¶ 33]. The InfoWars Defendants removed the action to federal court

on the basis of diversity jurisdiction under 28 U.S.C. § 1332 [ECF No. 1], and subsequently moved to dismiss the Complaint for lack of jurisdiction and for failure to state a claim [ECF No. 5-1]. Judge Darrin P. Gayles granted the motion to dismiss in part, identifying the Complaint as a shotgun pleading and dismissing it without prejudice [ECF No. 47]. That Order also gave Plaintiff an opportunity to "file a motion requesting leave to amend his complaint, with the proposed amended complaint attached, no later than December 4, 2020" [ECF No. 47]. Plaintiff took advantage of that opportunity, filing the instant Motion [ECF No. 53] with the proposed Amended Complaint contained therein [ECF No. 53 pp. 3–43]. The proposed Amended Complaint omits Roger Stone as a Defendant entirely and adds new claims for tortious interference and violation of the Lanham Act [ECF No. 53 pp. 3–43]. Specifically, the Amended Complaint accuses the InfoWars Defendants of violating federal and state law by publishing Roger Stone's disparaging statements about Plaintiff and by causing frivolous bar complaints to be filed by non-parties against Plaintiff. The InfoWars Defendants filed Responses in Opposition to the Motion [ECF Nos. 54–55], arguing that amendment would be futile. The parties filed Notices of Supplemental Authority and Responses Thereto [ECF Nos. 56, 59–63, 70–76]. The Motion is ripe for adjudication.

**LEGAL STANDARD**

Courts need not grant leave to amend "where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment is futile where "'the complaint as amended is still subject to dismissal' because, for example, it fails to state a claim for relief." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)).

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288–90 (11th Cir. 2010). Moreover, when reviewing a motion to dismiss, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Iqbal*, 556 U.S. at 678; *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). A court is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See, e.g.*, *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

"Shotgun pleadings" violate Rule 8(a)(2). *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings," including: (1) a complaint "containing multiple counts where

each count adopts the allegations of all preceding counts," (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief," and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. More broadly, "[a] dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

## DISCUSSION

Plaintiff's proposed Amended Complaint seeks to bring the following claims against each of the InfoWars Defendants: defamation (Count I), defamation per se (Count II), defamation by implication (Count III), false advertising in violation of the Lanham Act (Count IV), violation of FDUTPA (Count V), and tortious interference (Count VI) [ECF No. 53 pp. 17–43]. The InfoWars Defendants raise a variety of arguments in opposition to the Motion, some of which are Defendant-specific [ECF Nos. 54–55]. The primary thrust of their responses, however, is that amendment is futile because the proposed Amended Complaint constitutes a shotgun pleading and fails to state any claim under Rule 12(b)(6). The Court agrees.

The proposed Amended Complaint is a shotgun pleading because it is "replete with conclusory, vague, and immaterial facts." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). For example, the Amended Complaint discusses the Mueller

investigation and the criminal prosecution of Roger Stone at length [ECF No. 53 pp. 5, 7–10][1]; references Roger Stone's comments about "Mafia figures" [ECF No. 53 p. 5]; expressly incorporates allegations regarding an inheritance dispute between Defendant Alex Jones and his ex-wife [ECF No. 53 p. 15]; introduces non-party Michael Flynn's views of a former client (another non-party) [ECF No. 53 p. 17]; and accuses the InfoWars Defendants of selling "questionable if not bogus" products [ECF No. 53 p. 7]. Any connections that the Amended Complaint purports to draw between these immaterial allegations and the claims at issue are tenuous, at best. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (recognizing that pleadings are defective when any material allegations "are buried beneath innumerable pages of rambling irrelevancies"). Further, the Amended Complaint repeats, at numerous points, the conclusory and vague allegation that *each* of the InfoWars Defendants is liable for publishing and ratifying *all* of the statements by Roger Stone that are at issue [ECF No. 53 pp. 5, 7, 9–14, 16, 19–21, 23–30, 32–36, 38–41]. The Amended Complaint does so without providing any meaningful distinctions between the statements made or defendants being sued, leaving the Court to speculate as to the involvement of each Defendant in the publication of each statement. Moreover, the Amended Complaint accuses the InfoWars Defendants of engaging in "fraudulent behaviors . . . for profit," without attempting to tie that accusation to any of the proposed causes of action [ECF No. 53 p. 6]. These improper allegations are scattered throughout,[2] and whatever

---

[1] The Amended Complaint accuses the InfoWars Defendants of being part of a conspiracy with Roger Stone to influence the Mueller investigation and to coerce false testimony in violation of 18 U.S.C. § 1512 [ECF No. 53 pp. 7, 9].

[2] The Court also notes that the Amended Complaint, as a general matter, contains other questionable passages: it appears to erroneously reference a second plaintiff at one point [ECF No. 53 p. 4]; it repeats many allegations over and over again, verbatim, rather than simply reincorporate them into the relevant counts [*see* ECF No. 53 pp. 19–21, 23–25, 28–30, 33–34, 38–40]; and it is littered with personal insults directed at Plaintiff's enemies, bearing no

proper allegations the Amended Complaint does bring fail to state any plausible claims against the InfoWars Defendants.

The Amended Complaint tries to tell a story of an interconnected web of unlawful actions, but leaves readers entirely confused as to the role(s) played by each Defendant and why the obvious main characters are excluded from this action. Moreover, nearly all of the disparaging statements underlying Counts I–V simply express opinions and insults about Plaintiff, rather than actionable false or misleading statements of fact.[3] The two statements that carry greater significance are Roger Stone's alleged representations during an episode of *War Room* that Plaintiff was ousted from Judicial Watch because of a sexual harassment complaint and that Plaintiff has "never actually won a courtroom victory in his life" [ECF No. 53 pp. 12–13], but those statements are hamstrung for purposes of this action by the Amended Complaint's total failure to describe, with any detail, the relevant acts and/or omissions of each of the InfoWars Defendants. Count VI, meanwhile, is rooted in allegations that the InfoWars Defendants, as a group, "caused to be filed

---

meaningful connection to the proposed claims [ECF No. 53 p. 4 (calling Defendant Alex Jones an "extreme and totally discredited 'conspiracy theorist'"); ECF No. 53 p. 5 (calling Roger Stone a "[d]irty [t]rickster" who patterns himself after "unsavory persons"); ECF No. 53 p. 11 (referring to the InfoWars Defendants' online content as a "cancerous virus"); ECF No. 53 p. 17 (identifying non-parties by name and calling one a "convicted felon" and the other "a widely recognized fraudster," and then citing Wikipedia)].

[3] The Amended Complaint alleges that the InfoWars Defendants are liable for publishing the following statements by Roger Stone:

> "[Plaintiff is] incompetent, he's a numbskull, he's an idiot, he's an egomaniac, and he could be the worst lawyer in America. With him as Jerry Corsi's lawyer, Corsi may get the electric chair. So your idea that he's a good guy is entirely wrong" [ECF No. 53 p. 13];

> "[Plaintiff is a] piece of garbage" [ECF No. 53 p. 14]; and

> "For those people out there who think . . . that [Plaintiff's] IQ is higher than 70, you're wrong . . . ." [ECF No. 53 p. 14].

and then financed frivolous bar complaints from Pete Santilli and Dennis Montgomery" [ECF No. 53 p. 41]. Absent from Count VI is any allegation plausibly tying the InfoWars Defendants to those bar complaints.[4] Thus, the proposed Amended Complaint, as a whole, would be subject to dismissal under Rule 12(b)(6) if filed.

The shotgun nature of the proposed Amended Complaint is reason enough to deny the instant Motion and dismiss this action. As the Eleventh Circuit has recognized, district courts ought to give plaintiffs an opportunity to replead after dismissing a shotgun pleading, but need not "endure endless shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018); *see Weiland*, 792 F.3d at 1321 n.10 ("Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket."). In this case, Judge Gayles previously dismissed Plaintiff's Complaint for being a "shotgun pleading" and drew Plaintiff's attention to the four types of shotgun pleading identified in *Weiland* [ECF No. 47]. Moreover, in a separate action brought by Plaintiff against the same Defendants, Judge Altman held that Plaintiff's complaint—which was substantially identical to the one proposed here—constituted a shotgun pleading because it was "littered with ostentatious irrelevancy." *Klayman v. Infowars,*

---

[4] The Amended Complaint alleges that Defendant Alex Jones "[told] Pete Santilli that [Roger] Stone recommended him" [ECF No. 53 p. 41]. The Amended Complaint also alleges that, during a deposition in another case, Plaintiff and Roger Stone shared the following exchange:

> Plaintiff: I look forward to having you there.
> Roger Stone: Yeah, me too.
> Plaintiff: If you're not in prison at that time.
> Roger Stone: If you're not disbarred by then.

[ECF No. 53 p. 41]. These allegations, which make up the entirety of the Amended Complaint's attempts to connect the InfoWars Defendants to the bar complaints at issue, do not support a plausible claim of tortious interference by the InfoWars Defendants.

*LLC et al.*, No. 20-80614-CV-RKA, ECF No. 4 p. 2 (S.D. Fla. Apr. 13, 2020).[5] Therefore, Plaintiff has been given multiple opportunities to file a pleading that complies with Rule 8, and has been put on notice as to what constitutes a shotgun pleading, but again has failed to present the Court with a permissible pleading. No additional opportunity to replead is warranted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to Amend Complaint [ECF No. 53] is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 25th day of March 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

---

[5] Rather than file an amended complaint in that action, Plaintiff chose to voluntarily dismiss the matter pursuant to Rule 41(a)(1)(A)(i). *See Klayman*, No. 20-80614-CV-RKA, ECF Nos. 5–6. Two weeks later, Plaintiff initiated this action in state court [ECF No. 1-1].