UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-61912-CIV-CANNON

**LARRY KLAYMAN**,

 Plaintiff,

v.

**INFOWARS, LLC**, **et al.**,

 Defendants.
_____/

## ORDER DENYING RECONSIDERATION

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Reconsideration of Order Denying Leave to Amend (the "Motion for Reconsideration") [ECF No. 80], filed on March 29, 2022. The Court has reviewed the Motion for Reconsideration, Defendants' Responses in Opposition [ECF Nos. 81, 82], and the full record. Following review, Plaintiff's Motion for Reconsideration [ECF No. 80] is **DENIED**.

\*\*\*

On December 4, 2020, Plaintiff filed a Motion for Leave to Amend Complaint, which contained a copy of the proposed Amended Complaint [ECF No. 53]. The Court entered an Order denying that motion and dismissing the action with prejudice [ECF No. 77]. In that Order, the Court determined that the proposed Amended Complaint constituted a second shotgun pleading and failed to state any claim for relief [ECF No. 77]. Plaintiff seeks reconsideration of that Order, arguing that the Court's conclusions are erroneous and that, in any event, the Court should have provided Plaintiff an additional opportunity to replead his claims [ECF No. 80].

Three grounds justify reconsideration of an earlier order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004). A motion for reconsideration is not a tool for relitigating what a court has already decided. *See Reyher v. Equitable Life Assurance Soc'y,* 900 F. Supp. 428, 430 (M.D. Fla. 1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted). Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." *Williams,* 320 F. Supp. 2d at 1358 (internal quotation marks omitted).

Plaintiff argues that reconsideration is warranted to correct clear error and to prevent manifest injustice [ECF No. 80]. Plaintiff insists that his proposed Amended Complaint is not a shotgun pleading and that, instead, it merely provides "necessary" background facts to "add context" to its legal analysis [ECF No. 80]. Plaintiff then endeavors to explain and supplement this "context" in the Motion for Reconsideration [ECF No. 80 pp. 1–3]. The Court has reviewed the Motion for Reconsideration and the proposed Amended Complaint, including the "context" provided in both, and sees no basis to reconsider its earlier Order denying leave to amend and dismissing this action. The "context" offered by Plaintiff concerns wide-ranging allegations about a former Defendant in this action, Roger Stone,[1] and his political influence, his personal

---

[1] Roger Stone was a named defendant in the original Complaint but was dismissed from the action due to Plaintiff's untimely service [ECF Nos. 1-1, 46]. Judge Darrin P. Gayles then dismissed the original complaint against Defendants InfoWars LLC, Free Speech Systems LLC, Alex Jones, David Jones, and Owen Shroyer [ECF No. 47]. Roger Stone is not a named Defendant in the proposed Amended Complaint [ECF No. 53].

2

relationships, and his legal battles.[2]   None of this "context"—described generously—cures the obvious legal deficiencies with Plaintiff's proposed Amended Compliant, which fails to adequately state claims and, like the original Complaint dismissed by Judge Gayles, constitutes a shotgun pleading [ECF Nos. 47, 53; Fed. R. Civ. P. 12(b)(6)].

Plaintiff also avers that the proposed Amended Complaint "very clearly and in extreme detail . . . set forth the roles that each of the individual Defendants played in the defamation" [ECF No. 80]. Not so. Rather than explain each Defendant's particularized connection to each allegedly defamatory statement, the proposed Amended Complaint paints in broad, conclusory strokes [*see* ECF No. 53 pp. 6, 18, 21 (alleging, in broad terms, that Defendant David Jones helps run InfoWars, and then concluding that he ratified all of the statements at issue, without any further detail)]. Nor does it clarify whether Plaintiff's claims arise from statements made during both *The Alex Jones Show* and *War Room*, or during *War Room* only [*compare* ECF No. 53 pp. 17–18 ("Stone has appeared numerous times on . . . *The Alex Jones Show* and The *War Room* . . . where numerous false, misleading, malicious and defamatory statements . . . concerning Plaintiff were made . . . .") *with* ECF No. 80 p. 3 ("The defamatory statements at issue were made on *The War Room* with Defendant Owen Shroyer . . . .")]. In light of these deficiencies and the deficiencies identified in greater detail in the Court's Order [ECF No. 77], the Court sees no basis to reconsider its earlier determination that the proposed Amended Complaint does not comply with Federal Rules of Civil Procedure 8(a) and 12(b)(6). *See* Fed. R. Civ. P. 8(a), 12(b)(6).

---

[2] Plaintiff describes, among various statements, Roger Stone's "omnipresent" influence and "aura" in politics, the beginning of Stone's relationship to Plaintiff dating back to the 1990s, a Netflix documentary about Roger Stone, and Roger Stone's criminal prosecution [ECF No. 80 pp. 1–3; ECF No. 53 pp. 5, 7–10, 15].

As a final argument, Plaintiff maintains that "[t]he Court, at a minimum, should have . . . granted leave to amend in the interests of justice" [ECF No. 80 p. 6]. The Court disagrees, for two reasons.

First, as the Court explains in the Order, "Plaintiff has been given multiple opportunities to file a pleading [in connection with these claims] that complies with Rule 8, and has been put on notice as to what constitutes a shotgun pleading" [ECF No. 77 p. 8]. In a previous action, Judge Roy K. Altman found a substantially similar complaint, filed by Plaintiff, to be a shotgun pleading because it was "littered with ostentatious irrelevancy." *Klayman v. Infowars, LLC et al.*, No. 20-80614-CIV-RKA, ECF No. 4 p. 2 (S.D. Fla. Apr. 13, 2020). And in this action, Judge Gayles found Plaintiff's initial complaint to constitute a shotgun pleading because, at the very least, it "contain[ed] multiple counts where each count adopt[ed] the allegations of all preceding counts" [ECF No. 47]. Both of those decisions directed Plaintiff to consider the Eleventh Circuit's explanation of shotgun pleadings in *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015), but Plaintiff repeatedly failed to do so. Plaintiff's instant attempt to invoke Rule 15(a)(2) is unpersuasive; justice does not require that the Court afford Plaintiff an infinite number of opportunities to replead these claims. *See* Fed. R. Civ. P. 15(a)(2); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018) (recognizing that litigants are not entitled to another chance to replead when they have already been given an opportunity to correct the identified shotgun pleading issues and instructions on how to do so); *Klayman v. DeLuca*, 712 F. App'x 930, 933 (11th Cir. 2017) (affirming the district court's recognition of Plaintiff as a "vexatious litigant").

Second, Plaintiff asserts that the issues plaguing the proposed Amended Complaint "could easily have been mooted out with a simple amendment" [ECF No. 80 p. 6], but he fails to provide

4

any further detail on how he could state a plausible, "non-shotgun" claim against the remaining Defendants based on his various theories of defamation, unfair competition, and tortious interference [ECF No. 53].

Lastly, the Court notes that Plaintiff never filed any replies to Defendants' challenges to the proposed Amended Complaint [*see* ECF Nos. 54, 55 (arguing that the proposed Amended Complaint fails to state claims and constitutes a shotgun pleading)]. Motions for reconsideration are not tools to "raise argument[s] . . . that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Thus, to the extent Plaintiff now raises arguments that could have been presented in a reply, the Motion for Reconsideration is improper.

Plaintiff has not shown that the Court's decision to dismiss with prejudice was erroneous. Reconsideration of the Court's Order [ECF No. 77] is unwarranted.

*** 

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Reconsideration [ECF No. 80] is **DENIED**.
2. Plaintiff's Request for Disclosure [ECF No. 78] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 13th day of April 2022.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record